**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| **JARED L. WISE,** | : | **18 U.S.C. § 1752(a)(1)** |
| | : | **(Entering and Remaining in a Restricted** |
| Defendant. | : | **Building or Grounds)** |
| | : | |
| | : | **18 U.S.C. § 1752(a)(2)** |
| | : | **(Disorderly and Disruptive Conduct in a** |
| | : | **Restricted Building or Grounds)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(D)** |
| | : | **(Disorderly or Disruptive Conduct in** |
| | : | **Capitol Grounds or Buildings)** |
| | : | |
| | : | **40 U.S.C. § 5104(e)(2)(G)** |
| | : | **(Parading, Demonstrating, or Picketing in** |
| | : | **Capitol Grounds or Buildings)** |
| | : | |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. In support thereof, the government states as follows:

1. The United States is investigating allegations that Jared L. Wise willfully participated in violent and disorderly conduct in violation of 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. § 5104(e)(2)(D) and (G).

1

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant. The Government also anticipates imminently obtaining one or more search warrants for items believed to be in the defendant's possession. Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in <u>Washington Post v. Robinson</u>, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Id.</u> at 290 (quoting <u>Oregonian Pub. Co. v. United States Dist. Court</u>, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of <u>Washington Post</u> would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion

or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                United States Attorney
                                DC Bar No. 481052

By:    /s/ *Anthony W. Mariano*
        Anthony W. Mariano, MA Bar No. 688559
        Trial Attorney, Detailee
        U.S. Attorney's Office
        for the District of Columbia
        601 D Street NW
        Washington, D.C. 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov