Kurt David Hermansen, CA Bar # 166349
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kurt_Hermansen@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br>                              Plaintiff, <br><br> v. <br><br> **JARED LANE WISE**, <br><br>                              Defendant. | 1:23-cr-00184-RDM <br><br> **MOTION OPPOSING THE GOVERNMENT'S PROPOSED PROTECTIVE ORDER GOVERNING DISCOVERY** |

**Defense Opposition to Government's Proposed Protective Order**

The government is seeking a "Protective Order Governing Discovery" (Protective Order) in Mr. Jared Wise's case. *See* Ex. A. Through counsel, Mr. Wise hereby opposes the government's proposed Protective Order. The proposed Protective Order is an effort by the government to impose improper restrictions on the discovery process and control the narrative relating to Mr. Wise's alleged offenses. The government fails to demonstrate

good cause for the broad Protective Order, and the proposed terms would infringe on Mr. Wise's constitutionally guaranteed rights under the Sixth Amendment.

**Argument**

Here, the proposed Protective Order would relieve the government of its burden to show good cause and would unconstitutionally interfere with Mr. Wise's ability to participate in his defense. For example, paragraph 6.a. of the proposed Protective Order would unduly delay trial and burden the defense function by limiting Mr. Wise's access to discovery. In pertinent part, that paragraph provides: "Defense counsel *may not provide a copy of Highly Sensitive materials to Defendant or permit Defendant to view such materials unsupervised* by defense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel." Ex. A at p. 3. In addition, the proposed Protective Order grants the government too much discretion by listing materials subject to the proposed Protective Order with the following cavernous caveat: "Examples of materials that the United States may designate as "Sensitive" or "Highly Sensitive" pursuant to this Order *include but are not limited to…*" Ex. A at p.1 (emphasis added). Moreover, the government's list of materials it wants protected includes items (such as "Surveillance camera footage from the U.S. Capitol Police's extensive system of cameras on U.S. Capitol grounds") for which it fails to make a particularized, specific showing of good cause for keeping that evidence secret.

A protective order is appropriate only when it is issued for "good cause." Fed. R. Crim. P. 16(d). Absent that showing, Federal Rule of Criminal Procedure 16(a) requires

the Government to produce — without a protective order — any documents and data that are material to preparing the defense. *See* Fed. R. Crim. P. 16(a)(1)(A)-(G).

Here, as the party seeking a protective order, the government bears the burden of showing that good cause exists for its issuance. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). And good cause requires agreement of the parties or a "particularized, specific showing," *id.*, before a district court can enter a tailored protective order that is subject to "Sixth Amendment limitations." *United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015).

"In determining whether good cause exists, courts have considered whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Dixon*, 355 F. Supp. 3d at 4. To avoid violating the Sixth Amendment, a protective order and the district court's management of the order should reflect an appropriate balancing of interests tailored to the case-specific context. *Cordova*, 806 F.3d at 1090.

Here, all three *Dixon* factors weigh against the government. First, the government has not shown that disclosure of discovery materials would pose a hazard to others. Second, the government has not shown that Mr. Wise would not be prejudiced by the proposed Protective Order. Third, the public's interest in disclosure outweighs the unstated, and unproven, possible harm. This is especially true for surveillance camera footage from the U.S. Capitol Police's extensive system of cameras on U.S. Capitol grounds. Because that

surveillance system has presumably been revamped and upgraded following the events of January 6, national security would not suffer from releasing historical footage from January 6, 2021.

Courts also consider "the safety of witnesses and others, a particular danger of perjury or witness intimidation, and the protection of information vital to national security." *Cordova*, 806 F.3d at 1090 (cleaned up). In addition, when considering the need for a protective order against the potential constitutional prejudice to a defendant, courts have considered "the nature and circumstances of the alleged crime and the Defendant's criminal history." *Dixon*, 355 F. Supp. 3d at 4.

Here, the safety of witnesses and others is not an issue as shown by the huge number of January 6 trials so far and based on Mr. Wise's law-abiding life. Based on those same considerations, the government cannot show a particular danger of perjury or witness intimidation. And no facts demonstrate a need to protect information vital to national security. Regarding the nature and circumstances of the alleged crime, Mr. Wise did not assault or harm anyone or anything. The government does not allege otherwise. And Mr. Wise's complete lack of criminal history also weighs against restricting his access to discovery. Mr. Wise is a 50-year-old man with a long history of civil service and no previous criminal history whatsoever. During his 13-year tenure at the FBI, Mr. Wise obtained and held a Top Secret/Sensitive Compartmented Information (TS/SCI) clearance. The government has not made an argument that justifies the broad restrictions on discovery it proposes in Mr. Wise's case given his life-long law-abiding nature before and after

January 6, 2021. The proposed Protective Order would unduly restrict his constitutional rights and improperly allows the government control over the discovery process.

The Sixth Amendment dictates that a defendant's ability to participate in their defense cannot be unduly restricted. *United States v. Eniola*, 893 F.2d 383, 387 (D.C. Cir. 1990) (protective orders cannot impinge on defense counsel's ability to confer with the client on critical aspects of the defense, given that the Sixth Amendment "protects the defendant against intrusions that could inhibit the free exchange of information between attorney and client").

