Kurt David Hermansen, CA Bar # 166349
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
Kurt_Hermansen@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA, | 1:23-cr-00184-RDM |
|---|---|
| Plaintiff, | |
| v. | DEFENSE REPLY TO THE GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER AND MEMORANDUM IN OPPOSITION |
| JARED LANE WISE, | |
| Defendant. | |

The defendant, Mr. Jared Wise, by and through his counsel, respectfully requests the Court to deny the government's motion for a protective order and specifically decline to issue the government's outdated, boilerplate proposed protective order. The proposed protective order imposes improper restrictions on the discovery process, unduly prejudices Mr. Wise, and infringes on his constitutionally guaranteed Sixth Amendment rights. The government's motion, ECF 14, errs in several ways and fails to demonstrate good cause for the broad protective order. Significantly, the motion fails to state any particularized

reasoning or examples that pertain to Mr. Wise's case and fails to respond to any of the concerns raised in the defendant's motion opposing the protective order, ECF 11.

## Argument

The government's motion for a protective order fails to show good cause for the stale, boilerplate protective order the government has submitted here. Arguably, the protective order may have been somewhat justifiable closer in time to the January 6, 2021 protest events, but not now, this far into 2023. The government bears the burden of making a "particularized, specific showing" of good cause for keeping the enumerated list of materials in the protective order secret. *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019). In *Dixon*, the court identified three factors that must be balanced against each other in a good cause determination: "whether (1) disclosure of the materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Id.* In determining possible harm, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018) (citing *United States v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007)).

All three *Dixon* factors weigh against the broad protective order. The government failed to specifically allege how disclosure in this case would harm others. It also failed to describe how the public and the defendant's interest in disclosure do not outweigh these

Defense Reply to the Government's Motion for Protective Order

possible harms. Therefore, the government has not met its burden of showing good cause for the broad protective order.

## I. The Government's Broad Allegations of Harm Lack Specificity and Do Not Support Good Cause for the Protective Order.

First, the government has not proved that the disclosure of the materials at issue would pose a significant hazard to others or that a protective order is necessary to prevent such harms. In its generic motion, the government argues that the broad protective order is appropriate to protect witness security, personal identifying information, and the integrity of ongoing investigations, among other concerns. ECF 14 at 4–5. These are broad allegations of harm that do not support good cause because they lack any specificity. The government has not provided any specific examples or articulated reasoning describing how these concerns are implicated in Mr. Wise's case; instead, the government's motion simply recycles the same old, outdated template arguments they have used in unrelated January 6 cases.

As the government notes, the proposed protective order has been entered in nearly 1,000 criminal cases related to the events of January 6, 2021. ECF 14 at 1. This is cause for concern. Though the government is correct that broadly using the same order in hundreds of different cases is efficient for the government, such a practice fails to account for how circumstances have changed since the government began prosecuting January 6 defendants back in the beginning of 2021. Extensive documentaries and online archives have publicized the events of January 6, including footage and blueprints from within the

Defense Reply to the Government's Motion for Protective Order

Capitol;[1] the political administration has changed; and Capitol police have upgraded their security measures.[2] Despite these developments, the proposed protective order in this case is virtually identical to those being issued in early 2021. *See, e.g.,* ECF 26, March 29, 2021 Protective Order, *United States v. McCaughey, III et al.*, Case No. 1:21-cr-00111-RMM.

The motion for a protective order filed in this case, ECF 14, is largely a copy-and-paste job from prior January 6 cases. The same language is also seen in motions from early 2021. *See, e.g.,* ECF 10, March 27, 2021 Motion, *United States v. Alberts*, Case No. 1:21-cr-00026-CRC. Nothing in the government's current motion is updated or particularized toward Mr. Wise whatsoever. This is especially concerning because the government's motion (ECF 14) was filed *after* the defense filed its opposition to the protective order (ECF 11). The government had the opportunity to respond to Mr. Wise's specific concerns regarding the protective order, but instead filed an old, unresponsive, boilerplate motion in support.

