UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 23-CR-184-RDM |
| | : | |
| v. | : | |
| | : | |
| JARED LANE WISE, | : | |
| | : | |
| Defendant. | : | |

STATUS REPORT REGARDING
PROPOSED PROTECTIVE ORDER

The United States of America hereby submits the following status report regarding the Protective Order in this matter. Pursuant to this Court's Order of August 8, 2023, the parties have conferred regarding the Protective Order, ECF No. 17.

The United States has informed the defendant that some material will be designated as Highly Sensitive in discovery in this case. As an initial matter, and as the Court is aware, in cases arising from the January 6, 2021 riot at the U.S. Capitol building, the United States makes available to defense counsel databases of "global discovery," which includes, among other materials, voluminous video footage, radio runs, tips, and case-specific materials from other subjects' investigations. These global discovery databases include a large number of documents and records designated as Highly Sensitive.

In addition to global discovery, the United States also produces to defendants "case-specific discovery," which includes records from the defendant's case file and otherwise identified as relevant to his specific case. Case-specific discovery may include records also included in global discovery. For example, global discovery includes voluminous CCTV and body-worn camera footage from January 6, 2021; while many of these records would not be relevant to the defendant, a small subset of those materials that include depictions of the defendant may be

reproduced in case-specific discovery. When materials are produced in case-specific discovery, they may be produced with less restrictive sensitivity designations than those applied in global discovery. For example, the contents of a defendant's digital device may be available through global discovery and designated as Highly Sensitive, in order to protect the defendant's personal identifying information; however, that same digital device may be produced in the defendant's case with no sensitivity designation.

The United States anticipates that a small proportion of records in case-specific discovery—including but not limited to internal CCTV footage and information that may jeopardize witness security—will be designated as Highly Sensitive. As envisioned by the Protective Order, the United States stands ready to negotiate in good faith to resolve any dispute about a sensitivity designation, including by agreeing to remove or reduce a sensitivity designation previously applied if appropriate. The United States may also agree to the redaction of specific information as a mechanism to resolve a dispute regarding a sensitivity designation. If, ultimately, the parties request the Court resolve any dispute, the Protective Order places the burden of demonstrating the need for the sensitivity designation on the government at all times.

But even where material is designated as Highly Sensitive, the Protective Order does not require that the defendant travel to his attorney's office. The Protective Order provides, "[D]efense counsel or an attorney, investigator, paralegal, or support staff person employed by defense counsel, may supervise Defendant by allowing access to Highly Sensitive materials through a cloud-based delivery system that permits Defendant to view the materials but does not permit Defendant the ability to download," provided the United States is given notice and the opportunity to object. ECF No. 17 at ¶ 6.a. One straightforward option would be for defense counsel—or a paralegal or support staff person employed by defense counsel—to display relevant videos or

records to the defendant through screen sharing via Zoom or other video conferencing software. Other "cloud-based delivery system" solutions may be available, and defense counsel may confer with his colleagues regarding approaches they have taken.

Finally, the parties note that the Court's August 8, 2023 Order states that the United States' Motion for Protective Order, ECF No. 14, is "DENIED in part." ECF No. 17. The Protective Order docketed appears to be the Protective Order proposed by the United States, and the Court's order states, "The parties shall comply with the directives set forth in the attached Protective Order." *Id.* In light of the Court's order that the parties meet and confer regarding Highly Sensitive material and file the instant status report, the parties jointly seek further guidance from the Court regarding whether the parties will be bound by the Protective Order with respect to materials designated Highly Sensitive. The United States has not produced material designated as Highly Sensitive to date and is awaiting further guidance from the Court before doing so.

                          Respectfully submitted,

                          MATTHEW GRAVES
                          United States Attorney
                          DC Bar No. 481052

By:    */s/ Anthony W. Mariano*
        Anthony W. Mariano, MA Bar No. 688559
        Trial Attorney, Detailee
        United States Attorney's Office
        for the District of Columbia
        601 D Street NW
        Washington, DC 20530
        (202) 476-0319
        Anthony.Mariano2@usdoj.gov