UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 23-CR-184-RDM |
| | : | |
| v. | : | |
| | : | |
| JARED LANE WISE, | : | |
| | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

The United States of America and Defendant Jared Lane Wise hereby submit the following joint status report, pursuant to this Court's Minute Entry of August 7, 2023.

Since the last status report, the United States has continued its efforts to provide discovery to the defendant, and those discovery efforts continue. The United States anticipates making an additional substantial production to the defendant in the coming weeks.

The parties jointly request that the Court set January 4, 2024, as either the deadline for a joint status report—similar to this report—or to hold a status conference. The parties agree that the Court should exclude time under the Speedy Trial Act between October 7, 2023 and January 4, 2024, or a date set by the Court for the next status conference or report.[1] The parties are not seeking a status conference at this time, though the parties are available for a status conference at the Court's convenience to discuss any issues, if the Court deems it appropriate. The parties request that any status conference be conducted by Zoom or other remote means.

---

[1] To aid the Court in scheduling, undersigned counsel for the United States will be in trial before Judge Lamberth in another matter starting on October 12, 2023, which will last approximately two weeks, *see United States v. Erik Scott Warner, et al.*, 21-cr-392 (RCL), and before Judge Cooper starting November 13, 2023, which will last approximately one week, *see United States v. Jeremy Daniel Groseclose*, 21-cr-311 (CRC). If necessary, undersigned counsel for the United States will identify a colleague to represent the United States for a conflicting hearing. Counsel for the defendant will be out of the country for parts of October and November.

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this joint motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a nonexhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing*

§3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). ! Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

For the foregoing reasons, the parties jointly request that the Court (i) set January 4, 2024, as either the deadline for a joint status report or to hold a status conference, and (ii) exclude time under the Speedy Trial Act between October 7, 2023, and the date set by the Court for the next status conference or report.

    Respectfully submitted,
    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

| By: | /s/ Anthony W. Mariano | By: | /s/ Kurt David Hermansen |
|---|---|---|---|
| | Anthony W. Mariano | | Kurt David Hermansen |
| | MA Bar No. 688559 | | CA Bar No. 166349 |
| | Trial Attorney, Detailee | | Supervisory Assistant Federal |
| | United States Attorney's Office | | Public Defender |
| | for the District of Columbia | | 859 Willamette Street |
| | 601 D Street NW | | Suite 200 |
| | Washington, D.C. 20530 | | Eugene, OR 97401 |
| | (202) 476-0319 | | (541) 465-6937 |
| | Anthony.Mariano2@usdoj.gov | | Kurt_Hermansen@fd.org |

***Counsel for the United States***        ***Counsel for Jared Lane Wise***