UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 23-CR-184-RDM** |
| | : | |
| v. | : | |
| | : | |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT**

  The United States of America and Defendant Jared Lane Wise hereby submit the following joint status report, pursuant to this Court's Minute Entry of September 28, 2023.

  Since the last status report, the United States has continued its efforts to provide discovery to the defendant, and those discovery efforts continue. Additionally, the parties have discussed whether a plea resolution is possible in this matter, but the parties have been unable to reach agreement on any plea terms.

  The parties jointly request that the Court hold a status conference approximately 90 days after this filing. At this time, the United States is prepared to set a trial date and pretrial schedule, including deadlines for motions. However, counsel for the defendant has requested an additional 90 days to review discovery, make additional discovery requests, and to attempt to resolve informally any discovery disputes. Based on these representations, the United States joins the request for an additional 90 days prior to setting a trial schedule. Because the parties anticipate setting a trial schedule after these 90 days, the parties jointly request a status conference, rather than a joint status report, so the parties may hear from the Court its availability for a trial date.

The parties agree that the Court should exclude time under the Speedy Trial Act between January 4, 2024, and the date set by the Court for the next status conference.[1] The parties are not seeking a status conference at this time, though the parties are available for a status conference at the Court's convenience to discuss any issues, if the Court deems it appropriate. The parties request that any status conference be held by Zoom or other remote means.

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this joint motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a nonexhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .

---

[1] To aid the Court in scheduling, undersigned counsel for the United States will be in trial before Judge Nichols in another matter starting on April 8, 2024, which will last approximately one week, *see United States v. Gina Bisignano*, 21-cr-36 (CJN). If necessary, undersigned counsel for the United States will identify a colleague to represent the United States for a conflicting hearing.

       (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

For the foregoing reasons, the parties jointly request that the Court (i) set and hold a status conference approximately 90 days from the date of this filing, and (ii) exclude time under the Speedy Trial Act between January 4, 2024, and the date set by the Court for the next status conference or report.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

| | | | |
|---|---|---|---|
| By: | /s/ *Anthony W. Mariano* | By: | /s/ *Kurt David Hermansen* |
| | Anthony W. Mariano | | Kurt David Hermansen |
| | MA Bar No. 688559 | | CA Bar No. 166349 |
| | Trial Attorney, Detailee | | Supervisory Assistant Federal |
| | United States Attorney's Office | | Public Defender |
| | for the District of Columbia | | 859 Willamette Street |
| | 601 D Street NW | | Suite 200 |
| | Washington, D.C. 20530 | | Eugene, OR 97401 |
| | (202) 476-0319 | | (541) 465-6937 |
| | Anthony.Mariano2@usdoj.gov | | Kurt_Hermansen@fd.org |
| | ***Counsel for the United States*** | | ***Counsel for Jared Lane Wise*** |