**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 23-CR-184-RDM** |
| | : | |
| v. | : | |
| | : | |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT STATUS REPORT**

The United States of America and Defendant Jared Lane Wise hereby submit the following joint status report, in advance of the previously scheduled April 1, 2024 status conference. In this status report, the parties jointly request the Court continue the currently scheduled status hearing for approximately 30 days.

Since the last status report, the United States has continued its efforts to provide discovery to the defendant, and those discovery efforts continue. Since the last status report, counsel for the defendant has provided additional discovery requests to the United States. Counsel for the United States is currently preparing a response to these discovery requests and anticipates that such a response will be provided in the following weeks.

The parties have discussed whether a plea resolution is possible in this matter, but the parties do not anticipate being able to reach agreement on any plea terms.

In light of the ongoing discovery discussions, the parties jointly request that the Court continue the currently scheduled status conference for approximately 30 days. At that time, the United States anticipates that case-specific discovery will be substantially complete. The parties agree that at that time the Court will be best positioned to consider whether it is then appropriate to set a trial date and pretrial schedule, including deadlines for motions.

The parties agree that the Court should exclude time under the Speedy Trial Act between April 1, 2024, and the date set by the Court for the next status conference. Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this joint motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a nonexhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).  Finally, an interests-of-justice finding is within the discretion of the Court.  *See, e.g.*, *United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).  The need for a reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act.  *See, e.g.*, *United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019).  Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and the Defendant in a speedy trial.

For the foregoing reasons, the parties jointly request that the Court (i) continue the currently schedule status conference date for 30 days, and (ii) exclude time under the Speedy Trial Act between April 1, 2024, and the date set by the Court for the next status conference or report.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:  */s/ Anthony W. Mariano*  
    Anthony W. Mariano  
    MA Bar No. 688559  
    Trial Attorney, Detailee  
    United States Attorney's Office  
    for the District of Columbia  
    601 D Street NW  
    Washington, D.C. 20530  

By:  */s/ Kurt David Hermansen*  
    Kurt David Hermansen  
    CA Bar No. 166349  
    Supervisory Assistant Federal  
    Public Defender  
    859 Willamette Street  
    Suite 200  
    Eugene, OR 97401

| | |
|---|---|
| (202) 476-0319<br>Anthony.Mariano2@usdoj.gov | (541) 465-6937<br>Kurt_Hermansen@fd.org |
| ***Counsel for the United States*** | ***Counsel for Jared Lane Wise*** |