# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 23-CR-184-RDM** |
| | : | |
| v. | : | |
| | : | |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

## PRETRIAL SCHEDULING ORDER

In order to administer the trial of the above-captioned criminal case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial of this case in the most efficient manner, it is hereby

ORDERED that counsel shall comply with each of the following procedures and requirements:

1. TRIAL.  Trial of this matter will commence on **September 5, 2024, at 9:00 a.m.**

2. PRETRIAL CONFERENCE.  A pretrial conference will be held on **August 30, 2024, at 3:00 p.m.** via videoconference, provided the defendant consents.  The Court will rule on all pretrial motions and objections to proposed exhibits, to the extent possible, at the pretrial conference, hearing argument as necessary.

3. RULE 12(b)(3) AND BILL OF PARTICULARS MOTIONS.  The Defendants shall file any motions under Rule 12(b)(3) of the Federal Rules of Criminal Procedure or for a bill of particulars on or before **June 21, 2024**—*approximately 11 weeks before trial*.  Opposition and replies shall be due within 14 and 7 days, respectively.  The Court will schedule a hearing on the motion(s) as necessary.

4. 404(b) NOTICE.  The United States shall notify the Defendant of its intention to introduce any Rule 404(b) evidence not already disclosed by **June 28, 2024**—*approximately 10 weeks before trial*.  Any specific objections to the 404(b) material shall be made on the schedule for pretrial motions.

5. PRIOR CONVICTIONS.  The United States shall provide the Defendant with a list of prior convictions that the United States intends to use for impeachment or any other purpose by **June 28, 2024**—*approximately 10 weeks before trial*.  Any specific objections to the use of prior convictions shall be made on the schedule for pretrial motions.

6. EXPERT DISCLOSURES.  The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **June 14, 2024**—*approximately 12 weeks before trial*; any reciprocal expert disclosure by Defendants shall be made by **June 28, 2024**—*approximately 10 weeks before trial*.  Any specific objections to the noticed experts shall be made on the schedule for pretrial motions.

7. PRETRIAL MOTIONS.  All other pretrial motions, including motions *in limine* and motions to compel discovery, shall be filed on or before **July 12, 2024**—*approximately 8 weeks before trial*.  Oppositions and replies shall be due within 14 and 7 days, respectively.

8. VOIR DIRE.  Counsel shall jointly submit both a short narrative description of the case, to be read to the prospective jurors, and proposed voir dire questions on or before **August 16, 2024**—*approximately 3 weeks before trial*.

9. PROPOSED JURY INSTRUCTIONS.  Counsel shall file proposed jury instructions and a proposed verdict form—jointly to the extent possible—on or before **August 16, 2024**—*approximately 3 weeks before trial*.  To the extent that they are pattern jury instructions

from the current version of the Redbook, it is sufficient simply to list the numbers of those instructions. Special instructions shall be submitted verbatim with citations to cases and other authorities to support each instruction. Proposed instructions shall be filed on ECF. In addition, a set of the instructions shall be emailed to Chambers in MS Word form.

10. BRADY AND GIGLIO. The Government is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*) on or before **August 16, 2024**—*approximately 3 weeks before trial*. See *United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing. Should the Government request it, the Court will enter a protective order precluding counsel from sharing *Giglio* information with their clients.

11. EXHIBIT LISTS. The parties shall exchange lists of exhibits they intend to use in their cases-in-chief by **August 16, 2024**—*approximately 3 weeks before trial*. The Parties need not list any exhibit that might be used for purposes of impeachment. The Parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference.

12. WITNESS LISTS. The Parties shall identify the witnesses that each side anticipates it may introduce in on or before **August 16, 2024**—*approximately 3 weeks before trial*. On that same date, the Government shall also provide to the defense all *Brady* or Giglio material not previously provided pertaining to each witness on the list. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

13. <u>STIPULATIONS.</u>  The Parties shall submit a draft of all stipulations on or before **August 16, 2024**—*approximately 3 weeks before trial*.

14. <u>JENCKS ACT AND GRAND JURY DISCLOSURES.</u>  The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief by **August 23, 2024**—*approximately 2 weeks before trial*.

15. <u>RECIPROCAL DISCOVERY.</u>  The Defendant shall satisfy his reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **August 16, 2024**—*approximately 3 weeks before trial*.  The Court will consider any motion *in limine* with respect to reciprocal discovery after such discovery is received.  Any such motion shall be filed by **August 26, 2024**—*approximately 10 days before trial*; any opposition to such motion shall be filed within 4 days.

16. <u>JURY SELECTION.</u>  The Court will summarize its jury-selection procedures at the pretrial conference.

17. <u>ELECTRONIC EQUIPMENT.</u>  Representatives of either side who intend to use electronic equipment during the course of this trial shall promptly meet with Philip Tran, Courtroom Technology Administrator, of the Clerk's Office (202-354-3218), to arrange for the necessary equipment.  Representatives of both sides shall meet with Mr. Tran to become fully conversant with the procedures for use of the equipment in the courtroom.

**SO ORDERED.**

Date:  May 24, 2024                                                                                         /s/ Randolph D. Moss
                                                                                                            RANDOLPH D. MOSS
                                                                                                            United States District Judge