I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> C<small>OLUMBIA</small>

| | |
|---|---|
| U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | |
| v. | Motion to Dismiss Counts Three, Four, Five, and Six as Multiplicitous |
| J<small>ARED</small> L<small>ANE</small> W<small>ISE</small>, | |
| Defendant. | |

### A.     Motion

Under F<small>ED</small>. R. C<small>RIM</small>. P. 12(b)(3)(B)(ii) and the Fifth Amendment's Due Process Clause, Defendant, Jared Wise, through counsel, Kurt David Hermansen, moves to dismiss Counts Three, Four, Five, and Six of the Indictment which charge violations of 18 U.S.C. § 1752(a)(l) (Entering and Remaining in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building).

Courts in this district appear to have "uniformly rejected arguments that various subsections of 18 U.S.C. § 1752 and 40 U.S.C. § 5104 … are duplicative." *United States v. Bennett*, No. CR 21-312 (JEB), 2023 WL 6460026, at *4 (D.D.C. Oct. 4, 2023); *see, e.g.*, *United States v. Ballenger*, No. CR 21-719 (JEB), 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022) (applying *Blockburger* test to show that § 1752(a)(2) required proof of element that § 5104(e)(2)(G) did not and vice versa); *United States v. Dennis*, No. 21-679, ECF No. 45 at 2–3 (D.D.C. Dec. 6, 2022) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(D), and § 5104(e)(2)(F)); *United States v.*

Page 1 — Motion to Dismiss Counts Three, Four, Five, and Six as Multiplicitous

*Macandrew*, 2022 WL 17983533, at *1 (D.D.C. Dec. 27, 2022) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(D), and § 5104(e)(2)(G)); *United States v. Munchel*, 2023 WL 2992689, at *4–5 (D.D.C. Apr. 18, 2023) (same as to § 1752(a)(1), § 1752(a)(2), § 5104(e)(2)(B), § 5104(e)(2)(D), and § 5104(e)(2)(G)).

The government indicted hundreds of people, including Mr. Jared Wise, with crimes allegedly committed in and around the United States Capitol Building on January 6, 2021. Some of those charged allegedly assaulted police officers, damaged windows or doors to force entry into the Capitol, threatened members of Congress and the Vice President, or damaged or stole property from Congressional offices or other areas inside the Capitol.

Mr. Wise did none of these things.

**B.     Relevant Facts**[1]

Around 2:00 p.m. (14:00) on January 6, 2021, specific protesters forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police. Mr. Wise was not one of those protesters, nor did he encourage or assist any of them.

According to the government, On January 6, 2021, Mr. Wise's phone used a cell site that provides service to the area that includes the interior of the United States Capitol building ("the cell tower") at approximately 14:15:06, 14:22:06, 14:26:06, and 14:29:16 Eastern Standard Time ("EST").

Around 2:20 p.m. (14:20) members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to, and did, evacuate the chambers. Accordingly, the joint session of the United States

---

[1] Many of these "facts" are taken from the Complaint filed in this case. Mr. Wise does not concede any of these facts, but rather reserves the right to contest them.

Congress was effectively suspended until shortly after 8:00 p.m. (20:00). Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

Footage from U.S. Capitol CCTV and MPD BWC depicts Mr. Wise inside the U.S. Capitol and on the grounds of the U.S. Capitol on January 6, 2021. Around 2:23 PM EST (14:23), Mr. Wise entered the U.S. Capitol building through the open and unobstructed Senate Wing Door.

After entering through the unobstructed Senate Wing Door, Mr. Wise allegedly clapped his hands and raised his arms before walking through the Crypt and past the Memorial Door. About nine minutes after entering the Capitol, at 2:32 p.m. EST (14:23), Mr. Wise exited through a window adjacent to the now-closed Senate Wing Door.

Around 4:21 PM EST (16:21), on the Upper West Terrace, Mr. Wise tells an MPD officer something to the effect of: "You guys are disgusting. I'm former — I'm former law enforcement. You're disgusting. You are the Nazi. You are the Gestapo. You can't see it. … Shame on you! Shame on you! Shame on you!"

Soon thereafter, when one or two law-enforcement officers tripped over ankle-high planters on the terrace above where Mr. Wise was standing, Mr. Wise allegedly turned in the direction of the violence and at about 16:22:16 shouted: "Yeah, fuck them! Yeah, kill 'em!"

The officers who fell on the terrace above where Mr. Wise was standing probably fell to the ground (in the middle of a phalanx of pure officers) when officers in front of them were pushed backward into them. The frontline shield-wielding officers were pushing and in turn were being pushed by protesters at the frontline of what became a clash or "scrum" involving shield-wielding

officers and protestors.[2] Videos show row after row of mission-driven officers moving phalanx-style toward protestors on the Upper West Terrace. With batons extended, officers behind the frontline shield-wielding officers pushed on the backs of the officers in front of them for support and combined power.

As clashes between frontline-shield-wielding officers and protesters continued, Mr. Wise moved to view the frontline-skirmish (from his inferior position below the Upper West Terrace). With his cell phone pointed at the confrontation, Mr. Wise shouted something to the effect of: "Kill 'em! Kill 'em! Kill 'em!"

