# In the United States District Court
## for the District of Columbia

| | |
|---|---|
| United States of America,<br><br>                                      Plaintiff,<br><br>       v.<br><br>Jared Lane Wise,<br><br>                                      Defendant. | Case No. 1:23-cr-00184-RDM<br><br>Reply to Government's Opposition (ECF 55) to Defense Motions to Dismiss Counts Three, Four, Five, and Six as Multiplicitous (ECF 45)<br><br>**Oral Argument Requested** |

# Table of Contents

Page

I.      INTRODUCTION ...........................................................................................................1

II.     RELEVANT FACTS .....................................................................................................1

III.    LEGAL STANDARD ................................................................................................... 2

              1.      Disorderly Conduct ..........................................................................3

              2.      Willfulness ........................................................................................3

IV.     ANALYSIS .................................................................................................................... 4

        A.      Counts Three and Four are Multiplicitous. ................................................ 4

        B.      Counts Four and Five are Multiplicitous. ....................................................5

        C.      Counts Four and Six are Multiplicitous. .................................................... 6

V.      CONCLUSION .............................................................................................................. 8

## I.  INTRODUCTION

On June 12, 2024, Mr. Wise moved this Court to dismiss Counts Three through Six of the Indictment on the grounds that those counts are multiplicitous. The government filed its Opposition to Mr. Wise's motion on June 25, 2024. Mr. Wise hereby files this Reply to the government's Opposition.

Mr. Wise argues that the elements of Counts Three, Five, and Six are all subsumed by the elements of Count Three and are therefore multiplicitous under *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Therefore, the Court should dismiss the Indictment and order the government to merge Mr. Wise's alleged acts into a single count if he is re-indicted. Alternatively, the Court could dismiss multiplicitous counts from the Indictment.

## II.  RELEVANT FACTS

On May 31, 2023, the government charged Mr. Wise with a six-count Indictment, alleging he committed two felonies and four misdemeanors in violation of the following statutes:

> COUNT ONE: Civil Disorder and Aiding and Abetting in violation of 18 U.S.C. §§ 231(a)(3) and 2;
>
> COUNT TWO: Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting in violation of 18 U.S.C. §§ 111(a)(1) and 2;
>
> COUNT THREE: Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1);
>
> COUNT FOUR: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2);
>
> COUNT FIVE: Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D); and

**Page 1**    Reply to Government's Opposition (ECF 55) to Defense Motions to Dismiss Counts Three, Four, Five, and Six as Multiplicitous (ECF 45)

COUNT SIX: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

*See* ECF No. 9.

The Indictment is multiplicitous. Counts Three through Six are all different descriptions of the same alleged facts — Mr. Wise entered the Capitol without authorization, during a protest, and engaged in disorderly conduct. Convicting Mr. Wise on more than one of these counts would violate the Double Jeopardy Clause by convicting him multiple times for the same offense.

## III. LEGAL STANDARD

"A defendant in a criminal case may move to dismiss an indictment or information before trial on grounds that the document charges the same offense in more than one count, giving rise to multiplicitous counts." *United States v. Baez*, No. CR 21-0507 (PLF), 2023 WL 3846169, at *2 (D.D.C. June 2, 2023); *see* FED. R. CRIM. P. 12(b)(3)(B)(ii). "Whether conduct can give rise to multiple convictions in a single trial is essentially a question of statutory construction, but it is statutory construction with constitutional implications." *United States v. McLaughlin*, 164 F.3d 1, 7-8 (D.C. Cir. 1998).

A multiplicitous indictment "improperly prejudice[s] a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981). To determine whether two or more counts of an indictment allege the same crime, the Court must decide "whether each [count] requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

### 1.    Disorderly Conduct

The term disorderly conduct is a term of art.  *United States v. Alford*, 89 F.4th 943, 952 (D.C. Cir. 2024).  Although generally meant to apply to conduct that constitutes a breach of the peace, "it is well established that whether conduct qualifies as disorderly depends on the surrounding circumstances" including the setting.  *Id.* at 949-950.  Disorderly conduct need not be disruptive conduct.  *Id.* at 951.  The D.C. Circuit has held that a passive, but unauthorized presence in a restricted area is enough to satisfy the definition of disorderly conduct.  *Id.* at 952–53.

