**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America,<br><br>                                   Plaintiff,<br><br>v.<br><br>Jared Lane Wise,<br><br>                                   Defendant. | Case No. 1:23-cr-00184-RDM<br><br>Response to the Government's Omnibus Motions *In Limine* [ECF 65] |

Defendant Jared L. Wise, by and through his undersigned counsel of record, hereby responds to the government's omnibus motions *in limine*. ECF 65.

**Table of Contents**

I.    The Defense Reserves The Right To Object To Multimedia Exhibits. .............................. 3

II.   The Defense Reserves The Right To Object To The Admission Of Certain Statutes And Records If A Proper Foundation Is Not Laid Or The Parties Cannot Reach A Stipulation. ................................................................................................ 3

III.  The Government's Request To Limit Discussion Of Security-Related Topics Is Premature And Overbroad. ......................................................................... 3

IV.   The Defense Does Not Intend To Use Federal Rule Of Evidence 106 Improperly. .......................................................................................................................... 4

V.    The Government's Request To Preclude Improper Defense Arguments Is Overbroad. ........................................................................................................................ 5

    A.   The Government Misapplies First Amendment Jurisprudence. ............................ 5

        1.   The Defense Is Not Seeking To Preclude The Mere Admission Of Mr. Wise's Statements. ........................................................ 6

        2.   Given The Government's Theory That Mr. Wise's Speech Incited Others To Assault Officers, Mr. Wise Has The Right To Present Evidence And Argue That His Speech Is Protected Speech Rather Than Incitement. ................................................ 6

            a)   Whether Mr. Wise's Speech Was Incitement Is A Question For The Jury. ................................................................ 11

            b)   Arguments Based on the First Amendment Would Not Violate Federal Rules Of Evidence 401 Or 403. ................... 12

**Page 1** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

  B.  The Government Proposes Overly Broad Limitations On Evidence And Arguments Regarding Government "Charging Decisions And Selective Prosecution." ............................................................................................. 13

  C.  Mr. Wise Does Not Claim Entrapment Or Invoke A Public-Authority Defenses. ................................................................................................. 14

  D.  Mr. Wise Will Not Seek Jury Nullification. ........................................................ 14

    1.  To The Extent Pertinent To Mr. Wise's Case, He May Cross-Examine Government Witnesses Regarding Their Use Of Federal Resources And The Volume And Timing Of Discovery. ............................................................................ 14

  E.  Mr. Wise Does Not Intend To Present Impermissible Character Evidence. .......................................................................................................... 15

    1.  Mr. Wise Does Not Intend To Claim Ignorance Of The Law. ............................................................................................................ 16

    2.  Mr. Wise Will Not Argue To The Jury The Possible Prison Penalties. ....................................................................................................... 17

  F.  Mr. Wise Reserves The Right To Present Supported Claims Of Defense Of Others or Self Defense. ................................................................. 17

VI. Conclusion ...................................................................................................................... 18

**I.      The Defense Reserves The Right To Object To Multimedia Exhibits.**

The government seeks to admit unspecified video evidence at trial. The exhibits may be excluded on multiple grounds, such as the confrontation clause or Federal Rule of Evidence 401 and 403. Also, given how easy it is to create "deep fake" videos, the defense reserves the right to object to the admission of multimedia exhibits on reliability grounds, especially if: (1) pretrial notice is insufficient or untimely, (2) proper authentication is not established, or (3) a proper foundation or chain of custody is not laid.

**II.     The Defense Reserves The Right To Object To The Admission Of Certain Statutes And Records If A Proper Foundation Is Not Laid Or The Parties Cannot Reach A Stipulation.**

The government requests the Court take judicial notice of the Federal Electoral College Certification Law and the admission of the Congressional Record. ECF 65 at 9. Mr. Wise does not object to the judicial notice nor the admission of the Congressional Record if properly noticed, authenticated, and relevant.

**III.    The Government's Request To Limit Discussion Of Security-Related Topics Is Premature And Overbroad.**

The government requests that the Court limit cross examination on the exact location of USCP cameras, Secret Service protocols, and law enforcement preparations. ECF 65 at 10-15. Mr. Wise does not intend to admit into evidence a map showing the location of every camera, or present evidence regarding Secret Service protocols.

