IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff,<br><br>v.<br><br>Jared Lane Wise,<br><br>         Defendant. | Case No. 1:23-cr-00184-RDM<br><br>Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43) and Request for *Franks* Hearing |

**Table of Contents**

A. Supplemental arguments in support of Motion to Suppress Evidence (ECF 43) based on the Fifth Circuit's decision in *United States v. Smith* .................................................................................................. 2

B. Relevant Facts ............................................................................................... 3

 1. On or before February 4, 2021, law enforcement was required to executed various geofence warrants, including an AT&T geofence warrant, not targeted at any specific person. .................................................................................................. 3

 2. In this case, the government stated in September 2021 that everything relating to the investigation into Mr. Wise would be available in discovery but did not produce the geofence warrants *from early 2021* until March 2022. .............................. 4

 3. If the geofence warrant was *not* executed "on or before February 4, 2021," by its explicit limitations, any results would be tainted. ................................................................................ 4

 4. Via an AT&T geofence warrant, which the FBI was required to execute on or before February 4, 2021, the FBI determined that Jared Wise's cellphone was active at the U.S. Capitol on January 6, 2021, and based on that determination the FBI investigated Mr. Wise. ............................................. 5

 5. In May and November of 2022, search warrants were signed for further AT&T records of Mr. Wise following the FBI's investigation and their initial identification of Mr. Wise via geofence warrant. ................................................ 6

C. Analysis ........................................................................................................ 7

Page 1 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

1. Like in *United States v. Smith*, this Court should conclude that geofence warrants violate the Fourth Amendment.................................7

2. Law enforcement knew of the geofence warrants and their findings, yet omitted that information from their subsequent search warrants, showing that their omission was intentional, and they knew their conduct was wrongful........................ 9

3. *United States v. Smith* held that geofence warrants *are* categorically prohibited; consistent with that holding, this Court should exclude all fruits of the geofence warrants, including the AT&T warrants from May and November of 2022. ...........................................................................................................12

4. Mr. Wise requests a *Franks hearing* as the fruits of subsequent AT&T warrants from May 2022 and November 2022 should be suppressed because they omit material information regarding the geofence warrant in their applications. ...................................................................................................15

D. Conclusion ...................................................................................................................19

**A.   Supplemental arguments in support of Motion to Suppress Evidence (ECF 43) based on the Fifth Circuit's decision in *United States v. Smith*.**

Defendant, Jared Wise, through counsel, Kurt David Hermansen, moved to suppress evidence (ECF 43). The government responded accordingly (ECF 56). Defense now submits this Supplemental Argument to Defense's Motion to Suppress Evidence. To the extent this supplement raises new arguments from the defense's initial motions, the government should have an opportunity to respond.

B.    **Relevant Facts**

1.    **On or before February 4, 2021, law enforcement was required to executed various geofence warrants, including an AT&T geofence warrant, not targeted at any specific person.**

On January 22, 2021, Magistrate Judge G. Michael Harvey signed a search warrant that was, effectively, a geofence warrant.[1] The geofence warrant "COMMANDED [law enforcement] to execute this warrant on or before February 4, 2021,"[2] and authorized a search of data from several cell towers whose records were stored by AT&T for specific time frames within and around the Capitol on January 6, 2021.[3] Among other things, this search warrant authorized the search and seizure of: (a) records that included identifiers of wireless devices in the Capitol; (b) the "sectors" that received communication from the devices in that area; (c) evidence of the identity or location of the user; (d) evidence of criminal activity under investigation; (e) evidence of state of mind in relation to that criminal activity, and (f) evidence concerning the events of January 6, 2021.[4]

The search warrant affidavit alleged numerous possible crimes had been committed by known and unknown persons, subjects, or individuals, and that fruits of the warrant would identify which wireless devices were in the vicinity at certain times on January 6, 2021.[5]

---

[1] Ex. Y (Case No. 1:21-sc-00104-GMH, ECF 8 at 1-2) (docketed Jan. 20, 2021). Exhibit Y is the January 1, 2022 geofence warrant that is the target of this supplemental suppression argument.
[2] Ex. Y at 2.
[3] Ex. Y at 4–5.
[4] Ex. Y at 6–9.
[5] *Id.* at 14, 17–22, 27.

