UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Crim. No. 23-CR-184 (RDM) |
| JARED LANE WISE, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO RECONSIDER AS MOOT OR MODIFY
DEFENDANT'S *SUBPOENA DUCES TECUM* TO THE FEDERAL BUREAU OF
INVESTIGATION**

The United States respectfully moves this Court to reconsider as moot or modify the Defendant's *Subpoena Duces Tecum* addressed to the Federal Bureau of Investigation (FBI) (attached as Exhibit 1). In contrast to Defendant's Motion, which stated that the subpoena was for "Mr. Wise's personnel file," ECF 48 at 1, the subpoena issued is not limited to employment records and instead requests "Jared Lane Wise's FBI records." As written, the requests fail to satisfy the relevancy, admissibility, and specificity requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974). To the extent the subpoena seeks readily identifiable employment records, the materials have been produced. For these reasons, the United States respectfully requests that the Court reconsider as moot or modify the subpoena.

I.   **Legal Standard**

Federal Rule of Criminal Procedure 17 provides that a party may issue a subpoena requiring an individual "to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). However, that power is not unlimited: "Rule 17 does not authorize pretrial production absent Court approval." *United States v. Bing Tang Vo, et. al.*, 78 F. Supp. 3d 171, 174 (D.D.C. 2015). Further, regardless of the subpoenaed party's standing,

1

"it is this court's duty to make certain that the subpoena power is invoked is invoked legitimately and legally." *Vo* at 176, *quoting United States v. Santiago-Lugo,* 904 F. Supp. 43, 45 (D.P.R. 1995).

To that end, Rule 17 provides that the Court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The standard for evaluating whether a subpoena is "unreasonable or oppressive" was articulated by the Supreme Court in *Nixon*. 418 U.S. at 699-700. According to the Supreme Court, the party seeking to enforce a subpoena must demonstrate:

(1) that the documents are evidentiary and relevant;

(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id*. Courts have consistently ruled that Rule 17 was intended as a vehicle to secure specific pieces of evidence for trial and, conversely, that Rule 17 "was not intended to provide a means of discovery for criminal cases." *Id.* at 698-700; *see also United States v. Fitzsimons,* No. 21-cr-158 (RC), ECF No. 91 (D.D.C. Aug. 14, 2022).

Rather, Rule 16 defines the permissible limits of discovery in criminal cases. *See United States v. Buckley,* 586 F.2d 498, 506 (5th Cir. 1978), *cert. denied,* 440 U.S. 982 (1979). It is improper to use a Rule 17 subpoena to circumvent the proscriptions of Rule 16. *See United States v. Edwards,* 191 F. Supp. 2d 88, 89 (D.D.C. 2002) ("While a Rule 17(c) subpoena duces tecum is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery

device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by Brady.").

In *United States v. Meggs,* No. 21-cr-28 (APM), ECF No. 565 (D.D.C. Dec. 23, 2021), another case relating to the January 6, 2021 riot, Judge Amit P. Mehta denied Oathkeeper Kelly Meggs' request to issue a *Subpoena Duces Tecum* to the United States Capitol Police, specifically citing to *Nixon* as follows:

> Defendant's request that the court issue a subpoena to the U.S. Capitol Police is denied because he has failed to show that the requested records are "not otherwise procurable reasonably in advance of trial by exercise of due diligence." *United States v. Nixon*, 418 U.S. 683, 699–700 (1974). Unlike a subpoena directed to a third party, Defendant here seeks records from a government agency, the U.S. Capitol Police. Defendant therefore should be able to obtain the records he seeks directly from the prosecution under Federal Rule of Criminal Procedure 16. *See United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981) (distinguishing between "exculpatory material in the possession of the prosecution" and "exculpatory evidence in the possession of third parties," and stating that "[o]nly the latter is retrievable under a [R]ule 17(c) subpoena"). He thus far has not shown an inability to do so.

*Id* at 1.

Further, a Rule 17(c) subpoena cannot properly be issued upon a "mere hope." *See United States v. Hang,* 75 F.3d 1275, 1283-84 (8th Cir. 1996) (noting that the defendant's request "is replete with conjecture as to the contents of the materials that might have turned up"). Courts have also strictly enforced the "specificity" prong under the *Nixon* test. *See United States v. Morris,* 287 F.3d 985, 991-992 (10th Cir. 2002) (explaining that "requests for an entire file are evidence of an impermissible fishing expedition"). "The specificity requirement ensures that a Rule 17(c) subpoena will not be used as a fishing expedition to see what may turn up." *United States v. Libby,* 432 F. Supp. 2d 26, 32 (D.D.C. 2006) (internal quotation marks and citation omitted). Nor can the justification for the pretrial Rule 17 subpoena rest on the potential to obtain impeachment evidence. *See Vo* at 181 ("That justification cannot support the approval of a subpoena for pretrial production

'because such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial.'") (quoting *United States v. Cuthbertson,* 630 F.2d 139, 144 (3d Cir. 1980).

