UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Case No. 1:23-cr-184 (RDM) |
| : | |
| JARED LANE WISE, : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S SUPPLEMENT TO MOTION TO PRECLUDE DEFENDANT'S EXPERT WITNESSES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby supplements its prior filings in support of its Motion to Preclude Expert Testimony to incorporate its response to the report of Dr. Suzanne Best, a clinical and forensic psychologist. The Defendant should be barred from presenting Dr. Best's proposed expert testimony because: (1) the proposed testimony is inadmissible pursuant to Federal Rule of Evidence 703 because it is based on impermissible hearsay; (2) the proposed testimony should be precluded because it is irrelevant; and (3) the proposed testimony is inadmissible pursuant to Federal Rule of Evidence 403. Alternatively, if the Court finds that it does not yet have sufficient information in the record to exclude Dr. Best, the United States requests a *Daubert* hearing.

**PROCEDURAL HISTORY**

As described in the prior filings on these issues, Defendant has disclosed three expert witnesses he expects to testify, including Dr. Suzanne Best. *See* ECF No. 79 at 3.

The government previously objected to Defendant's witnesses Dr. Chuck Rylant and Joshua Cohen. ECF Nos. 79, 91. In those filings, which are incorporated herein by reference, the government described the charges in the case and applicable law and set forth its position that the Defendant should be barred from presenting the proposed expert testimony.

1

On June 13, 2024, the Defendant provided notice pursuant to Federal Rule of Criminal Procedure 12.2 "of his intent to present expert testimony and evidence relating to a mental condition bearing on the issue of guilt." ECF No. 46.

On June 14, 2024, the Defendant disclosed Dr. Suzanne Best as one of the experts he plans to call at trial. On June 28, 2024, the Defendant provided the government with Dr. Best's expected expert opinions. *See* Dr. Suzanne Best's Initial Disclosure (attached hereto as Exhibit A). According to her disclosure, Dr. Best expects to testify that the Defendant ███████ ███████ as a ███████ ███████ ███████ Exhibit A at 1. The disclosure further states that, among other things, ███████ ███████ *Id.* Finally, Dr. Best's disclosure states that ███████ ███████ ███████ *Id.*

Because defense counsel informed the government that Dr. Best's full report was forthcoming, the parties agreed to extend the time for objections to Dr. Best's anticipated testimony.

On August 22, 2024, Defendant provided a full report from Dr. Best. *See* Dr. Suzanne Best's Expert Report (attached hereto as Exhibit B). The report concluded that the Defendant ███████ ███████ Exhibit B at 14. The report also opined:

███████



*Id.* at 16-17.

In this memorandum, the government describes its objections to Dr. Best's expert disclosures and proposed testimony.

## APPLICABLE LAW

The presentation of a psychological expert is limited by the Federal Rules of Evidence and the Insanity Defense Reform Act (IDRA), 18 U.S.C. § 17(a). Federal Rule of Evidence 702 states that an expert witness may testify only if the testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. But "an expert witness must not state an opinion about whether the Defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Evid. 704(b). The IDRA further limits the use of evidence of a mental disease or defect to times when a Defendant presents an affirmative defense of insanity. *See* 18 U.S.C. § 17(a). A narrow exception to the IDRA's general rule against mental health evidence exists when, "the evidence is admitted not as an affirmative defense to excuse the Defendant from responsibility for his acts, but to negate specific intent when that is an element of the charged act itself." *United States v. Childress*, 58 F.3d 693, 728 (D.C. Cir. 1995) (emphasis omitted).

In *Childress*, the D.C. Circuit stated that even when mental health evidence is admissible to negate specific intent, the expert's testimony must be limited to the expert's "diagnoses, the

facts upon which those diagnoses are based, and the characteristics of any mental diseases or defect the expert[] believes the defendant possessed during the relevant time period, staying clear of directly or indirectly opining on the ultimate issue of specific intent." *Id.* at 728 (quoting *United States v. Gold*, 661 F.Supp. 1127, 1131 (D.D.C. 1987). Appropriately, courts have closely scrutinized psychiatric evidence, as "the strict use of psychiatric evidence to negate mens rea may easily slide into wider usage that opens up the jury to theories of defense more akin to justification." *United States v. Pohlot*, 827 F.2d 889, 905 (3d Cir. 1987) (exclusion of evidence showing personality disorder). *See also United States v. Davis*, 863 F.3d 894, 908 (D.C. Cir. 2017) (exclusion of evidence showing ADHD); *United States v. Lilley*, No. 15-6415, 2017 WL 7048806, at *4-5 (6th Cir. July 26, 2017) (same for dyslexia, depression, anxiety, and symptoms of post-traumatic stress disorder); *United States v. Andrews*, 811 F. Supp. 2d 1158, 1172 (E.D. Penn. 2011) (same for bipolar disorder).

