# In the United States District Court
# for the District of Columbia

| | |
|---|---|
| **United States of America**, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | |
| v. | Defendant's Response to Government's Motion (ECF 103) to Reconsider as Moot or Modify Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation |
| **Jared Lane Wise**, | |
| Defendant. | |

The defendant, Jared Wise, through counsel respectfully submits this response to the Government's Motion to Reconsider as Moot or Modify Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation. ECF 103.

## PROCEDURAL POSTURE

On May 31, 2023, the Defense began attempting to obtain Mr. Wise's complete personnel file from the FBI. The defense submitted a request for FOIA records on May 31, 2023, with a request to expedite:

> Our office is currently representing former FBI Agent Jared Lane Wise. I would like to request a complete copy of his personnel file including all performance reviews, all background checks the initial background check, as well as every one after that, his training records, including fly team training records, high threat country training records, personality test records and disciplinary records. I have included a release, or certificate of identity signed by Mr. Wise authorizing the release of these records to our office.[1]

---

[1] Exhibit A.

Page 1   Defendant's Response to Government's Motion to Reconsider as Moot or Modify Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation

In a series of letters from the FBI, the defense was informed that the request was received, would be delayed, and the request to expedite was denied.[2] A subsequent email from the FBI FOIA office indicated that the FBI "located approximately 1,085 pages potentially responsive to your request" and that the "average time complete your large track request is at least 67 months."[3]

The defense also requested such records from the government on various occasions. On January 16, 2024, defense requested Mr. Wise's FBI personnel file from the U.S. Attorney's Office, including:

- Wise's application(s) for employment with the FBI and application(s) for any promotions; also including:
    - The position announcements / job descriptions; and
    - Any notes or reports by Human Resources or other FBI employees regarding his applications.
- All performance reviews.
- All background checks (the initial background check as well as every subsequent check) and the results of the checks.
- All training records, including (but not limited to) those from the training academy (2004 – Group 19), CT-2 (OSAP, etc.), Fly Team, IOD, State Department high risk countries.
- All personality/psychological test records and results.
- All disciplinary records.
- All records related to any complaints or reports of any internal or government misconduct reported by Wise to supervisors, outside law enforcement agencies, prosecutors, Internal Affairs or Human Resources.
- All personnel records related to any "whistleblower" filings by Wise.

After the Government objected to the scope of the request, the defense again requested a more limited set of FBI records:

- Wise's use-of-force training records.
- Wise's 2004 FBI academy training by the Anti-Defamation League.

---

[2] Exhibit B-C.
[3] Exhibit E.

- Wise's performance reviews while employed by the FBI.
- Wise's review of his supervisor, Charles Berger while Wise was employed by the FBI.

In addition, Defense filed a Motion and Memorandum for Order Permitting Service of Subpoena for Records under Fed. R. Crim. P. 17(c)(1), on June 17, 2024. ECF 48. As described in the Motion, the defense filed a declaration under seal which provided further support for the defense's purpose in obtaining such records. The Government filed no response to ECF 48 prior to the motions hearing before this Court on August 26, 2024, at which time the Motion was granted with the following discussion:

*(excerpt from transcript, ECF 99, 4:6 – 5:13)*

> MR. HERMANSEN: So, I think it would make sense for the Court to issue the subpoena, because it appears — we got an email. And the email has some FBI documents but not everything that we need.
>
> THE COURT: What are you missing?
>
> MR. HERMANSEN: So, we have three performance appraisals. So, we have three years, but not all of the years.
>
> That is all we have — we are missing most of the FBI file. It sounds like no training. We are missing the training, which is probably the most important part.
>
> THE COURT: Okay. Let me ask Mr. Manning. Any objection to my going ahead and issuing the subpoena then or granting them leave to serve the subpoena?
>
> MR. MANNING: No, Your Honor.
>
> THE COURT: So that motion is granted. And you may serve the subpoena.
>
> MR. MANNING: Your Honor, if I could just clarify —
>
> THE COURT: Yes.
>
> MR. MANNING: We have no objection to the issuance of the subpoena, and we agree with defense counsel that what has been provided to date is some but not all of the performance reviews and other personnel file material of Mr. Wise. I want to make clear we

reserve our right to object to the relevance of any of this. That is a different point.

THE COURT: Of course. At trial?

MR. MANNING: At trial.

