UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-cr-00184 RDM |
| | : | |
| JARED LANE WISE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REMOTE APPEARANCE BY EXPERTS**

The United States of America respectfully submits this response to Defendant's Motion for Remote Appearance by Experts.[1] (ECF No. 126). The government does not object to Dr. Best appearing remote for the October 21, 2024 hearing. However, given the nature of Mr. Cohen and Dr. Rylant's expert opinions, appearing remote would greatly inhibit the Court from determining the credibility and admissibility of their testimony.

As the Court and parties experienced at the hearing held on October 7, 2024, questioning a remote witness presents logistical challenges. In particular, the government's understanding is that the only way to play video or show documents to a witness appearing remotely is by turning the television in the back of the courtroom towards the camera. However, in contrast to an in-person appearance, a remote witness is unable to see the screen at the same size and hear the audio in the same way.

Because Dr. Rylant and Mr. Cohen's opinions rely extensively on video evidence, the government objects to their remote appearance because it would limit the ability to question the witness and risk confusion. Given the technology limitations and the amount of video and audio

---

[1] The defendant's motion also seeks, in the alternative, to schedule a *Daubert* hearing the week of November 4, 2024 – during the currently scheduled trial. The government objects to continuing the trial date and will expeditiously file a formal objection to the defendant's continuance.

1

involved in Mr. Cohen and Dr. Rylant's opinions, the Court and the parties will not be able to effectively and accurately question the witnesses. Moreover, defendant has proposed that these witnesses present expert testimony from Dr. Rylant on auditory exclusion and from Mr. Cohen on what rioters may have heard during the charged conduct. Because this testimony necessarily cannot be conducted remotely, the government objects to defendant's request.

It remains the government's position that, as a matter of law, Mr. Cohen's testimony as an expert should be precluded. However, the Court saw it appropriate to schedule a *Daubert* hearing to decide the admissibility of Mr. Cohen's testimony. (Court's October 2, 2024 Minute Order). Mr. Cohen's opinion relies exclusively on video evidence and a computer program "nearmap.com." The government expects to question Mr. Cohen about the angles of the videos, the audio of the videos, and the positioning of people in the video evidence. Defendant also seeks to admit into evidence diagrams that Mr. Cohen has created. Although the government has not received these materials, the government's understanding is that these diagrams were created, at least in part, based on the "nearmap.com" program. The government expects to question Mr. Cohen about how he created the diagrams. Moreover, the defendant wants Mr. Cohen to testify about whether certain rioters could hear from certain positions. If the Court, parties, and Mr. Cohen are not all in the same room, it will be extremely difficult to evaluate his opinion on what participants may have heard on January 6. Review of the videos, audio, diagrams, and "nearmap.com" go to the heart of the determining Mr. Cohen's technique or process underlying the basis of his expert testimony.

Likewise, it remains the government's position that, as a matter of law, Dr. Rylant's testimony as an expert should be precluded. Dr. Rylant's most recent expert report—disclosed on October 7, 2024, the date of the *Daubert* hearing—now includes a new opinion on auditory

exclusion. The government expects to file an objection to his new opinions, which were disclosed over three months after the Court's expert disclosure deadline and, as a matter of law, should be precluded. Even so, Dr. Rylant's opinion relies almost exclusively on video and now audio evidence. In order to determine credibility as required by *Daubert*, and to demonstrate how he used scientifically reliable principles and methods to come to his conclusions, the government should be able to ask him questions regarding how he relied on video and audio to form his opinions. This simply can't effectively and efficiently be done remotely.

Thus, given the nature of both experts' opinions, it is necessary that the Court and parties be able to access credibility based on the same video and audio evidence that the experts rely on to form their opinions. The government appreciates the inconvenience of requiring Mr. Cohen and Dr. Rylant to appear in person, however, without the ability to share videos effectively in a courtroom setting – the same setting a jury will hear their testimony in a few weeks – the Court cannot effectively, accurately, or efficiently make admissibility determinations. For the foregoing reasons, the government objects to Mr. Cohen and Dr. Rylant's remote appearance.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:  */s/ Sarah Rocha*
    Sarah Rocha
    Trial Attorney / Detailee
    D.C. Bar No. 977497
    601 D Street, NW
    Washington, DC 20579
    Tel. No.:  202-330-1735
    Email: sarah.wilsonrocha@usdoj.gov

    */s/ Taylor Fontan*
    Taylor Fontan
    Assistant United States Attorney
    Indiana Bar No. 35690-53
    601 D St. N.W, Washington, D.C. 20530
    Tel. No.: (202) 815-8597
    Email: taylor.fontan@usdoj.gov