UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Crim. No. 23-CR-184 (RDM) |
| JARED LANE WISE, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ACCESS TO INSPECT AND MEASURE NON-PUBLIC AREAS OF THE CAPITOL**

Defendant's motion to compel the government to allow him to inspect and measure a non-public area of the U.S. Capitol building should be denied. The Capitol is not in the possession, custody, or control of the prosecution team. Moreover, defendant fails to explain how the requested measurements are material to his defense when his proposed expert explained he had the ability to review an aerial photograph and other evidence to conduct his analysis. Finally, in addition to being a disruption to the government employees who work in the Capitol, the defendant's request to take detailed measurements would create a risk to the continued security of the Capitol. The defendant's motion to compel (ECF No. 144) must, therefore, be denied.

**I.      Legal Standard**

The Federal Rules of Criminal Procedure provide that, upon a defendant's request, the government must permit the defendant to "inspect and to copy or photograph" documents or objects, including buildings or places, that are within the government's possession, custody or control. Fed. R. Crim. P. 16(a)(1)(E). Rule 16 establishes "the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003) (quoting Fed. R. Crim. P 16 advisory committee's note to the 1974 amendments). Rule 16 does

1

not, however, bestow on the defendant a right to unrestricted access to all documents and objects within the government's possession, custody, or control. *See United States v. Maranzino*, 860 F.2d 981, 985–86 (10th Cir. 1988) ("Rule 16 does not authorize a blanket request to see the prosecution's file"). Rather, it applies to those documents and objects that (1) are "material to preparing the defense;" (2) the government intends to use in its case-in-chief at trial; or (3) were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Rule 16 also provides mechanisms for a judge to regulate discovery. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

Demonstrating materiality under Rule 16 "is not a heavy burden." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993). Evidence is material under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Marshall,* 132 F.3d 63, 68 (D.C. Cir. 1998) (quoting *Lloyd at* 351). Material evidence includes both exculpatory and inculpatory evidence. *Id*. Nevertheless, to show materiality, the defense must demonstrate that the evidence bears "some abstract logical relationship to the issues in the case" and would enable "the defendant significantly to alter the quantum of proof in his favor." *Lloyd* at 351 (internal quotation omitted); *see also United States v. Slough*, 22 F. Supp. 3d at 4-5 (observing that the movant bears the burden of demonstrating that the requested discovery bears "more than some abstract logical relationship to the issues in the case").

II.     **The Prosecution Team Does Not Have Possession, Custody, or Control Over the Area the Defendant Wishes to Inspect and Measure**

The Capitol is under the control of the Legislative Branch. The crime scene walkthroughs for the defense—and the walkthroughs for prosecutors—require permissions from numerous officials in the Legislative Branch.[1] Although the United States Capitol Police ("USCP") is part of the prosecution team in January 6 cases and leads these tours, the Capitol itself is not in the Executive Branch's control. As a result, the prosecutors and federal agents investigating the cases need to ask for official tours of the building and are subject to restrictions in the building.

"[T]he court cannot order the government to allow defense counsel to inspect that which the government does not possess or control." *See United States v. Hawk*, No. CR 12-50044-JLV, 2013 WL 773908, at *2 (D.S.D. Feb. 28, 2013) (denying motion to compel inspection of crime scene located in victim's private residence, finding it is not in possession, custody, or control of the government, despite victim's cooperation with the prosecution) (*objections overruled sub nom. United States v. Yellow Hawk*, No. CR 12-50044-JLV, 2013 WL 1563230 (D.S.D. Apr. 12, 2013). Because the Capitol is not in the possession, custody, or control of the prosecution team, the defendant's motion to compel should be denied.

III.    **The Requested Measurements Are Not Material**

The measurements that the defendant seeks are not materials that the government will use in its case-in-chief and are not materials that were obtained from or belong to the defendant. As a result, the defendant must show that these items are "material to preparing the defense." Fed. R.

---

[1] USCP have provide multiple "crime scene walkthroughs" for defense counsel involved in January 6 riot cases. Defense counsel were permitted to bring one defense investigator so that the investigator can provide trial testimony about the tour and what was seen. The tours were approximately two hours long and went to a predetermined list of public and non-public areas within the Capitol.

3

Crim. P. 16(a)(1)(E). In response to questioning from defense counsel at the hearing held on November 7, 2024, defense proposed expert Joshua Cohen explained that he had the ability to gather information to reliably conduct his analysis without specific measurements. *See* Exhibit A (explaining that it is "less of an issue . . . about measurements and the exact specificity of those measurements" and "a more effective way to explain these issues to a fact finder is to just look at the resulting map and the locations of the different cameras").