To prevent undue restrictions, the government's good-cause burden requires a "particularized, specific showing," and "the level of particularity required [to show good cause] depends on the nature and type of protective order at issue." *Dixon*, 355 F. Supp. 3d at 4 (cleaned up). Moreover, a proposed protective order's restrictions must be "carefully tailored and limited" to avoid unduly restricting a defendant's ability to consult with his attorney regarding discovery. *United States v. Moussaoui*, 591 F.3d 263, 289 (4th Cir. 2010) (cleaned up). Even in the civil context where Sixth Amendment concerns aren't implicated: "The party seeking a protective order bears the burden of proving its necessity and must articulate specific facts showing *clearly defined and serious injury* resulting from the discovery sought." *United States v. One Gulfstream G-V Jet Aircraft Displaying Tail No. VPCES*, 304 F.R.D. 10, 12 (D.D.C. 2014) (cleaned up and emphasis added). Here, the proposed Protective Order fails because it is not carefully tailored and limited and because

the government cannot articulate specific facts showing *clearly defined and serious injury* would result from disclosing discovery to Mr. Wise without the proposed Protective Order.

Mr. Wise's ability to participate in his defense would be unduly restricted by the proposed Protective Order. Through their unchecked ability to classify broad swaths of discovery as "Sensitive" or "Highly Sensitive," the government can restrict Mr. Wise's access to information based on subjective or speculative classifications. This would deprive Mr. Wise of his constitutional right to have free exchange of information with his attorney. There are also the practical considerations associated with the proposed processes. Under the proposed terms of the Protective Order, Mr. Wise would have to drive six-hours round trip to review discovery under the supervision of a member of the "legal defense team," Ex. A p. 2, unless invasive and constitutionally dubious alternative arrangements could be made with the government.[1]

Through the terms of the proposed Protective Order, the government seeks unilateral control over the discovery process, restricting Mr. Wise's access to information that is necessary for his defense, thereby infringing his Sixth Amendment right to counsel.

---

[1] Paragraph 6.a. of the proposed Protective Order stipulates that the defense team "may supervise Defendant by allowing access to Highly Sensitive materials through a cloud-based delivery system that permits Defendant to view the materials but does not permit Defendant the ability to download; provided that, *prior to doing so, defense counsel first provides notice to the United States* and allow the United States to file an objection with the Court if no agreement is reached." Ex. A at p. 4 (emphasis added). This proviso is overly burdensome and invades the attorney-client relationship. Notice to the government under Paragraph 6.a. would also provide non-reciprocal discovery in violation of due process. *See Wardius v. Oregon*, 412 U.S. 470, 472 (1973) (holding that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi notification rules unless reciprocal discovery rights are given to criminal defendants).

The government acknowledges that "the burden of demonstrating the need for a protective order remains with the government at all times." Ex. A at p. 5, ¶ 9. Yet, it fails to make a specific, particularized argument in Mr. Wise's case. The government is advancing a template that would serve to maintain secrecy surrounding the events of January 6, 2021, while failing to provide any specific facts that demonstrate that a specific harm would occur in the absence of a protective order in Mr. Wise's particular case.

Mr. Wise is not alleged to have engaged in a conspiracy, nor is there any argument that he poses a threat to any individual or national security. The government seeks to burden the defense with obligations to protect unidentified and unspecified discovery without advancing a clear and specific reason why this is necessary in the present case.

The government may have specific pieces of discovery for which it could satisfy the particularized and specific standards to establish good cause for a limited protective order. But the proposed Protective Order is not narrowly tailored to avoid any specific harm and would grant the government broad discretion to place limitations on Mr. Wise's access to discovery.

Notably, the government has already demonstrated that it should not be trusted with such broad discretion in limiting defendants' access to evidence. In another January 6th case, the government used the "Sensitive" and "Highly Sensitive" classifications to redact Twitter handles on tweets that remain public and on the identities of media members. *United States v. Gossjankowski*, 1:21-cr-00123-PLF, ECF No. 25, at pp. 1–2. The arbitrary and improper use of the proposed classification system is concerning considering the

potential for the government to burden Mr. Wise with the onerous task of challenging any improper classification. In practice, the proposed classification process would absolve the government of its burden and force Mr. Wise to overcome a de facto presumption of good cause for the government's restrictions on his access to discovery.

## Conclusion

Because the government has not made a particularized and specific showing of good cause, the Court should order that discovery be produced to Mr. Wise without a protective order.

Rather than issuing a blanket protective order that gives the government unilateral control of sensitivity designations, the Court should determine whether the government's "Sensitive" and "Highly Sensitive" designations are justified. The Court can do so in various ways. For example, the government could produce to the Court under seal the evidence it alleges is "Sensitive" or "Highly Sensitive" for the Court to determine — based on in camera review of specific materials submitted to the Court by the government — whether such designations are warranted. Alternatively, the government could present the Court with a particularized, specific showing that satisfies the good cause requirement.

Respectfully submitted: June 30, 2023.

*s/ Kurt David Hermansen*
Kurt David Hermansen
Supervisory Assistant Federal Public Defender