Blanket motions and orders also fail to address the spectrum of offenses that occurred on January 6, 2021. The government alleges that a protective order is necessary for witness safety, especially against perjury or intimidation, and the protection of information vital to national security. ECF 14 at 6. However, the government is not distinguishing

---

[1] *See* HBO documentary, *Four Hours at the Capitol* (Oct. 2021); *see also* ProPublica, *What Parler Saw During the Attack on the Capitol* (Jan. 17, 2021), https://projects.propublica.org/parler-capitol-videos; ProPublica, *Video Evidence Shown in the Capitol Insurrection Criminal Cases* (last updated Sept. 9, 2022), https://projects.propublica.org/jan-6-video-evidence.

[2] *See* United States Capitol Police, Press Release, *Two Years of Hard Work: A Message from U.S. Capitol Police Chief Tom Manger* (Jan. 2, 2023), https://www.uscp.gov/media-center/press-releases/two-years-hard-work-message-us-capitol-police-chief-tom-manger.

Defense Reply to the Government's Motion for Protective Order

between the violent orchestrators of January 6 who brought weapons to the Capitol and assaulted police, versus those who merely showed up to support then President Trump without assaulting anyone and without destroying any property. The proposed protective order in this case is the same as those filed against some of the most severe January 6 offenders, including Robert Palmer, who allegedly assaulted police with a fire extinguisher, and Kyle Fitzsimons, who assaulted multiple Capitol police officers causing permanent injuries requiring surgery. ECF 13, May 5, 2021 Protective Order and ECF 1, March 12, 2021 Complaint, *United States v. Palmer*, Case No. 1:21-cr-00328-TSC; ECF 11, Apr. 4, 2021 Protective Order and ECF 106, Sept. 27, 2022 Bench Verdict, *United States v. Fitzsimons*, Case No. 1:21-cr-00158-RC.

Meanwhile, Mr. Wise has zero criminal history aside from the allegations at issue. Mr. Wise was an FBI agent for thirteen years where he was trusted with top secret information. ECF 11 at 4. Nothing indicates that any witnesses, individuals, or other sources of evidence need protection or kept secret from Mr. Wise, and it is unreasonable for Mr. Wise to face the same restrictions as those accused of violent conduct.

Additionally, the motion and order fail to specify which materials the defendant can expect the government to designate as sensitive or highly sensitive. The government has investigated and prosecuted around one thousand January 6 defendants. *See* ECF 14 at 1. Two-and-a-half years have passed since the events of January 6, 2021. The government should reasonably know what it expects to produce and therefore should be able to justify which materials are "Sensitive" or "Highly Sensitive" and why. Instead, it grants itself

unfettered discretion to designate any of the materials they provide as sensitive. ECF 14-1 at 1.

In its motion, the government merely described the events of January 6 without stating any specific examples or articulated reasonings as to why Mr. Wise's case specifically requires a protective order. ECF 14. The government has not tailored its motion or proposed order to fit the facts of this case. Instead, using recycled a motion and order, the government fails to fulfill its obligations under *Dixon*. Specifically, the government's boilerplate filings fail to support a finding by this Court of good cause sufficient to justify governmental secrecy in Mr. Wise's 2023 "J6"[3] prosecution because ECF 14 lacks a particularized and specific showing sufficient to justify the broad protective order.

## II. The Protective Order Prejudices and Burdens the Defendant, Outweighing the Government's Need for the Order.

Second, the broad protective order is both inefficient and burdensome for Mr. Wise. The government argues that the protective order is reasonable as the defense may petition the government to remove sensitivity designations upon dispute. ECF 14 ¶ 10. However, this gives the government complete discretion to deem any material as sensitive or highly sensitive, which shifts its burden to the defendant who then has to challenge any such designation. ECF 14-1 ¶ 8. The government claims that, with a protective order, the burden of proof still lies with the government. ECF 14 ¶ 10. This is not true; in every practicable

---

[3] "J6" refers to January 6, 2021, and specifically the events that transpired that day at the U.S. Capitol Building.

Defense Reply to the Government's Motion for Protective Order

sense, the proposed protective order allows the government to unilaterally deem which materially is sensitive, and the burden lies on the defendant to challenge such designations.