On May 31, 2023, the government charged Mr. Wise with a six-count indictment, alleging he committed two felonies and four misdemeanors in violation of the following statutes:

> COUNT ONE: Civil Disorder and Aiding and Abetting in violation of 18 U.S.C. §§ 231(a)(3) and 2;
>
> COUNT TWO: Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting in violation of 18 U.S.C. §§ 111(a)(1) and 2;
>
> COUNT THREE: Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1);
>
> COUNT FOUR: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2);
>
> COUNT FIVE: Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and
>
> COUNT SIX: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

---

[2] Here, the word "scrum" is used to describe a disordered or confused situation involving numerous people. The scrum on the Upper West Terrace involved a sudden clash between the pushing-forward police phalanx and protesters. Mr. Wise was below, not on, the Upper West Terrace.

*See* [ECF No. 9](#).

The indictment is multiplicitous. Counts Three through Six are all different descriptions of the same alleged facts — Mr. Wise entered the Capitol without authorization, during a protest, and thereby obstructed an official proceeding. Convicting Mr. Wise on more than one of these counts would violate the Double Jeopardy Clause by convicting him multiple times for the same offense.

### C. Analysis

"A defendant in a criminal case may move to dismiss an indictment or information before trial on grounds that the document charges the same offense in more than one count, giving rise to multiplicitous counts." [*United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL 3846169, at *2 (D.D.C. June 2, 2023)](#); *see* [FED. R. CRIM. P. 12(b)(3)(B)(ii)](#). "Whether conduct can give rise to multiple convictions in a single trial is essentially a question of statutory construction, but it is statutory construction with constitutional implications." [*United States v. McLaughlin*, 164 F.3d 1, 7-8 (D.C. Cir. 1998)](#).

The Fifth Amendment's Double Jeopardy Clause protects "not only against a second trial for the same offense, but also against multiple punishments for the same offense." [*United States v. Weathers*, 493 F.3d 229, 233 (D.C. Cir. 2007)](#) (cleaned up). Thus, an indictment is multiplicitous and defective when "a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." [*United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992)](#). A multiplicitous indictment "improperly prejudice[s] a jury by suggesting that a defendant has committed not one but several crimes." [*United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981)](#). To determine whether two or more counts of an indictment allege the same crime, the Court must

decide "whether each [count] requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Despite using different language, the Indictment brings several different counts for the same series of alleged acts. First, Counts Three and Four allege that Mr. Wise entered the Capitol without permission. Second, Counts Four, Five and Six allege that, after entering the Capitol, Mr. Wise engaged in disorderly conduct — parading, demonstrating, and picketing. *See* ECF No. 9. Thus, the same facts that would satisfy the elements of Count Four would also satisfy the elements of every other Count.

The following table quotes the statutory language for Counts Three through Six, breaking down the elements from the statutory language.

| Count | Code § | Text | Elements |
|---|---|---|---|
| **Three** | 18 U.S.C. § 1752(a)(1) | knowingly enters or remains in any restricted building or grounds without lawful authority to do so | 1) knowingly; 2) enters; 3) restricted building or grounds; and 4) without lawful authority |
| **Four** | 18 U.S.C. § 1752(a)(2) | knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions | 1) knowingly; 2) with intent to impede or disrupt; 3) orderly conduct of government business or official functions; 4) engages in disorderly or disruptive conduct; 5) in or within close proximity to a restricted building or grounds; and 6) actually impedes the orderly conduct of government business or official functions. |
| **Five** | 40 U.S.C. § 5104(e)(2)(D) | willfully and knowingly utter loud, threatening, or abusive language, or engage in disorderly or | 1) willfully and knowingly; 2) utter loud, abusive, threatening language *or* |

| Count | Code § | Text | Elements |
|---|---|---|---|
| | | disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress | engage in disorderly or disruptive conduct; 3) in the Capitol building or its grounds; and 4) with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House, *or* a hearing of a committee or any deliberations of either House. |
| **Six** | 40 U.S.C. § 5104(e)(2)(G) | willfully and knowingly parade, demonstrate, or picket in any of the Capitol Buildings | 1) willfully and knowingly; 2) parade, demonstrate, or picket; and 3) in any Capitol building. |

The elements of Count Four as applied to Mr. Wise are as follows: 1) knowingly; 2) with intent to impede or disrupt; 3) Congress' function of confirming the Electoral College vote; 4) paraded, in a disruptive manner; 5) in the Capitol Building; and 6) impeded Congress' function of confirming the Electoral College vote. All of those elements are found within Counts Three, Five, and Six. Thus, the elements of Count Four subsume the elements of remaining charges in Counts Three, Five, and Six, and are multiplicitous. Those convictions would thus violate the Fifth Amendment's Double Jeopardy Clause.

**D.     Conclusion**

For the above reasons, the Court should dismiss the Indictment and order the government to merge Mr. Wise's alleged acts into a single count if he is re-indicted. Alternatively, the Court could dismiss multiplicitous counts from the indictment.

Respectfully submitted on June 11, 2024.

*s/ Kurt Hermansen*
Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR  97401
Tel: (619) 436-8117
Fax: (541) 465-6975
Email: kurt_hermansen@fd.org

**Attorney for Defendant Jared Lane Wise**