### 2.    Willfulness

The government argues that Counts Four and Five are not multiplicitous of Count Three because they include an element of "willfulness."  ECF 55 at 8.  The Supreme Court has recognized that "willful" has many meanings and "its construction [is] often… influenced by its context."  *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994).  In the context of Title 31 and financial reporting requirements, the *mens rea* of willfully has been defined as the knowledge that one's conduct is unlawful.  *Id.*  However, in criminal statutes willfulness is often construed as "consciousness of the act but not consciousness that the act is unlawful."  *Ratzlaf*, 510 U.S. at 151 (Blackmun, J., dissenting) (citing *Cheek v. United States*, 498 U.S. 192, 209 (Scalia, J., concurring)).  In *Bryan v. United States,* 524 U.S. 184, 190 (1998), the Supreme Court upheld a jury instruction giving the following definition of "willfully":

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating.  But he must act with the intent to do something the law forbids.

*Bryan*, 524 U.S. at 190.

**Page 3**    Reply to Government's Opposition (ECF 55) to Defense Motions to Dismiss Counts Three, Four, Five, and Six as Multiplicitous (ECF 45)

## IV. ANALYSIS

The government argues that each of Counts Three through Six require unique proof. ECF 55 at 7. To clarify, Mr. Wise is not arguing that each of the crimes charged in Counts Three through Six are identical to one another. Rather, Mr. Wise argues that the elements of Count Four subsume the elements of Counts Three, Five, and Six. Therefore, the counts are multiplicitous under *Blockburger*, 284 U.S. at 304.

### A. Counts Three and Four are Multiplicitous.

The elements of Count Three are completely subsumed by the elements of Count Four.

| Elements of Count Four<br>18 U.S.C. § 1752(a)(2) | Elements of Count Three<br>18 U.S.C. § 1752(a)(1) |
|---|---|
| Knowingly | Knowingly |
| In, or in proximity to, restricted building or grounds | In restricted building or grounds |
| Engaged in disorderly or disruptive conduct | Entered or remained without lawful authority to do so |
| With the intent to impede or disrupt the orderly conduct of Government business or official functions | |
| Actually impeded the orderly conduct of government business or official functions | |

Both statutes require a *mens rea* of knowingly. The locational element of Count Four is broader than Count Three's locational element because it criminalizes behavior near or in a restricted building or grounds. However, it completely subsumes the locational element of Count Three, which only proscribes behavior in a restricted building or ground. Therefore, the *mens rea* and locational elements of Count Three do not require proof of a fact that Count Four does not require.

The *actus reus* of Count Three — entering or remaining in a restricted building — is subsumed by the actus reus of Count Four — engag[ing] in disorderly conduct. In *Alford*, the D.C. Circuit Court of Appeals contemplated whether mere unlawful presence constituted disorderly conduct in similar circumstance to the ones presented here. *Alford*, 89 F.4th at 943. The Court of Appeals concluded that the term "disorderly conduct" *can* include, but does not require inherently, disruptive actions. *Id*. at 951. Rather, "disorderly conduct" includes actions that are "inappropriate or out of place for the time or setting," having a "tendency, taken in context, to interfere with or inhibit usual proceedings." *Id*. The Court ultimately concluded that the definition of "disorderly" is broad enough to encompass the trespass offense such as the one proscribed in Count Three. *Id*. at 953.

Therefore, Count Three does not require proof of any fact outside of the facts necessary to prove Count Four.

**B.    Counts Four and Five are Multiplicitous.**

The elements of Count Five are completely subsumed by the elements of Count Four.

| Elements of Count Four 18 U.S.C. § 1752(a)(2) | Elements of Count Five 40 U.S.C. § 5104(e)(2)(D) |
|---|---|
| Engaged in disorderly or disruptive conduct | Engaged in disorderly or disruptive conduct |
| In, or in proximity to, restricted building or grounds | In any of the United States Capitol Buildings or Grounds |
| Knowingly | Knowingly |
| With the intent to impede or disrupt the orderly conduct of Government business or official functions | Willfully, with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress |
| Actually impeded the orderly conduct of government business or official functions | |

The elements of Count Four subsume the elements of Count Five. Both require disorderly or disruptive conduct and a *mens rea* of knowingly. Although only Count Five explicitly requires proof of willfulness, that element is implied in both elements because both require "the intent to impede or disrupt the orderly conduct" of Government business.[1] The intent to disrupt Government business impliedly includes the bad purpose of acting with intent to do something the law forbids. *Bryan*, 524 U.S. at 184.