However, as to the limitation of cross-examination of Secret Service protocols and surveillance camera location, the government's request is premature and overbroad. The government does not define what could be labeled as "extraneous" regarding the testimony of Secret Service witnesses. ECF 65 at 14. Therefore, it is overbroad and premature to suggest that their testimony could be irrelevant or prejudicial without the exact knowledge of its contents. Mr. Wise does not seek to

expose national security interests through cross exanimation. Rather, he requests the right to reserve cross examination on Secret Service protocols should they be deemed relevant at trial.

Further, the location of a particular camera, or cameras in a specific location of the Capitol grounds as those cameras existed on January 6, 2021, may be relevant to the reliability of the footage the government is attempting to present. The relevance will depend on the nature of the government's questions and the testimony it seeks to elicit during trial regarding any surveillance camera footage. Any cross-examination questions would be narrow and specific to the camera in question. The use of camera locations as they relate to the particular testimony of defense experts or in regards to defense exhibits are addressed in other pleadings.

Accordingly, the government's motion *in limine* is premature, and Mr. Wise reserves the right to cross-examine on the location of specific, relevant security cameras, should it become relevant at trial. If there is a need to cross-examine, Mr. Wise does not object to the government's request to have the Court conduct an in-camera hearing to resolve the issue. ECF 65 at 15 n.2.

### IV. The Defense Does Not Intend To Use Federal Rule Of Evidence 106 Improperly.

The defense does not intend to use the rule of completeness "as a backdoor to admit otherwise inadmissible hearsay." ECR 65 at 17. And this Court should reserve ruling on Federal Rule of Evidence 106 requests until such time as they are made, assuming they are made at all.

> The "rule of completeness" is a common-law rule directing that whenever a statement (oral or in writing) is offered against a party, that party introduce evidence of the circumstances in which it was made where doing so is necessary to give the jury an adequate opportunity to evaluate the evidence. Fed. R. Evid. 106 codifies an aspect of this rule governing when—i.e., at what point in the trial—the adverse party may offer such evidence.

<u>7 Jones on Evidence § 58:68 (7th ed.)</u>(discussing hearsay, the "rule of completeness," and Rule 106).

**Page 4** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

Context controls. It is solely up to the Court's discretion to judiciously apply Rule 106 and determine if an elicited statement requires additional context for the jury. *United States v. Sutton*, 801 F.2d 1346, 1369 (D.C. Cir. 1986) Under Rule 106, if the prosecution introduces inculpatory statements, the defense can immediately "argue to the court that the statements are misleading because of a lack of context, after which the court can, in its discretion, permit such limited portions to be contemporaneously introduced as will remove the distortion that otherwise would accompany the prosecution's evidence." *Id.* Applying Rule 106 in this manner "is more efficient" and presents the evidence in a manner that is more "comprehensible" to the jury. *Id.* Notably, *Sutton* found that *one* of the defendants "should have been permitted to introduce [] four portions of the recorded conversation [] if considerations of 'fairness' justified contemporaneous admission and consideration." *Id.* at 1370.

To be clear, *Sutton* held that Rule 106 *permits* the introduction of evidence that is otherwise inadmissible under other Federal Rules. *Id.* at 1368. Similarly, the Second Circuit held that Federal Rule of Evidence 611(a) may be used to enforce a rule of verbal completeness equivalent to the governance of writings of Rule 106. *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987).

V.      **The Government's Request To Preclude Improper Defense Arguments Is Overbroad.**
      A.      **The Government Misapplies First Amendment Jurisprudence.**

The First Amendment provides that "Congress shall make no law … abridging the freedom of speech." U.S. Const. amend. I. "[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens*, 559 U.S. 460, 468 (2010) (cleaned up).

The government misconstrues First Amendment protections. First, the government imagines that the defense "may seek to oppose introduction of his statements on First Amendment grounds." ECF 65 at 19. Not so. Second, the government moves "to preclude the defense from

**Page 5** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

eliciting evidence or arguing to the jury that his statements and actions were protected by the First Amendment." ECF 65 at 19. That motion is unsupported; the government asks this Court to deny Mr. Wise his right to a fair trial and due process of law in violation of the Fifth and Sixth Amendments of the United States' Constitution.