2. **In this case, the government stated in September 2021 that everything relating to the investigation into Mr. Wise would be available in discovery but did not produce the geofence warrants *from early 2021* until March 2022.**

On September 10, 2021, in Relevant Global Discovery — Production 1, the government stated that everything would be accessible in Relativity. But the AT&T geofence warrant, along with similar general geofence warrants, were not produced in Global Discovery until March 4, 2022. Relevant Global Discovery — Production 12. This was six months after the government stated everything would be accessible and over a year after the initial geofence search warrants were signed.

3. **If the geofence warrant was *not* executed "on or before February 4, 2021," by its explicit limitations, any results would be tainted.**

The geofence warrant COMMANDED that it had to be executed "on or before February 4, 2021.[6] To Defense, the government has only produced a single .txt file in discovery on 7/19/2023[7] as the entirety of the geofence results (that pertain to Mr. Wise) from the original geofence warrant. That .txt file's "timestamp" column in the second set of data is "2021-04-18…" which is obviously well after February 4, 2024. Questions remain at the time of the filing of this motion. They include:

Was the geofence warrant executed on 4/18/2021?

    If, not what does that date signify?

What proof, if any, is there that the geofence warrant was executed on or before February 4, 2021?

---

[6] Ex. Y at 2. (CAPD_000052746).
[7] WISE-000049.

Page 4 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

If the warrant was not timely executed as the judge COMMANDED (i.e., on or before February 4, 2021), the search was not judicially sanctioned and thus was invalid.

4. **Via an AT&T geofence warrant, which the FBI was required to execute on or before February 4, 2021, the FBI determined that Jared Wise's cellphone was active at the U.S. Capitol on January 6, 2021, and based on that determination the FBI investigated Mr. Wise.**

In October of 2021, shortly after Mr. Wise accused GED of defrauding him, GED gave a tip to the FBI alleging Mr. Wise was present at the Capitol on January 6.[8] But the FBI ostensibly already knew by February 4, 2021, that Mr. Wise's cellphone was used at the U.S. Capitol on January 6, 2021. A March 22, 2022, FBI-302 report confirms Mr. Wise's presence at the Capitol on J6.[9] That FBI-302 report mentions the findings of the January 2021 AT&T geofence warrant that had to be executed on or before February 4, 2021.[10] The AT&T geofence warrant produced cell site data for Mr. Wise's device, an "Apple iPhone XR (A1984) with IMEI 353 055 105 652 8919," being present inside the Capitol.[11] The same FBI-302 report summarizes CLEAR, Accurint, NCIC, and open-source database search results from March 10, 2022.[12] But conspicuously absent from the produced copy of the FBI-302 report is the date of GED's tip. Also conspicuously absent from that March 22, 2022, FBI-302 report is any mention of the fact that the January/February 2021 AT&T

---

[8] Ex. X at 3 (WISE-003411). Exhibit X contains preliminary investigation summary minutes from a June 26, 2023 interview of confidential sources GED.
[9] Ex. Z. Exhibit Z FBI Agent SJL's March 22, 2022, FBI-302 report, which summarizes various investigative information and database search results.
[10] Ex. Z.
[11] Ex. Z.
[12] Ex. Z at 2–3 (Wise 00449-50).

Page 5 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

geofence warrant fruits identified Mr. Wise's phone use about nine months *before* GED's October 2021 tip.

5. **In May and November of 2022, search warrants were signed for further AT&T records of Mr. Wise following the FBI's investigation and their initial identification of Mr. Wise via geofence warrant.**

On May 5, 2022, Magistrate Judge Meriweather signed a search warrant authorizing the first of the AT&T searches that Mr. Wise outlined in his Motion to Suppress Evidence.[13] While the results of the prior geofence warrants were readily available to the government, as shown by the March 22, 2022, FBI-302 report and the geofence warrant itself being put into discovery on March 4, 2022, the results of the geofence warrants were conspicuously missing from the new May 5, 2022, warrant application.[14] The government agent only mentioned that a tip came in regarding Mr. Wise's presence at the Capitol.[15] Law enforcement stated the tip came in on January 26, 2022, a whole year after the geofence warrants had been issued.[16] This appears wrong because, as GED stated, he submitted the tip to the FBI in October 2021.[17] After GED's tip came in, law enforcement conducted database searches to identify Mr. Wise's phone carrier.[18] Inexplicably, the agent makes no mention of the geofence warrants, nor their results, even though they were aware the results identified Mr. Wise.[19]