## II.     Procedural History

On June 17, 2024, Defendant moved for a *Subpoena Duces Tecum* for "Mr. Wise's personnel file." ECF 48 at 1. The motion stated that it contained "an abbreviated statement of facts . . ., with additional information submitted *ex parte* to provide the court information concerning the relevant, admissibility, and specificity of the records sought." *Id.*

On September 9, 2024, defense counsel emailed the government with the instant subpoena. The subpoena commanded appearance on September 26, 2024 and requested the following documents, electronically stored information, or objects: "Jared Lane Wise's FBI records, including but not limited to his use-of-force training, his 2004 academy training by the Anti-Defamation League, his performance reviews while employed by the FBI, and his review of his supervisor." Exhibit 1.

The government has previously produced much of the information sought by the subpoena. Specifically, the government produced employment records on July 18, 2023, and all available performance reviews on August 26, 2024.

## III.    Argument

The Defendant's *Subpoena Duces Tecum* should be reconsidered as moot or modified because many of the available records sought – to the extent they exist – have already been produced through the discovery process. Beyond those items, the subpoena is unreasonable and fails *Nixon*'s relevance, admissibility, and specificity requirements.

A. <u>The Subpoena Duplicates the Discovery Process</u>

The government provided much of the information requested in discovery. First, on July 18, 2023, the government produced the investigation team's requests for Wise's employment records and the employment records received. Then, in response to defense counsel's requests, on August 26, 2024, the government produced all available performance reviews. The government also inquired about the other items specified in the subpoena and responded to defense counsel with additional materials on September 25, 2024. Thus, to the extent that there are materials reasonably responsive to these subpoena requests, the Defendant already has them. Accordingly, the government respectfully requests the Court reconsider the subpoena as moot because the government believes it has complied with it.

B. <u>The Issued Subpoena Does Not Satisfy the *Nixon* Factors</u>

In contrast to Defendant's motion requesting Wise's personnel records, the text of the subpoena itself is not limited and broadly requests his "FBI records." *See* Exhibit 1. To the extent the subpoena requests materials in addition to those already produced, the issued subpoena lacks the relevance, admissibility, and specificity required by *Nixon*.

The government is not aware of any reason to think that additional records would be relevant to the charged conduct or would be admissible at trial. Because Wise's employment ended in 2017, and the charged conduct took place in 2021, the request appears to be an unreasonable "fishing expedition to see what may turn up." *Libby,* 432 F. Supp. 2d at 32 (citations omitted). Therefore, because the subpoena as written is not limited to documents with "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action," Fed. R. Evid. 401, it should be reconsidered or modified.

5

The government acknowledges that Defendant has provided "information submitted *ex parte* to provide the court information concerning the relevance, admissibility, and specificity of the records sought." ECF 48 at 1. However, even if the Court were to find that *ex parte* applications would be permissible under "exceptional circumstances," it is "inappropriate" here because the records sought are in the possession of the government itself. *See United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997) ("[W]here one party subpoenas documents from the files of the opposing party, *ex parte* procedures would not be available.").

The subpoena's preamble, seeking "Wise's FBI records," also lacks specificity. As written, the subpoena is not limited to his employment records and instead could be construed to include investigative materials he authored and other irrelevant and inadmissible documents. A Rule 17(c) subpoena must seek a specific document or piece of evidence; it cannot be used like a civil discovery mechanism to seek to answer a question.

### IV.   Conclusion

To the extent the defendant identifies a record it believes to exist, and is relevant to the charges, the government will, of course, review its holdings. But absent some particularity, seeking generic records for a person employed by the FBI for more than a decade is burdensome and circumventing of criminal discovery. Therefore, the Government respectfully requests that this

Court reconsider as moot or modify the Defendant's *Subpoenas Duces Tecum* to the FBI.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:    */s/ Sarah Rocha*
        Sarah Rocha
        Trial Attorney / Detailee
        D.C. Bar No. 977497
        601 D Street, NW
        Washington, DC 20579
        Tel. No.: 202-330-1735
        Email: sarah.wilsonrocha@usdoj.gov

        */s/ Taylor Fontan*
        Taylor Fontan
        Assistant United States Attorney
        Indiana Bar No. 35690-53
        601 D St. N.W, Washington, D.C. 20530
        Tel. No.: (202) 815-8597
        Email: taylor.fontan@usdoj.gov