Federal Rule of Criminal Procedure 12.2 governs requests to introduce mental health evidence at trial. First, "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on … the issue of guilt," he must notify the government. Fed. R. Crim. P. 12.2(b). After Rule 12.2 notice, "the defendant must disclose to the government, in writing," . . . "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witnesses qualifications," including a list of publications; and a list of prior testimony. Fed. R. Crim. P. 16(b)(1)(C). Where a party fails to comply with Rule 16's obligations, a trial court is within its discretion to exclude the proffered testimony. *See* Fed. R. Crim. P. 16(d) (noting that if a party fails to comply with Rule 16's disclosure requirements, the court may "prohibit that party from introducing the undisclosed evidence.") After a defendant has provided notice of his intention

to present mental health evidence, the district court may, at the government's request, order the defendant to submit to a mental health examination by a government expert. *See* Fed. R. Crim. P. 12.2(c)(1)(B). If the defendant introduces expert evidence at trial, the government's mental health expert may provide rebuttal testimony, including about statements made by the defendant during his examination. *See* Fed. R. Crim. P. 12.2(c)(4)(A).

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony at trial. Rule 702 provides that an appropriately qualified witness may testify in the form of an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Rule 702 further requires that the testimony be: (1) based on sufficient facts or data; (2) the product of reliable principles and methods; and (3) that the proposed expert reliably applied the principles and methods to the facts of the case. *Id. See also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1995). The party proposing the expert testimony bears the burden of showing that the testimony satisfies Rule 702 and is therefore admissible. *See Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1127 (D.C. Cir. 2001).

When determining the admissibility of expert testimony, the Court must initially determine whether the expert is qualified to offer an opinion on the pertinent issues of the case. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). A qualified expert possesses the necessary "knowledge, skill, experience, training, or education" relevant to the facts at issue. *Id.* (quoting Fed. R. Evid. 702). The Court, serving as the gatekeeper, must then conduct a two-pronged inquiry as to the reliability and relevance of the proffered testimony. *See Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232-34 (10th Cir. 2004).

# ARGUMENT

**1. Dr. Suzanne Best's Proposed Testimony Should be Excluded Because It is Based on Inadmissible Hearsay**

First, Dr. Best's testimony should be precluded to the extent it would serve as a vehicle for inadmissible hearsay. "[W]hen an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the [expert's] opinion or inference is admitted." Fed. R. Evid. 703, Advisory Committee Notes, 2000 Amendments. Thus, "a party cannot call an expert as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Owens v. Republic of Sudan*, 864 F.3d 751, 789 (D.C. Cir. 2017) (reversed on other grounds) (quoting *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013)). *See also Gilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 972 (D.C. Cir. 2016) ("The expert must form his own opinions by applying his extensive experience and reliable methodology to the inadmissible materials. Otherwise, the expert is simply repeating hearsay evidence without applying any expertise whatsoever, a practice that allows the proponent to circumvent the rules prohibiting hearsay.") (internal quotations and citations omitted).

Here, Dr. Best's opinions are almost exclusively based on interviews with the Defendant. Her report quotes him at length and most of her opinions are summaries of his statements. *See, e.g.*, Ex. B at 14 ███████████████████████████████████████████████████████████████ ; Ex. B at 15 ███████████████████████████████████████ .

To the extent Dr. Best relies on interviews of others, the basis for her opinions also appears

6

to be inadmissible hearsay or hearsay within hearsay.[1] *See* Ex. B at 8 ████████████████
████████████████████████████████████████████████████████████████████████████████.

Opinions based on impermissible hearsay, like Dr. Best's in the instant case, should be precluded because they are unreliable. In a civil case in the Western District of Washington, *Easly v. Waterfront Shipping Company, Limited*, Dr. Best's opinion that the Plaintiff suffered from post traumatic stress disorder was based on hearsay and found to lack credibility. In *Easly*, Dr. Best testified about statements made by the Plaintiff immediately following an accident, and the Court found it was "completely unfounded." No. C10-1167RSL, 2012 WL 812354 (W.D. Wash. Mar. 9, 2012) (explaining that Dr. Best's "description of the accident and Plaintiff's immediate reaction is not supported by any of the evidence, including Plaintiff's own account.").