THE COURT: I agree entirely with that. And you are welcome to object at trial.

MR. MANNING: Thank you.

THE COURT: So just for keeping track as we go through today's proceedings that is the docket — the motion at docket 48, motion for order permitting service of subpoena for records under Rule 17(c)(1) and that motion is granted.

*(except from transcript ECF 99 at 126:1-17)*

MR. MANNING: Our understanding is that the subpoena seeks essentially Mr. Wise's entire personnel file for approximately the scope of his career, which is 2004 to 2017, including particular training records. We will, of course, accept service for the FBI and undertake to produce everything in response to the subpoena. We'll try to ascertain pretty quickly if there are any categories of information that may present difficulties. And if so, we will come right back to the defense and if be, the Court. I will flag for the record it is possible because some of this material is more than 10 years old, the things that predate 2013, there may be different challenges as far as where it is archived and how we get it. But we'll take the subpoena, we'll confer with the FBI and go from there.

THE COURT: Okay. If there is an issue you need to raise, just let me know.

MR. MANNING: Okay.

## SUBSEQUENT DISCOVERY

The defense has received the following information from the Government, along with a

Production letter dated September 25, 2024:

"Employment records" previously sent on July 18, 2023, and reproduced on September 25, 2024:

- 0176-SA-3577551_0000010.pdf - previously produced[4]
- RE Request for former FBI agent employment records UNCLASSIFIEDFOUO.msg" - previously produced[5]

Performance reviews produced on August 26, 2024, and reproduced on September 25, 2024:

- "2013 PARS Wise Jared"
- "2014 LEGAT PLAN Wise Jared"
- "2014 PARS Wise Jared"
- "2015 PARS Wise Jared"

Newly provided discovery on September 25, 2024, from publicly available websites:

- FBI – What New Agents Learn from Holocaust.pdf (a PDF of a publicly available webpage).[6]
- Justice Manual_1-16.000 - Department of Justice Policy On Use of Force…" (a PDF of a publicly available webpage).[7]

# ARGUMENT

The Court should not find that the original motion is moot, as the Government has continually failed to provide Mr. Wise's complete personnel file from his time at the FBI. Notably, the FBI response to the original FOIA request indicated that the potentially responsive records included approximately 1,085 pages, far more than the records received to date from the Government.[8]

Examining the records that have been provided reveals their inadequacy. The only "employment records" provided have been an incomplete list of his performance reviews (four

---

[4] Exhibit F.
[5] Exhibit G.
[6] https://archives.fbi.gov/archives/news/stories/2010/march/leas_033010/a-different-kind-of-training-what-new-agents-learn-from-the-holocaust
[7] https://www.justice.gov/jm/1-16000-department-justice-policy-use-force
[8] Exhibit E.

Page 5      Defendant's Response to Government's Motion to Reconsider as Moot or Modify Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation

reviews, covering 3 years out of his 13 years as an Agent), and a two-page summary report, prepared as part of this case investigation, of his employment history with the FBI.[9] The underlying records relied upon for the summary report, as well as the remaining performance reviews, have still not been provided, nor have any additional records responsive to the subpoena issued pursuant to this Court's order in August.

To the extent that the Government's request is simply to modify the terminology used in the subpoena to describe "Jared Wise's personnel file" rather than "Jared Wise's FBI records," ECF 103 at 1, the defense does not object to such a clarification, with the understanding that the defense continues to request the complete file including, in particular, performance reviews, training records, and reviews of his supervisor.

It is somewhat unclear whether the Government's position is that there are no further materials in their possession which would be responsive to such a request (ECF 103 at 5),[10] or alternatively, that the request for his personnel file involves so many records that it is too "burdensome" to comply with (ECF 103 at 6). To the extent that the Government position is that they have discovered a complete list of the responsive records, the defense requests a Declaration from a Custodian of Records affirming that there are no further documents responsive to the records ordered to be produced in the subpoena.[11]

---

[9] Exhibit F.

[10] "[T]he govern10/3/2024ment produced the investigation team's requests for Wise's employment records and the employment records received. Then … all available performance reviews … to the extent there are materials reasonably responsive to these subpoena request, the Defendant already has them." ECF 103 at 5.

[11] Notably, this would be a curious outcome since the FBI FOIA office indicated that the FBI "located approximately 1,085 pages potentially responsive to your request." Exhibit E.