In *United States v. Egtvedt*, Judge Cooper rejected a similar request, explaining that "it is not clear that describing . . . distances in precise feet or inches . . . would aid . . . in finding any relevant fact." No. 21-117 (CRC) (D.D.C. Sept. 12, 2022), ECF No. 89 at 5-6. Similarly, in the instant case, the precise measurements of certain objects would not add to the "quantum of proof in the defendant's favor." *Lloyd*, 992 F.2d at 351.

    **IV.**    **Even if Measurements Were Arguably Material, Ensuring the Security of the Capitol is Good Cause to Deny Defendant's Request**

Protecting the Capitol building and those within the building is good cause for the Court to deny the defendant's request. Courts in this Circuit have consistently held that the protection of the Capitol Building and prominent government officials constitutes a significant government interest. *See, e.g.*, *United States v. Mahoney*, 247 F.3d 279, 286 (D.C. Cir. 2001) (stating that the government has a significant interest in "'ensuring public safety and order'"); *Mahoney v. U.S. Marshals Serv.*, 454 F. Supp. 2d 21, 33 (D.D.C. 2006) (noting that "armed gunmen have stormed the Capitol building more than once") (citing *United States v. Grace*, 461 U.S. 171, 182 (1983))). Courts in this District have also rejected requests from other January 6 defendants for measurements, photographs, and other access to nonpublic areas of the Capitol. *See, e.g. United States v. Neely*, No. 21-642 (JDB), 2023 WL 1778198, at *7-10 (D.D.C. Feb. 6, 2023) ("[E]ven if

4

some information was arguably material the Court would still exercise its discretion to deny [defendant's] requests."); *Egtvedt*, No. 21-117 (CRC), ECF No. 89 at 6 ("The government has established that allowing defense counsel to take new photographs and make public exact measurements of the interior of the Capitol building presents security concerns.")

The measurements the defendant seeks falls within the definition of "security information." Pursuant to 2 U.S.C. §1979, any "security information" related to the Capitol Police can only be released to third parties with the approval of the Capitol Police Board. Security information is defined as "information that-(1) is sensitive with respect to the policing, protection, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to Congress, any statutory protectee of the Capitol Police, and the Capitol buildings and grounds."

The defendant's request would create a risk to the continued security of the Capitol.[2] Information related to the measurements of a non-public area of the Capitol would clearly be considered security information and subject to the approval requirements required by 2 U.S.C. § 1979. Additionally, as discussed in Exhibit B, the request should be denied because "[e]xact measurements could be used by adversaries." *See also Neely* at *10 (denying request for photographs and measurements, even if arguably material, because of the "troubling way" the request may impact national security).

Finally, providing the defense with the opportunity to take measurements in a non-public area of the Capitol would be a heavy burden on USCP and consume USCP resources that should instead be devoted to the protection, security, and safety of the U.S. Capitol and those within the

---

[2] Similarly, the Court should preclude the defendant from introducing evidence of the exact locations of USCP surveillance cameras. *See* ECF Nos. 65 at 10-13, 90 at 1-3. The government expects to meet and confer regarding the proposed exhibits provided by defense counsel because they appear to identify the exact locations of the cameras.

U.S. Capitol. The Capitol is protected 24 hours a day, 7 days a week, both inside and outside, by the USCP. The time spent by USCP officers in arranging for the defendant's taking of measurements is time that would otherwise be devoted to protecting the Capitol and those inside of it. Furthermore, if the Court were to order that the defendant must be permitted to take the requested measurements of a non-public area of the Capitol, in contrast to other Courts that have evaluated similar requests, it is highly likely that many other January 6 defendants would seek similar orders, and USCP would have to spend valuable hours and manpower to provide for each individual defendant's requested measurements, and potentially photographs and recordings.

In light of those significant security concerns and risks regarding the Capitol, there is good cause to deny the request. If the Court were to order the release of such information, the government will endeavor to work with USCP to obtain approval from the Capitol Police Board to release the information.

**V.     Conclusion**

For the foregoing reasons, the defendant's motion to compel should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Sarah Rocha*
Sarah Rocha
Trial Attorney / Detailee
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20579
Tel. No.:  202-330-1735
Email: sarah.wilsonrocha@usdoj.gov

*/s/ Taylor Fontan*
Taylor Fontan
Assistant United States Attorney
Indiana Bar No. 35690-53
601 D St. N.W, Washington, D.C. 20530
Tel. No.: (202) 815-8597
Email: taylor.fontan@usdoj.gov