The protective order's requirement that Mr. Wise view "Highly Sensitive" materials in the presence of his attorney is particularly burdensome. ECF 14-1 ¶ 6(a). Mr. Wise lives in Bend, Oregon, 130 miles away from the federal public defender's office in Eugene, Oregon. This is approximately a six-hour round trip drive through high mountain passes that may be impassable or extremely dangerous during the winter. Mr. Wise would have to pay for gas and lodging costs associated with frequent trips from Bend to Eugene. As the government mentioned, there are 361 days' worth of footage potentially subject to the protective order. ECF 14 ¶ 4. The broad protective order makes it extremely burdensome, if not impossible, for Mr. Wise to view all the discovery that may pertain to his case. Mr. Wise has been an integral part of his own defense team thus far and cannot continue to do so with the restrictions imposed by the broad protective order. Furthermore, this requirement may harm the attorney-client relationship, as defense counsel becomes responsible for which materials Mr. Wise may or may not view in his own case.

### III. The Government's Boilerplate Motion Lacks Specificity, and It Fails to Rebut Any of the Specific Concerns or Arguments that the Defendant Made in His Motion Opposing the Protective Order.

Third, the government's motion fails to rebut the concerns raised by the defendant in his motion opposing the protective order, ECF 11. Specifically, the government fails to address the following concerns and points raised in Mr. Wise's motion:

1. The government fails to address or rebut the fact that the broad protective order would significantly and unconstitutionally interfere with Mr. Wise's ability to participate in his defense. *See* ECF 11 at 6.

2. The government fails to address or rebut the fact that surveillance camera footage from the U.S. Capitol grounds no longer needs to be deemed sensitive, because the government has updated the security and presumably the surveillance systems in the U.S. Capitol since January 6, 2021. *See* ECF 11 at 3–4; *see also supra* footnote 2.

3. The government fails to respond to the facts surrounding Mr. Wise's character, which strongly weigh against the need for a protective order, particularly to protect witnesses or sensitive information. *See* ECF 11 at 4*; see also supra* pp. 4–5.

4. The government fails to justify the blanket language included in the protective order, which states that the materials that the United States may designate as sensitive "include but are not limited" to the enumerated materials. *See* ECF 11 at 2.

Furthermore, when, on July 18, 2023, defense counsel asked whether the government would provide a bill of particulars, the government stated that it would not and indicated it would oppose any defense motion for a bill of particulars. This further demonstrates how the government has not provided the defendant with any particulars or specifics regarding the "sensitive" materials at issue. The government will claim that the brief reverse proffer is sufficient. On the contrary, a quick reverse proffer — that cannot be recorded — is not the same as a bill of particulars. Thus, the government has failed to meet its burden of proof in showing good cause for the protective order, as it has not provided any

Defense Reply to the Government's Motion for Protective Order

particularized reasoning or facts that demonstrate why discovery in Mr. Wise's case should be subject to a protective order.

## Conclusion

Mr. Wise respectfully requests that the Court deny the broad protective order or, in the alternative, strike the order's especially restrictive language, including:

(1) the requirement that Mr. Wise view sensitive material in the presence of his counsel (ECF 14-1 ¶ 6(a))

(2) the broad "include but not limited to" clause allowing the government to designate any non-enumerated materials as sensitive (ECF 14-1 ¶ 1)

(3) restriction (g), which permits the government to label January 6, 2021 surveillance footage from the U.S. Capitol as "Sensitive" or "Highly Sensitive" (ECF 14-1 ¶ 1(g)),

(4) the limitations on "Use," "Dissemination," "Reproduction," "Court Filings," and "Court Hearings," of sensitive discovery materials (ECF 14-1 ¶ 4, subparagraphs a-e.), which would preclude Mr. Wise from using exculpatory evidence in a civil proceeding, and

(5) any other burdensome or burden-shifting language as the Court sees fit to strike.

Because the government has not made a particularized and specific showing of good cause, the Court should deny motion ECF 14 and decline to issue the government's flawed and unsupported proposed protective order.

Respectfully submitted on July 28, 2023.

*s/ Kurt David Hermansen*
Kurt David Hermansen
Supervisory Assistant Federal Public Defender