As to the locational elements of these offenses, Count Four's restriction on conduct in proximity to a restricted building necessarily includes the Capitol Building as required in Count Five. Under the terms of § 1752, the White House and its grounds are restricted areas. The Capitol Campus include 578 acres (over 2 square miles) of land in proximity to the White House.[2] Because the Capitol Grounds extend to an area in proximity to the White House, the locational element of Count Five is necessarily subsumed by the locational element in Count Four.

Therefore, Count Five does not require proof of any fact outside of the facts necessary to prove Count Four.

### C.    Counts Four and Six are Multiplicitous.

The elements of Count Six are completely subsumed by the elements of Count Four.

---

[1] Because 18 U.S.C. § 1752(a)(1) refers to Government business and 40 U.S.C. § 5104(e)(2)(D) refers to a session of Congress or either House of Congress, the broader term "Government business" clearly includes either House of Congress when it is in session. Therefore, Count Five's intent element is subsumed by Count Four's.

[2] https://www.aoc.gov/explore-capitol-campus/buildings-grounds (Last visited June 27, 2024).

| Elements of Count Four 18 U.S.C. § 1752(a)(2) | Elements of Count Six 40 U.S.C. § 5104(e)(2)(G) |
|---|---|
| Engaged in disorderly or disruptive conduct | Paraded, demonstrated, or picketed |
| In, or in proximity to, restricted building or grounds | In any United States Capitol Building |
| Knowingly | Knowingly |
| With the intent to impede or disrupt the orderly conduct of Government business or official functions | Willfully |
| Actually impeded the orderly conduct of government business or official functions | |

Passed in 1967, 40 U.S.C. § 5104(e)(2)(G) was created to specifically address "instances of excessive disruption and disorderly conduct" at the Capitol. H.R. Rep. 90-745, 1740 (1967); *United States v. Nassif*, 97 F.4th 968, 974 (D.C. Cir. 2024).

> The nature of the legislative process, and the problems which now confront us as a Nation, are such that people with strong feelings must be assured of the rights and freedoms of expression and of assembly and of the right to petition their Government, but under no circumstances should the guarantee of these rights be extended to a license for a minority to *delay, impede or otherwise disrupt* the orderly processes of the legislature which represents all Americans.

*Id.* (emphasis added).

Further, the D.C. Court of Appeals confirmed this history and purpose of § 5104(e)(2)(G) in its decision in *Nassif.*

> Congress reasonably decided that parades, pickets, or demonstrations inside the Capitol buildings would interfere with those buildings' intended use. After all, congressmembers and their staffs require secure and quiet places to work on legislative proposals and meet with colleagues and constituents. They need to traverse the Capitol halls to attend committee hearings and legislative sessions. And Capitol Police officers must prioritize safeguarding the building and protecting the individuals who work therein–not policing pickets and demonstrations … [T]he interest in a workplace where legislators and staff may do their jobs undisturbed by parades, pickets,

or demonstrations comports with accessibility and is plainly legiti-
mate.

*Nassif*, 97 F.4th at 979.

Thus, the legislative history shows that the *actus reus* of Count Six: "paraded, demon-

strated, or picketed," was intended to be subsumed by the *actus reus* of Count Four: "disorderly

conduct." As argued above, Count Six's requirement of willfulness is implied in the intent to im-

pede element of Count Four. The locational element of Count Four subsumes the locational ele-

ment of Count Six for the same reasons as stated above.

Therefore, Count Six does not require proof of any fact outside of the facts necessary to

prove Count Four.

## V.   CONCLUSION

For the above reasons, the Court should dismiss the Indictment and order the government

to merge Mr. Wise's alleged acts into a single count if he is re-indicted. Alternatively, the Court

could dismiss multiplicitous counts from the Indictment.

Respectfully submitted on June 27, 2024.

*/s/ Kurt Hermansen*
Kurt David Hermansen, Cal. Bar 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR  97401
Tel: (619) 436-8117
Fax: (541) 465-6975
Email: kurt_hermansen@fd.org

**Attorney for Defendant Jared Lane Wise**