### 1. The Defense Is Not Seeking To Preclude The Mere Admission Of Mr. Wise's Statements.

The government imagines that the defense "may seek to oppose introduction of his statements on First Amendment grounds." ECF 65 at 19. Not so because the defense recognizes that "[t]he First Amendment … does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like." *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993).[1]

The defense is not arguing that the admission of Mr. Wise's statements violates the First Amendment. The defense's argument about precluding certain statements is one of relevance, reliability, and undue prejudice, not of First Amendment protections. ECF 66 at 6.

### 2. Given The Government's Theory That Mr. Wise's Speech Incited Others To Assault Officers, Mr. Wise Has The Right To Present Evidence And Argue That His Speech Is Protected Speech Rather Than Incitement.

The government claims that Mr. Wise should be precluded from arguing that his speech was protected by the First Amendment. ECF 65 at 21. The government states that none of the offenses that Mr. Wise is charged with punish protected speech. *Id.* That is not responsive to the issue in this case because Mr. Wise is not bringing a facial challenge to Counts One and Two of

---

[1] Notably, other than *Mitchell*, every case the government cites involved conspiracies and the challenged admission of otherwise protected speech to prove the conspiracy in terrorism cases. Here, Mr. Wise is not charged with conspiracy and such cases are inapposite.

**Page 6** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

the Indictment on First Amendment grounds. The issue is not whether the statutes themselves punish speech, rather the jury question is whether Mr. Wise's speech is protected given the facts of this case or whether the government can prove incitement to the jury beyond a reasonable doubt.

Specifically, Counts One and Two in violation of 18 U.S.C. §§ 231(a)(3),2, and §§ 111(a)(1), 2, respectively, are charged based on Mr. Wise's speech alone. The government argues that Mr. Wise's words were incitement, which, if proven to the jury beyond a reasonable doubt, is a categorical exception to First Amendment protections. ECF 50 at 15, n.4. Thus, Mr. Wise must be permitted to argue that his words were not incitement. It would be a denial of due process and the right to a fair trial for the government to be free to discuss the First Amendment implications of this case by arguing Mr. Wise's words constituted incitement, but for the defense to be precluded from rebutting that claim.

Mr. Wise must be free to argue that his speech is protected speech because it was not intended to incite. None of the cases the government cites hold to the contrary. For example, the government cites *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012), but that case does not prohibit a First Amendment defense. In *Amawi*, one of the defendants requested the following jury instruction that stated that he could only be convicted if his conduct was not protected by the First Amendment:

> The First Amendment of the United States Constitution guarantees to all persons the right of freedom of speech, right of freedom of association and the right of exercise of religion. A defendant cannot be convicted on the basis of his beliefs or the expression of them, even if those beliefs are unpopular or favor violence. You may find the defendant guilty if the government proves beyond a reasonable doubt that he committed the crimes charged in the indictment and that his conduct was not protected by the First Amendment.

*Amawi*, 695 F.3d at 482.

The district court declined but it did instruct the jury as follows:

**Page 7** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

> Proof that people simply met together from time to time and talked about common interests, such as political views or religious beliefs, or engaged in similar conduct, is not enough to establish a criminal agreement. You may consider these things in deciding whether the government has proved an agreement, but without more, they are not enough.

*Id.*

Applying an abuse of discretion standard on appeal, the Court in *Amawi* found that the district court's decision to deny the requested instruction was not an abuse of discretion because "the instruction the court provided properly informed the jury that merely talking with others about political or religious ideas, by itself, is not enough to support a conviction for conspiracy charges." *Id.* Nowhere in *Amawi* does the Sixth Circuit preclude First Amendment arguments. Rather it upheld a more limited version of the instruction requested by the defense and outlined that more than mere discussion was necessary to support the theory of conspiracy and a criminal conviction.