---

[13] ECF 43 Ex. A. Exhibit A is a May 5, 2022 search warrant for the cellphone associated with Jared Wise.
[14] ECF 43 Ex. A at 25.
[15] ECF 43 Ex. A at 25, ¶ 38.
[16] ECF 43 Ex. A at 25, ¶ 38.
[17] Ex. X at 3 (WISE-003411).
[18] Ex. X at 3 (WISE-003411).
[19] Ex. X at 3 (WISE-003411).

A similar warrant was issued for AT&T records on November 23, 2022,[20] again lacking any reference to the geofence warrants and without specific identification of the original date of GED's tip, which was outlined in an October 2021 email (i.e., well before January 2022) via an *undisclosed* "introductory email from retired [FBI] SSA [named redacted] to [ADIC] D'Antuono."

C. Analysis

1. **Like in *United States v. Smith*, this Court should conclude that geofence warrants violate the Fourth Amendment.**

Recently, the Fifth Circuit held that geofence warrants are general warrants and are thus "categorically prohibited by the Fourth Amendment." *United States v. Smith*, 110 F.4th 817, 838 (5th Cir. 2024). For a geofence warrant, law enforcement "'specifies a location and period of time'" and requests that companies broadly sweep their location databases and provide a list of devices and users found within that location and time frame. *Id.* (quoting *Geofence Warrants and the Fourth Amendment*). While Google has been the subject of many geofence warrants, other companies, such as AT&T, can be forced to provide this location data of unknown subjects. *See Smith*, 110 F.4th at 822.

The Fifth Circuit, rightfully, was very concerned with the possible constant surveillance ordinary citizens are subjected to. *Id.* at 833. Geofence warrants, even if capturing one moment, can expose extremely sensitive information, such as visits to an "'abortion clinic, the AIDS treatment center, [or] the strip club.'" *Id.* (quoting Amster & Diehl, *Against Geofences*). It is profoundly disturbing that our government can track individuals without particularized cause. *Id.* at 834.

---

[20] ECF 43 Ex. B.

Page 7 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

Notably, the Fifth Circuit believes that the third-party doctrine does not save geofence warrants from unconstitutional infirmity. *Id.* All too often, ordinary citizens must opt-in to trust companies with sensitive information just to use their devices. *Id.* at 835. In the modern world, this can hardly be voluntary as everyone must now carry some sort of cellular device with them. *Id.* Thus, the Fifth Circuit eschewed the third-party doctrine, and concluded that there is a reasonable expectation of privacy in someone's Location History data. *Id.* at 836.

When discussing the constitutionality of geofence warrants, the Fifth Circuit noted that law enforcement requires companies to search their whole databases to provide the requested data to law enforcement. *Id.* at 837. One of the main constitutional problems is that the warrants "*never* include a specific user to be identified." *Id.* These warrants turn into fishing expeditions that have been held to violate the Fourth Amendment. *Id.* Law enforcement requires that companies search their entire databases, only to then narrow down the results after without even a description of any suspect. *Id.* at 837–38. Thus, it is no surprise that the Fifth Circuit held that the Fourth Amendment categorically prohibits geofence warrants. *Id.* at 838.[21]

In *Smith*, the Fifth Circuit applied the good-faith exception to the exclusionary rule to avoid suppressing fruits of the illegal geofence warrant in that case. But, in *Smith*, the geofence warrant was issued in 2018; so, the court reasoned that the good faith exception applied because geofence

---

[21] The Fourth Circuit reached a different conclusion. *United States v. Chatrie*, 107 F.4th 319, 339 (4th Cir. 2024) (holding a geofence warrant did not violate the Fourth Amendment because the defendant had no reasonable expectation of privacy in location data for two hours). The Fifth Circuit provides better reasoning in its decision, noting the lack of particularity and the reasonable expectation of privacy in a user's location history.

Page 8 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

warrants were relatively novel in 2018. *Id.* at 840. That is not the case here, however, because the geofence warrants were issued three years later, in 2021 and were no longer novel.