Moreover, Dr. Best's report indicates that the basis for her opinions is largely statements by the Defendant, and these statements are therefore, likely to be part of her testimony at trial. For these reasons, the Defendant's proposed expert testimony should be barred to the extent the defense attempts to introduce hearsay evidence – including the Defendant's statements regarding his experience in the U.S. Capitol – under the guise of expert testimony. Simply put, a criminal defendant, like any litigant, cannot use an expert witness to place his own explanation of his conduct before the jury without subjecting himself or some other percipient witness to cross-examination.

Therefore, Dr. Best's testimony and opinions based on impermissible hearsay statements of Defendant and others should be excluded.

---

[1] The government does not appear to have yet received some of the records provided by counsel to Dr. Best, particularly the ████████████████████████████████████████ The government reserves the right to object to those records to the extent they form the basis for Dr. Best's opinions and proposed testimony.

2. **Dr. Best's Irrelevant Opinions Should Be Precluded**

Dr. Best's opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is not relevant to the Defendant's intent ▮▮▮▮▮▮▮ and therefore would not assist the trier of fact to understand the evidence or resolve a disputed fact. An expert's opinion is limited to the "diagnoses, the facts upon which those diagnoses are based, and the characteristics of any mental diseases or defect the experts believe the defendant possessed during the **relevant time period**." *Gold*, 661 F. Supp. at 1131 (emphasis added).

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dr. Best's other opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are similarly not relevant to the Defendant's knowledge or intent. Dr. Best establishes no link or relationship between her psychiatric evidence and the *mens rea* at issue in the case. Dr. Best's opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

███ will not assist the trier of fact to understand the evidence as it relates to *this* Defendant or resolve a disputed fact. In other words, ███████████████████████████████████████

███████████████████████████████████████████████████████

In *United States v. Davis,* a clinical and forensic psychologist opined that the defendant, charged with conspiracy to defraud the United States and offenses relating to the preparation and filing of false and fraudulent tax returns, suffered from inattention and struggled with filling out detailed forms because of her attention deficit hyperactivity disorder (ADHD). 78 F. Supp. 3d 17, 20 (D.D.C. 2015), aff'd, 863 F.3d 894 (D.C. Cir. 2017). The court rejected testimony from the psychologist because he could not establish a link or relationship between her inattentiveness and the charged offenses. *Id*. ███████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████ ███████████████████████████████████████ None of her proposed opinions, however, would explain how the Defendant was incapable of forming the requisite criminal intent. Rather, the proposed opinions are precisely the type of "elastic descriptions of mental states that appear to but do not truly negate the legal requirements of *mens rea,*" and they should be excluded accordingly. *Pohlot*, 827 F.2d at 890.

3. **The Probative Value of Dr. Best's Opinions Is Substantially Outweighed by the Danger of Misleading the Jury**

Defendant's proposed expert testimony should be precluded pursuant to Federal Rule of Evidence 704 because, according to defendant's notice, the expert will opine on defendant's mental state at the time he committed the charged crimes, a question solely for the jury.

This Circuit has held that expert testimony regarding a defendant's mental condition may be admissible to negate specific intent. *Childress*, 58 F.3d at 727-728. Therefore, the Court must address whether Dr. Best's testimony is based on 'scientific knowledge,' and second, whether her testimony 'will assist the trier of fact to understand or determine a fact in issue.' *Daubert*, 509 U.S. at 592. The evidence must also be such that her opinion will assist the trier of fact to understand the evidence or resolve a disputed fact. Fed. R. Evid. 702. Under this helpfulness inquiry, the court must determine that there is a "link or relationship between the specific psychiatric evidence offered and the *mens rea* at issue in the case." *Childress*, 58 F.3d at 730 (internal citation omitted) (noting that "[w]hile [the defendant's] mental capacity does not 'excuse' him from culpability for his activity . . . it may well be relevant to whether the government proved an element of" the crime). The defendant must "explain a link between the evidence sought to be introduced and the *mens rea* in dispute." *United States v. Boykoff*, 186 F. Supp. 2d 347, 349 (S.D.N.Y. 2002). When a criminal defendant offers psychiatric evidence, the court must carefully administer the evidence to ensure that it is relevant to negate specific intent, as opposed to presenting a dangerously confusing theory of defense more akin to justification and excuse. *Davis*, 78 F. Supp. 3d at 19. Dr. Best's opinion does not meet these requirements.