Page 6   Defendant's Response to Government's Motion to Reconsider as Moot or Modify
         Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation

To the extent that other records do exist, and the Government believes they are not discoverable, Mr. Wise continues to rely in part on the declaration filed *ex parte* and under seal. "[I]f the grounds articulated in support of the subpoena request were made part of the public record, such a showing could reveal counsel's trial strategies or defense theories to the opposing party, here, the government." *United States v. Sleugh*, 896 F.3d 1007, 1012 (9th Cir. 2018). *See also United States v. Beckford*, 964 F. Supp. 1010, 1019 (E.D. Va. 1997) ("Forcing the indigent defendant to confront the choice between issuing no trial subpoenas *duces tecum* (to preserve his theory of defense and thus rely on voluntary production of requested evidence [)] or disclosing his whole case to the Government before trial, (to assure production of requested evidence) is an unconstitutional limitation on the defendant's right to compulsory process[.]").

The Government argues that such reliance on *ex parte* application is "inappropriate" because the records include documents from "the files of the opposing party," as in *Beckford*. 964 F. Supp. at 1030; ECF 103 at 4. In fact, *Beckford* provides this precise scenario as one in which it may be appropriate to proceed *ex parte* due to a "fundamental privacy or constitutional interest of the defendant[:]"

> For example, *ex parte* process might be proper where a defendant seeks from medical providers records of his own mental or physical health where that is in issue in the case. The same would be true where a defendant seeks records about himself from public agencies such as federal or state social service agencies or from his military service.

*Id.* at 1030.

It stretches credulity for the Government to claim that Mr. Wise's personnel files, training, and background are not relevant, when they were sought by the Government's own

Page 7  Defendant's Response to Government's Motion to Reconsider as Moot or Modify
           Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation

agents as part of investigating this case.[12] The Government has made Mr. Wise's background as an FBI agent a central part of their publicity around his case,[13] and news articles have already put forth misleading claims that Mr. Wise's departure from the FBI was on less than positive terms.[14]

Mr. Wise's background and training go to core questions of his response to police behavior on the day in question, his understanding and response to the use of force deployed that day, and the nature of Mr. Wise's statements to officers that he was "former law enforcement," right before telling them that they were "Nazi" and "Gestapo" for using excessive force. Such records are further relevant to the selective enforcement and vindictive prosecution motion filed by defense (ECF 75), as they potentially provide insight into motivation within the FBI to aggressively investigate and prosecute Mr. Wise.

## CONCLUSION

For the foregoing reasons, and those articulated in the Declaration of Counsel filed in conjunction with the Defense's Motion and Memorandum for Order Permitting Service of Subpoena for Records Under Fed. R. Crim. P. 17(c)(1), the Defense requests that this Court maintain its order issued August 26, 2024, granting the subpoena *duces tecum*. The defense has

---

[12] Exhibit G at 3.

[13] United States Attorney's Office, District of Columbia, Press Release, June 1, 2023, "Former FBI Supervisory Special Agent Indicted in Federal Court on Felony Charges Related to U.S. Capitol Breach," https://www.justice.gov/usao-dc/pr/former-fbi-supervisory-special-agent-indicted-federal-court-felony-charges-related-us.

[14] Adam Goldman and Alan Feuer, NEW YORK TIMES, May 3, 2023, *Former F.B.I. Agent Charged in Jan. 6 Riot*, nytimes.com/2023/05/03/us/politics/jan-6-former-fbi-agent.html ("Mr. Wise left the bureau after his supervisors in New York became unhappy with his work, and his career had stalled, a former senior F.B.I. official said.")

Page 8   Defendant's Response to Government's Motion to Reconsider as Moot or Modify
         Defendant's Subpoena *Duces Tecum* to the Federal Bureau of Investigation

no objection to the minor modification to specify Mr. Wise's "personnel" records in the subpoena, and requests that any ruling regarding mootness include a requirement that the Government furnish an affidavit from a records custodian, certifying that there are no further records which would be responsive to the subpoena.

Respectfully submitted on October 4, 2024.

*s/ Peyton Lee*
Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Email: peyton_lee@fd.org

*s/ Kurt Hermansen*
Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR  97401
Tel: (619) 436-8117
Fax: (541) 465-6975
Email: kurt_hermansen@fd.org

**Attorneys for Defendant Jared Lane Wise**