The government additionally cites *United States v. Hassan*, 742 F.3d 104 (4th Cir. 2014), without further discussion or elaboration. ECF 65 at 21. In *Hassan*, like Mr. Wise's case, the prosecution moved to preclude the defense "from arguing to the jury that their alleged unlawful conduct was protected by the First Amendment." *Id.* at 114. The trial court determined "that granting the government's motion would go too far." *Id.* (citing district court opinion). The Court in *Hassan* found that while the First Amendment provides no constitutional right to actively support violent crime, the government went too far in suggesting "that defendants should not be allowed to mention the First Amendment at all at trial, a restriction that strikes the court as inappropriate." *Id.* Although defendants cannot use First Amendment arguments to invite jury nullification, they can argue that speech is protected, unless the jury determines based on the fact and context specific circumstances that the speech constituted incitement. *Id.*

Notably, in *Hassan*, 742 F.3d at 129, the court assumed the following "instructions correctly recite the legal principles espoused therein:"

**Page 8** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

> Number 40: The First Amendment protects speech that encourages others to commit violence, unless the speech is capable of producing imminent lawless action. Speech that makes future violence more likely, such as advocating for illegal action at some indefinite time in the future, is protected. Thus, speech may not be punished just because it makes it more likely that someone will be harmed at some unknown time in the future.
>
> Number 45: The First Amendment right to free speech protects the right of an individual or group to advocate for the use of force or advocate for the violation of law so long as the speech is: 1) not directed to incite or produce imminent lawless action and 2) is not likely to incite or produce imminent lawless action. The First Amendment even protects an individual's right to praise groups or persons using terrorism as a means of achieving their ends. Advocacy is pure speech protected by the First Amendment.

*Id.* at 128.

It was not error to give different First Amendment instructions in the *Hassan* conspiracy-to-commit-acts-of-terrorism case, because "the appellants were *not prosecuted for inciting violence* [] nor would the instructions have permitted any convictions on that ground." *Id.* at 129 (emphasis added)(finding the court did not abuse its discretion by declining to give proposed instruction 40 or 45).

The government cites inapposite, non-binding decisions, while ignoring Supreme Court authority demonstrating the obvious relevance of the First Amendment to this case. Criminal charges based on a theory that speech was incitement to violence requires proof of intent, as well as a discussion of the First Amendment protections that potentially apply to such speech.

"A strong intent requirement was, and remains, one way to guarantee history was not repeated. It was a way to ensure that efforts to prosecute incitement would not bleed over, either directly or through a chilling effect, to dissenting political speech at the First Amendment's core." *Counterman v. Colorado*, 600 U.S. 66, 81 (2023) (holding that a recklessness intent requirement applies in the true threats context while noting that specific intent to incite is required in the incitement context).

**Page 9** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

> Like threats, incitement inheres in particular words used in particular contexts: Its harm can arise even when a clueless speaker fails to grasp his expression's nature and consequence. But still, the First Amendment precludes punishment, whether civil or criminal, unless the speaker's words were "intended" (not just likely) to produce imminent disorder.

*Id.* at 76 (citing *Hess v. Indiana*, 414 U.S. 105, 109 (1973) (per curiam); *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969); and *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 927–29 (1982)). "That rule helps prevent a law from deterring 'mere advocacy' of illegal acts—a kind of speech falling within the First Amendment's core." *Id.* (citing *Brandenburg*, 395 U.S. at 449).

Given the prosecution's use of an incitement theory, with aiding and abetting for liability, the jury can conclude that Mr. Wise's speech converted from protected to incitement only if the jurors unanimously finds that Mr. Wise acted "purposefully" with the "conscious[ ] desire[ ]" to achieve the "result" (*i.e.*, the result of inciting someone to assault an officer and commit acts of civil disobedience). *Id.* at 78–79 (citing *United States v. Bailey*, 444 U.S. 394, 404 (1980).

Even in dissent in *Counterman*, Justice Barrett could not deny that "[s]peakers must specifically intend to incite violence before they lose First Amendment protection." *Counterman*, 600 U.S. at 112–13 (Barrett, J., dissenting). "A specific intent requirement helps draw the line between incitement and 'political rhetoric lying at the core of the First Amendment.'" *Id.* (Barrett, J., dissenting) (citing *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 926–927 (1982)). If Counts One and Two survive the defense's motion to dismiss, whether Mr. Wise's words rise to the level of incitement is a question for the jury to decide and for the lawyers to argue.

If the government argues that certain statements Mr. Wise made are relevant to show intent, the Court can rule on those statements admissibility if an objection is raised. Because the jury decides intent, the jury needs to hear the issue of how the First Amendment may or may not protect Mr. Wise's speech.