2. **Law enforcement knew of the geofence warrants and their findings, yet omitted that information from their subsequent search warrants, showing that their omission was intentional, and they knew their conduct was wrongful.**

Agents had already identified Mr. Wise via a geofence warrant focusing on AT&T subscribers in January 2021. This is evident from the FBI-302 Report from March 22, 2022, which had a heading titled "Capitol Riot Geo-Fence Results," that included statements that Mr. Wise's device was identified as being in the Capitol on January 6, 2021.[22] The AT&T geofence warrant had to be executed on or before February 4, 2021, almost a full year before the anonymous tip came in.[23]

The geofence findings were known to law enforcement well before their investigation allegedly started into Mr. Wise because the geofence warrant had to be executed on or before February 4, 2021.

A subsequent AT&T search warrant discussed in ECF 43 was signed on May 5, 2022. Law enforcement, in their application for the May 2022 warrant, stated that their identification and investigation into Mr. Wise began *after* a tip in January 2022.[24] That assertion is contradicted by GED's claim that he made the tip in October 2021.[25] Moreover, conspicuously absent from the warrant affidavit is any mention of any geofence warrant or if Mr. Wise had been identified or not identified by a geofence warrant.[26]

---

[22] Ex. Z at 1 (WISE-000448).
[23] Ex. Y (Case No. 1:21-sc-00104-GMH, ECF 8) at 2.
[24] ECF 43 Ex. A at 25.
[25] Ex. X at 3 (WISE-003411).
[26] ECF 43 Ex. A at 25.

In *Smith*, the Fifth Circuit only applied the good-faith exception to the exclusionary rule to a single 2018 geofence warrant because of the novelty of geofence warrants in 2018 and because nothing indicated that law enforcement believed what they were doing was wrong. 110 F.4th at 839–40. Dissimilarly, here, law enforcement conspicuously ignored the AT&T geofence warrant from January 2021 that identified Mr. Wise's cellphone activity at the U.S. Capitol on January 6. If they wanted to strengthen their warrant affidavit, they would have included the positive search results in their subsequent search warrant affidavits to demonstrate that Mr. Wise was at the Capitol on January 6. Instead, law enforcement's affidavit for the AT&T search warrants in May and November of 2022 curiously only make mention of GED's tip about Mr. Wise's possible involvement.[27] And although GED provided the tip in October 2021, the affidavit stated that the tip was made January 26, 2022.[28] Furthermore, the affidavit then discussed a targeted search for Wise's device, which law enforcement claimed was the point at which they identified Wise's device.[29] Law enforcement did not use the words "geofence warrant" nor did they identify when that targeted search for Mr. Wise's device occurred. It appears that they scrubbed the affidavit clean of any mention of the geofence warrants.

Logic dictates that they omitted the geofence warrant information because law enforcement knew what they were doing was wrong. One of the main purposes of the exclusionary rule is "deter police misconduct." *United States v. Leon*, 468 U.S. 897, 916 (1984). Search warrant affidavits are not to be filled out carelessly. Why would law enforcement, who is usually so careful that they

---

[27] ECF 43 Ex. A at 25.
[28] ECF 43 Ex. A at 25.
[29] ECF 43 Ex. A at 25.

Page 10 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

include as many facts supporting probable cause as they can, leave out the fact that Mr. Wise's device was already identified via geofence warrant? Why would they assert their identification and investigation of Mr. Wise began only after an anonymous tip when Mr. Wise's device had been identified on or before February 4, 2021, many months before GED's October 2021 (or January 2022) tip? Law enforcement knew that geofence warrants were too sweeping to survive meaningful Fourth Amendment scrutiny. They knew of the geofence warrants and intentionally excluded them, the exact kind of conduct that is "sufficiently deliberate" that the exclusionary rule can "meaningfully deter." *Herring v. United States*, 555 U.S. 135, 697 (2009).