A prior district court has properly applied this framework and excluded expert psychological testimony in the mail fraud case, *United States v. Rogers*, No. 05-292 (RWR), 2006 WL 5249745 (D.D.C. 2006). In *Rogers*, the defendant was an attorney charged with the specific

10

intent crime of mail fraud. The defense expert would have testified about the defendant's "predispositions based on his history and life experiences." *Id.*, at *2. The Court noted that even "where evidence of a mental state is relevant to negate an element of specific intent, the court must not admit evidence that would cause undue prejudice or confusion." *Id.*, at *16. The Court held that:

> "[C]oncerns about whether the evidence is relevant to negate specific intent as opposed to presenting a dangerously confusing theory of defense more akin to justification and excuse are best addressed through the district court's assessment of the reliability and probity of the evidence and its careful administration of that evidence." *Childress*, 58 F.3d at 730 (internal quotation marks omitted). Courts may exclude relevant psychiatric evidence under Rule 403 "[b]ecause psychiatric evidence (1) will only rarely negate specific intent, (2) presents an inherent danger that it will distract the jury from focusing on the actual presence or absence of mens rea, and (3) 'may easily slide into wider usage that opens up the jury to theories of defense more akin to justification.'" *United States v. Cameron*, 907 F.2d 1051, 1067 (11th Cir. 1990) (*quoting United States v. Pohlot*, 827 F.2d 889, 905 (3rd Cir. 1987) (noting that psychiatric evidence has a "strong danger of misuse")); *see also Mezvinsky*, 206 F. Supp. 2d at 666 (excluding "the expert testimony offered here [because it] could easily mislead the jury into thinking that such a medical condition amounts to temporary insanity or ameliorates the offense").

*Id*. In excluding the testimony, the Court held:

> Here, [the expert's] opinions concerning Rogers' capacity and susceptibility could easily mislead the jury into exactly the kind of diminished capacity defense that the IDRA sought to forbid, and that risk substantially outweighs the testimony's limited relevance. This is especially so since the testimony does not establish an inability to deceive, the nub of a *mens rea* defense here. It may well be that Rogers was working beyond capacity, but that goes no distance toward negating the proposition that he could and did intentionally make the affirmative misrepresentations alleged in the indictment with the intent to deceive.

*Id.*, at *18.

Here, Dr. Best's proposed testimony is not "helpful" and does not "fit" the facts and issues of this case because her opinions pertain to mental health diagnosis after January 6, 2021, and any psychological diagnosis will not assist the trier of fact determine any issue of intent. Instead, it would ask the jury to speculate as to the Defendant's mental state based on after-the-fact, somewhat opaque assessment in a way that does not allow the jury to infer or not infer whether

11

the Defendant's actions were intentional, knowing, or voluntary.

Moreover, none of her proposed testimony would actually negate the basic *mens rea* requirements here: the defense does not propose that Dr. Best would testify that, for example, Wise was incapable of recognizing that when he breached the Senate Wing Door—while an alarm was blaring and broken glass covered the floor—and he had entered and remained in a restricted area without authority to do so. Even if the jury were to credit Dr. Best's testimony, "it goes no distance toward negating the proposition that [Wise] could and did intentionally" commit the charged crimes. *Id.* at *18. Accordingly, her proffered opinions should be excluded.

### 4. Alternatively, the Court Should Order a *Daubert* Hearing to Determine Whether Dr. Best's Testimony is Admissible

If the Court cannot make a determination at this stage in the litigation as to whether the Defendant's experts meet the requirements under Rule 702 and *Daubert*, the government respectfully requests a *Daubert* evidentiary hearing. Trial courts have "broad latitude" and "considerable leeway" in deciding how to go about making the preliminary assessment of the reliability of proffered expert testimony. *Lewis v. United States*, 263 A.3d 1049, 1060 (D.C. Cir. 2021). An evidentiary hearing is appropriate to determine whether the Defendant's experts meet the requirements under Rule 702 and *Daubert*.

## CONCLUSION

For the foregoing reasons, including those described in its prior filings objecting to Defendant's proposed experts, the Court should preclude Dr. Suzanne Best from testifying at trial.

In the alternative, the government requests a *Daubert* hearing.

                                            Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            UNITED STATES ATTORNEY
                                            D.C. Bar Number 481052

By:    */s/ Taylor Fontan*
        Taylor Fontan
        Assistant United States Attorney
        Indiana Bar No. 35690-53
        601 D St. N.W, Washington, D.C. 20530
        Tel. No.: (202) 815-8597
        Email: Taylor.Fontan@usdoj.gov

        */s/ Sarah Rocha*
        Sarah Rocha
        Trial Attorney / Detailee
        D.C. Bar No. 977497
        601 D Street, NW
        Washington, DC 20579
        Tel. No.: 202-330-1735
        Email: sarah.wilsonrocha@usdoj.gov