**Page 10** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

Further, as is noted in footnote one above, the government cites multiple conspiracy cases to support its assertion that the defense has no First Amendment argument. ECF 65 at 21. Mr. Wise was not charged with conspiracy. *See* ECF 9. Thus, the cases that the government cited relating to conspiracy are inapposite. In conspiracy cases the defendant's words and agreements constitute the crime. Not so here. Mr. Wise's statements allegedly incited a non-exhaustive list of perpetrators to assault a non-exhaustive list of officers; such speech would otherwise be protected, and not inherently criminal. Therefore, a discussion of the First Amendment, and a requirement that the government prove the intent to incite is necessary under Supreme Court precedent.

### a)  Whether Mr. Wise's Speech Was Incitement Is A Question For The Jury.

The government claims that the defense "is not entitled to a First Amendment defense as a matter of law" but fails to provide case law to support their assertion. ECF 65 at 21. As courts have repeatedly determined, First Amendment protection is an issue for the jury. While the following cases are related to true threats instead of incitement, true threats and incitement are both categorical exceptions to First Amendment protections, so the cases are comparable and relevant here.

In *Viefhaus*, the defendant was charged with a conspiracy to use a telephone to transmit a bomb threat. *United States v. Viefhaus*, 168 F.3d 392, 395 (10th Cir. 1999). The defendant argued that his First Amendment rights were violated, and the court determined that it is up to the jury to determine "whether a defendant's statement is a true threat or mere political speech." *Id.* at 397. Similarly, in *Lincoln*, a defendant convicted of mailing threatening communications argued for a First Amendment defense, and the court ruled that it was up to the jury to determine "the nature of the [alleged] letter." *United States v. Lincoln*, 589 F.2d 379, 382 (8th Cir. 1979). In *Kelner,* a defendant charged with transmitting a threat through interstate commerce also raised a First Amendment defense, and the court again ruled that it should "be left [ ] to the jury to determine whether

**Page 11** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

the defendant 'intended the words as a threat against Yasser Arafat and his lieutenants… or whether he said those word as a statement of opposition to Arafat.'" *United States v. Kelner*, 534 F.2d 1020, 1025 (2nd Cir. 1976).

Thus, it is up to the jury to determine if any alleged statement Mr. Wise made constituted incitement based on proper jury instructions, requiring proof beyond a reasonable doubt that Mr. Wise specifically intended to incite a particular person to assault a particular officer, and that the assaulter was incited by Mr. Wise's words.

      **b)**    **Arguments Based on the First Amendment Would Not Violate Federal Rules Of Evidence 401 Or 403.**

The government states that failing to completely exclude the First Amendment from the trial "risks confusing the issues, wasting time, and unfairly prejudicing the jury." ECF 65 at 22. In fact, the government's radical request to exclude any such defense would infect the trial with error of constitutional magnitude.

Mr. Wise is charged with violating 18 U.S.C. §§ 231(a)(3), 2 and §§ 111(a)(1), 2 based on words alone. Since the alleged conduct that violated the statutes relates to words, the First Amendment is implicated, as it protects against government censorship. Only by ignoring clearly established Supreme Court law can the government argue otherwise. The question for the jury will be whether the alleged speech is protected or not. The government states that it will argue that Mr. Wise's speech is not protected by the First Amendment as it constitutes incitement. ECF 50 at 15, n.4.

If the indictment survives Mr. Wise's motion to dismiss, the defense will argue to the jury that Mr. Wise's speech is protected as it is not incitement. Under *Brandenburg*, the test for incitement was 1) whether the defendant specifically intended to incite imminent lawless action, and 2) whether the speech is likely to incite or produce such action. *Brandenburg*, 395 U.S. at 447. In

**Page 12** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

the criminal context, these two questions must be resolved by the jury. *Id.* The issues the jury must decide may be difficult, but constitutional rights are not confusing or a waste of time, they are fundamental to a fair trial. And deciding if speech is protected or qualifies as incitement is not unfairly prejudicial, it is the jury's job.

### B. The Government Proposes Overly Broad Limitations On Evidence And Arguments Regarding Government "Charging Decisions And Selective Prosecution."