Adding to law enforcement's knowledge of their own wrongful conduct, they claimed in the May 2022 search warrant affidavit that the investigation into Mr. Wise began after a tip from an informant in January of 2022.[30] As indicated above, this mischaracterizes when law enforcement's investigation into Mr. Wise began. In an interview that included an AUSA formerly on this case and an FBI agent, the informant, GED, responded to a question indicating that he had given the tip to the FBI in October of 2021.[31] GED had even said that the FBI acknowledged they had received a tip in October of 2021.[32]

Yet, the search warrant signed in May 2022, for AT&T's records, indicated that the investigation into Mr. Wise began *after* receiving a tip from this informant in January 2022.[33] These omissions regarding the timeline of the investigation into Mr. Wise are problematic. Law

---

[30] ECF 43 Ex. A at 25.
[31] Ex. X at 3 (WISE-003411).
[32] Ex. X at 3 (WISE-003411).
[33] ECF 43 Ex. A at 25.

Page 11 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

enforcement's affidavit does not mention that a geofence warrant was executed, which revealed that Mr. Wise's cellphone was used in and around the Capitol on January 6. Nor does the affidavit mention that GED's tip was made in October 2021 rather than January 2022. These facts add up to law enforcement hiding the fact that a geofence warrant occurred and was used to identify Mr. Wise. By indicating that the tip came in January 2022 rather than October 2021, law enforcement distances themselves from the time that the geofence warrants were signed and executed. It makes it seem like their subsequent investigations had nothing to do with a geofence warrant. Covering up geofence warrants and their results shows that law enforcement knew that geofence warrants cast too broad a net to survive Fourth Amendment scrutiny.

Therefore, any direct or indirect evidence or tainted fruits that came from the AT&T search warrants from May and November of 2022 should be suppressed.

3. ***United States v. Smith*** **held that *geofence warrants are* categorically prohibited; consistent with that holding, this Court should exclude all fruits of the geofence warrants, including the AT&T warrants from May and November of 2022.**

The Fifth Circuit has held that geofence warrants are categorically prohibited as they are a general search warrant and, essentially, a fishing expedition. *Smith*, 110 F.4th at 838. Warrants themselves need to describe with particularity "the place[s] to be searched, and the persons or things to be seized." *Zweibon v. Mitchell*, 516 F.2d 594, 628 (D.C. Cir. 1975). As pointed out in *Smith*, when a company complies with a geofence warrant, they search their *entire* database, which is hundreds of millions of subscribers. 110 F.4th at 837.  They specify no actual target, only a time range and location. *Id.* at 822.

In the January 6 cases like Mr. Wise's case, law enforcement identified the Capitol building and numerous areas surrounding it and a timeframe on January 6, 2021.[34] But limiting the geofence search to a specific place and a specific timeframe is not particular enough for Fourth Amendment purposes. *Smith*, 110 F.4th at 837. The geofence warrants that were executed for January 6, including the one served on AT&T that identified Mr. Wise's cellphone use, serve as general warrants, the kind the Constitution categorically prohibits. *Id.* at 838.

Here, the search warrant application for the geofence warrants were lacking in many ways. For starters, there was no particularity as to the people to be searched. That flaw sounds the death knell for the geofence warrants and their tainted fruits. The subjects of the warrant were merely referred to as "unknown persons" or "known and unknown individuals."[35] *Smith* determined that this is already lacking in particularity as no specific person is being searched. 110 F.4th at 822. Furthermore, the January 6 geofence warrants specified a rather large space to search (the Capitol building and much of the surrounding area) and under *Smith*, that this is not particular enough. *Id.* at 837. The facts presented here are highly indicative of a general warrant fishing expedition, the exact kind that the Constitution does not tolerate. *Id.* at 838.

Furthermore, any evidence or subsequent searches that were derived from geofence searches should be suppressed. Evidence "that would likely not have been found but for a Fourth Amendment violation" should be suppressed under the "fruit of the poisonous tree" doctrine. *United States v. Peyton*, 745 F.3d 546, 556 (D.C. Cir. 2014). Essentially, evidence derived from an

---

[34] Case No. 1:21-sc-00104-GMH, ECF 8 at 4-5.
[35] Ex. Y (Case No. 1:21-sc-00104-GMH, ECF 8) at 17–22.