Prematurely, the government moves to "exclude all evidence and arguments regarding its charging decisions." ECF 65 at 22. Mr. Wise, a former Supervisory FBI agent, who is being prosecuted by the FBI and DOJ, objects to the breadth of the government's motion, especially given Mr. Wise's pending motion to compel discovery in support of his claims of selective prosecution, selective enforcement, and vindictive prosecution. *See* ECF 75.

The exclusion of all such evidence and argumentation is overbroad. The government fails to provide adequate support as to why such evidence is irrelevant or substantially more prejudicial than probative. If the government provides the offending evidence, then Mr. Wise can appropriately respond. Notably, Mr. Wise does not intend to admit evidence that someone else has not been charged because such evidence would not be probative of Mr. Wise's guilt or innocence. But witness fraud, improper motives, and bias that taint the investigation and charges in this case would be relevant for various pretrial motions (e.g., ECF 75) and could be relevant for impeachment of various government witnesses.

As it stands, the motion seeks to bar a multitude of potential arguments without clear margins, which could bar valid cross examination, impeachment, or argument that Mr. Wise may elicit in trial. Notably, the government concedes that the defense is free to impeach witnesses' testimony. ECF 23 n.2.

**Page 13** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

    **C.**        **Mr. Wise Does Not Claim Entrapment Or Invoke A Public-Authority Defenses.**

The government moves to prohibit reliance on entrapment or public-authority defense. ECF 65 at 23–24. Mr. Wise does not raise an entrapment defense. Moreover, the defense has not given public-authority notice under Federal Rule of Criminal Procedure 12.3(c) because the defense is not raising a public-authority defense. Thus, this motion should be denied as moot.

    **D.**        **Mr. Wise Will Not Seek Jury Nullification.**

The government moves to prohibit the defense from seeking jury nullification through four different approaches. ECF 65 at 29. Mr. Wise will not seek jury nullification. Thus, this motion should be denied as moot.

        **1.**        **To The Extent Pertinent To Mr. Wise's Case, He May Cross-Examine Government Witnesses Regarding Their Use Of Federal Resources And The Volume And Timing Of Discovery.**

The government argues that Mr. Wise should be precluded on relevance grounds from mentioning the volume, nature, or timing of discovery in this case. This argument lacks support. *See* ECF 65 at 25–26.

The Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him." U.S. Const. amend. VI. This guarantee protects the right of the accused to engage in cross-examination. *See United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014). Cross-examination is proper to elicit adequate information to allow a jury to assess a witness's credibility, motives, or possible bias. *United States v. Callahan*, 801 F.3d 606, 624 (6th Cir. 2015); *United States v. Cueto*, 151 F.3d 620, 638 (7th Cir. 1998). Trial judges retain wide latitude in ruling on objections to avoid harassment, prejudice, confusion of the issues, and to ensure that cross-examination is not repetitive or only marginally relevant. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). A trial court can violate the Sixth Amendment if it curtails cross-examination to an extent that prevents the jury from making a discriminating

appraisal of a witness' testimony. *United States v. Valles*, 41 F.3d 355, 359 (7th Cir. 1994). Cross-examination may include questions "directed toward revealing possible biases, prejudices, or ulterior motives of the witness." *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974). Therefore, the defense must be free to cross-examine government witnesses within proper limitations that are withing this Court's discretion. The government's motion should be denied as premature, overbroad, and moot at this point.

### E. Mr. Wise Does Not Intend To Present Impermissible Character Evidence.

The government moves to exclude improper character evidence. ECF 65 at 26–27. Mr. Wise will not seek to introduce improper character evidence. Thus, this motion should be denied as moot.

The potential "pertinent" character traits that are relevant to the charges against Mr. Wise are peacefulness and nonviolence as well as a law-abiding nature. FED. R. EVID. 404(a); *In re Sealed Case*, 352 F.3d 409, 412 (2003); *United States v. Carpenter*, No. 21-305 (JEB), 2023 WL 1860978, at *4-5 (D.D.C. Feb. 9, 2023). The character trait of "law-abidingness is pertinent to almost all criminal offenses." *In re Sealed Case*, 352 F.3d at 412. Further, honesty and truthfulness are also pertinent when the "prosecution attacks the defendant's credibility." *Id.*

The character traits of peacefulness and law-abidingness are admissible, "but only by 'testimony about [the defendants] reputation or by testimony in the form of an opinion' under Rule 405(a), not via evidence of prior acts." *Carpenter*, 2023 WL 1860978 at *4-5. Given the felony forcible assault charge, Mr. Wise may certainly elicit character-witness testimony to show he is peaceful and nonviolent. Testimony regarding Mr. Wise's credibility, honesty, and truthfulness is also permissible since the government alleges that he intended to incite violence and civil disobedience.