Page 13 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

unlawful search, whether directly or indirectly, should be excluded. *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963); *See also United States v. Jordan*, 958 F.2d 1085, 1089 (D.C. Cir. 1992) (citing *Wong Sun*, "evidence secured as the result of an illegal search or seizure is tainted 'fruit of the poisonous tree,' and not admissible at trial"). As Mr. Wise has already established above, the execution of the geofence warrant is already a kind of deliberate wrongdoing law enforcement was aware of that can be deterred effectively via the exclusionary rule. While the May and November 2022 AT&T search warrants do not directly mention the geofence warrant, much of the information supporting probable cause was tainted by the January 2021 geofence warrant.

The 2022 search warrants state that, because of a tip, the FBI searched their databases, found that AT&T carried Mr. Wise's phone number, and conducted a targeted search of Mr. Wise's phone records to see if he was at the Capitol on January 6.[36] Yet, the FBI already had identified Mr. Wise's device at the Capitol via the geofence warrants.[37] Law enforcement omitted this information and acted as if they confirmed Mr. Wise's device's presence via a targeted search on a subsequent warrant.[38] They do not mention what type of warrant this was, nor do they mention the date it was signed or executed.[39] Law enforcement claimed they searched their database for the number and obtained a warrant targeting Mr. Wise's device.[40] The more probable scenario is that law enforcement found Mr. Wise's device via the 2021 geofence warrants, as shown by the March 22, 2022 FBI-302 Report, and identified the device that way. Law enforcement omitted the

---

[36] ECF 43 Ex. A at 25.
[37] Ex. Z (WISE-000448).
[38] *See* ECF 43 Ex. A at 25.
[39] *See* ECF 43 Ex. A at 25.
[40] ECF 43 Ex. A at 25.

Page 14 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

geofence warrant results, or at the very least mischaracterized the warrant as a search warrant targeted specifically at Mr. Wise, when it was really targeted at "known and unknown individuals."[41]

Once the information that law enforcement got from the geofence warrant is removed from the May and November warrant affidavits, the affidavits do not contain probable cause to search for Mr. Wise's calls and texts from the 2022 warrants. *See United States v. Karo*, 468 U.S. 705, 719 (1984) (holding that evidence obtained illegally must be excluded from subsequent search warrants to determine whether probable cause remains). Agents knew their conduct was wrongful and thus tried to hide it under the cover of a tip followed by a search warrant targeted specifically at Mr. Wise. But they had already identified Mr. Wise's device through unconstitutional means and needed to state a "clean" way they began their investigation. Thus, the evidence seized from the May and November 2022 warrants should be suppressed.

4. **Mr. Wise requests a *Franks hearing* as the fruits of subsequent AT&T warrants from May 2022 and November 2022 should be suppressed because they omit material information regarding the geofence warrant in their applications.**

Alternatively, the two subsequent AT&T warrants should be suppressed under *Franks v. Delaware* because that material information was omitted from them. Once a defendant has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included … in the warrant affidavit" and that statement was necessary for a finding of probable cause, there must be a hearing at the defendant's request. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). This rule applies to material omissions from the affidavit. *United States v. Johnson*, 696 F.2d 115, 118 n.21 (D.C. Cir. 1982); *see also United States v. Dorman*, 860 F.3d

---

[41] Ex. Y (Case No. 1:21-sc-00104-GMH, ECF 8) at 17–22.

675, 684 (D.C. Cir. 2017). An omission is material when its "inclusion in the affidavit would defeat probable cause." *United States v. Spencer*, 530 F.3d 1003, 1007 (D.C. Cir. 2008). To obtain a *Franks* hearing, the defendant must show, "(1) the affidavit contained false statements; (2) the statements were material to the issue of probable cause; and (3) the false statements were made knowingly and intentionally, or with reckless disregard for the truth." *Dorman*, 860 F.3d at 684; *see also United States v. Richardson*, 861 F.2d 291, 293 (D.C. Cir. 1988).

Law enforcement omitted facts in their affidavit, satisfying the first prong of *Franks*. As shown by the FBI 302 Report, law enforcement was aware of the existence and findings of the geofence warrant which identified Mr. Wise.[42] Furthermore, GED made reference to the fact that he had actually given his tip in October of 2021.[43] Neither of these facts were contained in the affidavit for the May 2022 AT&T search warrant.[44] In fact, law enforcement asserted their entire investigation and identification of Mr. Wise began after a January 26, 2022,[45] tip, not in October 2021 when GED first provided his tip, nor in January or February of 2021 when the geofence warrant was executed and identified Mr. Wise.[46] This constitutes an omission, which is included in the first prong of *Franks* under *Dorman*. 860 F.3d at 684.