**Page 15** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

The same logic applies to the government's argument regarding specific conduct. *In re Sealed Case*, 352 F.3d at 412; *Carpenter,* 2023 WL 1860978 at *4-5. The government argues that bravery and patriotism are not pertinent character traits in this case. In both the cases the government references, the charged offenses are vastly different from this case. *United States v. Nazzaro*, 889 F.2d 1158, 1160 (1st Cir. 1989) (The defendant was charged with mail fraud, perjury and conspiracy); *United States v. Morison*, 622 F. Supp. 1009, 1011 (D. Md. 1985) (The defendant was charged with unlawfully transmitting photographs related to national defense and retaining documents that an U.S. employee were supposed to receive). Given the issue of Mr. Wise's motive or intent which are directly at issue based on the criminal charges (i.e. whether the motivation in his time at the Capitol was to assault officers or to stop a fair election result), alternative motivations such as coming to the aid of someone who is being subjected to illegal, excessive force, or patriotic beliefs about the proper role of law enforcement, may be directly relevant to rebut the evidence regarding Mr. Wise's intent or motive on the day in question.

### 1. Mr. Wise Does Not Intend To Claim Ignorance Of The Law.

The government requests the Court preclude evidence and arguments regarding ignorance of the law or the illegality of the charged conduct. ECF 65 at 27. However, the government incorrectly stated that Mr. Wise should not be permitted to ask witnesses whether they intended to commit crimes. ECF 65 at 28. Here, it is highly probable that the government will call a potential witness as a principal or accomplice to either felony charge. If the government does so, "it is essential to a fair trial that the court allow the defendant to cross-examine [principal witnesses appearing on behalf of the prosecution] as widely as the rules of evidence permit." *United States v. Padgent*, 432 F.2d 701, 704-05 (2d Cir. 1970). Therefore, if the government calls a witness "implicating [the] defendant as a perpetrator of a crime," it is permissible to ask if they intended to

**Page 16** – Response to the Government's Omnibus Motions *In Limine* [ECF 65]

commit crimes. *Id.* at 704. Moreover, to the extent the government must prove knowledge or intent, the defense is certainly free to argue they have not met that burden.

      **2.**      **Mr. Wise Will Not Argue To The Jury The Possible Prison Penalties.**

The government seeks to preclude evidence regarding potential penalties or consequences from the jury. ECF 65 at 28. Mr. Wise does not intend to elicit evidence or argue about punishment.

      **F.**      **Mr. Wise Reserves The Right To Present Supported Claims Of Defense Of Others or Self Defense.**

The government asserts that a defendant cannot claim self-defense if he was the aggressor of the altercation with law enforcement. ECF 65 at 29. Because the government claims Mr. Wise's words incited some unnamed persons to assault some non-exhaustive list of possible officer victims, these assertions are irrelevant. *See* ECF 9 at 1-3. Mr. Wise is not the aggressor in any fight.

Depending on the evidence at trial, Mr. Wise may contend that his words were spoken in self-defense of others upon viewing the excessive force used by law enforcement. With a charge under 18 U.S.C. § 111(a)(1), "an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances." *United States v. Weekes*, 517 F. App'x 508, 510-11 (6th Cir. 2013). The Court should defer ruling on any affirmative defense of self-defense of another until after evidence is presented and a jury instruction is requested.

## VI. Conclusion

For the above reasons, Defendant Jared Wise requests that the Court deny the government's motions *in limine* to which he has objected.

Respectfully submitted on August 5, 2024.

            */s/ Peyton Lee*
            Peyton Lee, OSB No. 164224,
            Assistant Federal Public Defender
            101 SW Main Street, Suite 1700
            Portland, OR 97204
            (503) 326-2123
            Email: Peyton_Lee@fd.org

            Counsel for Jared Lane Wise