The omissions are also material to the issue of probable cause in the 2022 AT&T search warrants. Law enforcement already knew that geofence warrants may be ruled unconstitutional. Thus, inclusion of the geofence warrants would actively hurt a finding of probable cause because

---

[42] Ex. Z (WISE-000448).
[43] Ex. X at 3 (WISE-003411).
[44] *See* ECF 43 Ex. A at 25.
[45] ECF 43 Ex. A at 25, ¶ 38..
[46] ECF 43 Ex. A at 25.

Page 16 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

they are not particularized. *See Smith*. 110 F.4th at 838. Law enforcement knew this, as they omitted the findings of the geofence warrant in their application for the 2022 AT&T warrants.[47] Furthermore, law enforcement may have wanted to distance themselves from the geofence warrants that were conducted. Thus, they omitted GED's tip from October of 2021 and instead referred to GED's later statement made in January 2022. This way, the investigation was seemingly not tainted by the geofence warrant. Had law enforcement stated that the investigation began with a geofence warrant that identified Mr. Wise, the judge would have been much more reluctant to issue the May and November 2022 AT&T search warrants because geofence warrants on their own are questionable, not particularized, and may be ruled unconstitutional. Had the geofence warrant findings and the tip from October 2021 been included, the timing of the investigation would be questioned and probable cause would be defeated as geofence warrants are harshly criticized.

  Finally, the omissions were made knowingly and intentionally, or with reckless disregard for the truth. As established in the arguments above, law enforcement was aware of their unconstitutionality but omitted it in their search warrant applications for the May and November 2022 warrants. Including the geofence warrant fruits would have tainted probable cause because the court could find those warrants invalid. Law enforcement knew that the geofence warrants may be ruled unconstitutional, and thus would not be able to establish probable cause. So, they waited for their tip and used the geofence warrant results to justify a search warrant and either mischaracterized the geofence warrant as a search targeted at Mr. Wise or confirmed their tip by searching the results of their geofence warrant, indicating that as their targeted search. Because the FBI knew of the

---

[47] *See* ECF 43 Ex. A at 25 and Ex. B at 28.

Page 17 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

geofence warrant findings and the tip from October of 2021, the third prong of *Franks* is satisfied. Because Mr. Wise has made a "substantial preliminary showing," of the three prongs, a *Franks* hearing is necessary to determine whether the 2022 AT&T search warrants and their fruits should be excluded.

The FBI's entire investigation began not when they received a tip (in October 2021 or on January 26, 2022), but a year before when the first geofence warrant was executed *on or before* February 4, 2021. They got their results identifying Mr. Wise's cellphone — on or before February 4, 2021 — and needed a way to continue the investigation in a clean way.

As stated in the search warrant affidavit, a tip came in concerning Mr. Wise.[48] Law enforcement did not have to go far to look for Mr. Wise, they already confirmed his device was at the Capitol via geofence.[49] All they had to do was search their geofence data and state that they found his information by conducting a search specifically for Mr. Wise's device, when in reality they obtained it from geofence results.[50]

The rest of the information that followed the geofence warrant results stemmed from the information obtained from the geofence results. Thus, any information that followed the geofence warrant results should be removed from the search warrant as well, also leaving no probable cause within the four corners of the warrant. *See Karo*, 468 U.S. at 719 (warrants can only remain valid if "sufficient untainted evidence was presented in the warrant affidavit.").

---

[48] ECF 43 Ex. A at 25.
[49] Ex. Z (WISE-000448).
[50] ECF 43 Ex. A at 25.

Page 18 – Supplemental Argument Supporting Defense's Motion to Suppress Evidence (ECF 43)

D.     **Conclusion**

For the above reasons, the Court should suppress the findings from the geofence warrants from 2021 and all evidence derived, directly or indirectly, from those warrants, including the warrants signed on May 5, 2022, and November 23, 2022.

Respectfully submitted on September 23, 2024.

*s/ Kurt David Hermansen*
Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR  97401
Tel: (619) 436-8117
Fax: (541) 465-6975
Email: kurt_hermansen@fd.org
**Attorney for Defendant Jared Lane Wise**