**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:23-cr-00184 RDM** |
| | : | |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PROPOSED**
**AIDING AND ABETTING JURY INSTRUCTION**

The United States of America respectfully submits this brief in advance of the trial

scheduled to begin in this case on January 7, 2025. The brief provides the relevant law regarding

aiding and abetting liability and provides the Court with aiding and abetting instructions supported

by case law.

**A. THE FELONY OFFENSES AND CHARGED CONDUCT**

    **1. Count One – Civil Disorder, in violation of Title 18, United States Code,**
       **Sections 231(a)(3) and 2**

Count One of the Indictment charges Wise with civil disorder, in violation of Title 18,

United States Code, Section 231(a)(3). Count One also charges Wise with aiding and abetting

others to commit the offense.

Section 231(a)(3) provides that "Whoever commits or attempts to commit any act to

obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the

lawful performance of his official duties incident to and during the commission of a civil disorder

which in any way or degree obstructs, delays, or adversely affects commerce or the movement of

any article or commodity in commerce or the conduct or performance of any federally protected

function—Shall be fined under this title or imprisoned not more than five years, or both."  18

U.S.C. § 231(a)(3).  The elements of the offense are as follows:

- First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

- Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

- Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

*See, e.g.*, *United States v. Middleton et, al.*, 1:21-cr-367 (RDM) (ECF No. 116-2 at 24-26); *United States v. Rotella*, 1:23-cr-303 (RDM) (ECF No. 59 at 30-31); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 21-22); *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15-16); *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 17).

## 2. Count Two - Assaulting, Resisting, or Impeding Certain Officers and Aiding and Abetting, in violation of Title 18, United States Code, Sections 111(a)(1) and 2

Count Two of the Indictment charges Wise with assaulting, resisting, or impeding officers, in violation of Title 18, United States Code, Section 111(a)(1). Count Two also charges Wise with aiding and abetting others to commit the offense.

Section 111(a)(1) makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1).  The elements of the offense are as follows:

- First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a designated officer;

- Second, the defendant did such acts forcibly;

- Third, the defendant did such acts voluntarily and intentionally;

2

- Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his/her official duties or assisting officers of the United States who were then engaged in the performance of their official duties; and

- Fifth, the defendant made physical contact with a person who was an officer or an employee of the United States who was then engaged in the performance of his official duties or who was assisting officers of the United States who were then engaged in the performance of their official duties, or acted with the intent to commit another felony.

*See, e.g.*, *United States v. Middleton et, al.*, 1:21-cr-367(RDM) (ECF No. 116-2 at 16-18); *United States v. Rotella*, 1:23-cr-303 (RDM) (ECF No. 59 at 44-45); *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002). The defendant need not "be aware that his victim is a federal officer. All the statute requires is an intent to assault, not an intent to assault a federal officer." *United States v. Feola*, 420 U.S. 671, 684 (1975). Section 111 does not require the federal officer be placed in fear, or that bodily injury be inflicted. *Lucas v. United States*, 443 F. Supp. 539, 544 (D.D.C. 1977), *aff'd*, 590 F.2d 356 (D.C. Cir. 1979).

*Counts One and Two Summary*

In Counts One and Two, the government alleges that Wise committed the offenses of obstructing officers during a civil disorder as charged in Count One, assaulting, resisting, or impeding officers as charged in Count Two, and by aiding and abetting others to commit the offenses. Specifically, the government expects to show at trial that that Wise acted to obstruct, impede, or interfere with officers and that he forcibly resisted, opposed, impeded, intimidated, and interfered with officers.

First, the government expects to show that Wise obstructed, impeded, or interfered or attempted to obstruct, impede, or interfere with law enforcement officers[1] during the commission

---

[1] Wise is also charged with attempt to commit the crime of obstructing officers during a civil disorder in Count One.

of a civil disorder due to his presence in the restricted area, refusal to leave the restricted area, yelling at law enforcement, and directing others to engage with officers between approximately 4:21 – 4:24 PM on the Upper West Terrace on the Capitol grounds. In addition, the government also expects to show that Wise aided and abetted the rioters that engaged in a scrum with law enforcement that occurred between approximately 4:22 – 4:23 PM on the Upper West Terrace on the Capitol grounds. Wise did so by screaming "Yeah, fuck them! Yeah, kill 'em!" while pointing at the scrum of rioters pushing against the police line and then screaming "Kill 'em! Kill 'em! Kill 'em!" towards the scrum who continued to assault officers in the police line.

### B.    AIDING AND ABETTING LIABILITY

The government[2] is required to prove beyond a reasonable doubt that Wise "is liable under § 2 for aiding and abetting a crime if (and only if) he (1) [took] an affirmative act in furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). The question remains, under aiding and abetting theory of liability, to what extent does the affirmative act[3] need to further the underlying offense – in this case, what must the government prove to show that Wise's affirmative acts furthered the rioters that obstructed, impeded, or interfered with law enforcement officers during the commission of a civil disorder that occurred between 4:21 – 4:24 PM on the Upper West Terrace on the Capitol grounds; and (2) what must the government prove to show that Wise's affirmative acts furthered the rioters that engaged in a scrum with law enforcement that occurred between 4:22 – 4:23 PM on the Upper

---

[2] The government incorporates by reference its outline of aiding and abetting liability law provided in its Trial Brief. *See* ECF No. 105 at 5-7, 7-12.

[3] As described in Government's Trial Brief, words of encouragement are legally sufficient to prevail under an aiding and abetting theory. *See* ECF No. 105 at 5-7.

West Terrace on the Capitol grounds. The answer is that the government must show that Wise's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.

### 1. The Law for Aiding and Abetting in the Context of a Group Assault or Mob

To prevail under an aiding and abetting theory in the group assault or mob setting, the government must prove that the defendant "in some sort associate himself with the venture, (i.e., the criminal enterprise), that he participate in it as in something that he wishes to bring about, [and] that he seek by his action to make it succeed." *United States v. Barber*, 429 F.2d 1394, 1397 (3d Cir. 1970) (quotations omitted). The defendant's "conduct or other special circumstances attending his presence must be such as to show that he has associated himself with and participated in the criminal undertaking. Something of significance beyond the fact of presence is necessary to justify a conviction." *Id*. at 1396.[4] In *Barber*, the defendant was charged with aiding and abetting a mob of assaulters in violation of 18 U.S.C. § 111. *Id*. at 1395. The court determined that the defendant's post-trial motion for judgment of acquittal should have been granted because there "simply is nothing in the record that can serve to associate [the defendant] with a purpose or design to act unlawfully, or to show that he *in any way* encouraged or facilitated the resort of others to violence." *Id*. at 1398-1399 (emphasis added). Here, if the defendant in any way encouraged or facilitated other members of mob to assault officers, the conviction would be sufficient under the aiding and abetting theory. As part of this framework, "it is not essential that there be any direct

---

[4] Sufficiency of wrongdoing in the context of a verbal encouragement of an assault has existed for over a century. *See, e.g.*, *Kuney v. Dutcher*, 56 Mich. 308, 312-313 (1885) ("Now, it has been held in still stronger terms that any person who is present at the commission of an assault and battery, and encourages and incites it by words, gesture, looks, or signs, or in any way, or by any means, is in the law assumed to be an aider and abettor, and is liable as a principal. The fact that a person is present at the commission of an assault and battery, or within such reasonable distance as to know what is going on, without disapproving or opposing it, is evidence upon which, in connection with other circumstances proved, it is competent for the jury to infer whether or not he thereby aided and abetted the same.")

communication between the actual perpetrator and the person aiding and abetting." *Williams v. United States*, 190 A.2d 269, 270 (D.C. 1963). A reasonable jury "can conclude[] from all the evidence that [] were associated with the principal offender in the venture and made a conscious effort to help it succeed." *Id*.

### 2. Success is Not Required

Aiding and abetting liability does not require that the government prove that Wise's affirmative act be successful in aiding and abetting the underlying crimes. "It requires only association with the criminal venture, purposeful participation therein, and an affirmative act meant to make the venture succeed." *United States v. Surtain*, 519 F. App'x 266, 278 (5th Cir. 2013); *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir.1938); *United States v. Trapnell*, 638 F.2d 1016, 1020 (7th Cir.1980).

For example, in *Pino*, the Fourth Circuit held that the defendant aided and abetted an illegal drug deal when the defendant unsuccessfully attempted to locate a drug stash on behalf of another's drug-dealing transaction. *United States v. Pino*, 608 F.2d 1001, 1003 (4th Cir. 1979). The Fourth Circuit rejected the defendant's argument that he could not have aided and abetted the criminal venture because his participating act, attempting to locate the drug stash, was unsuccessful. *Id*. (reasoning that "[o]ne is no less an aider and abettor because one's efforts, while diligent, are not crowned in every respect with success"). Finding no distinguishment between aiding and abetting and attempt to aid and abet, the Fourth Circuit held that one's acts sufficiently aids and abets when such acts reflect intent for the commission of the crime to succeed. *Id*. (citing *United States v. Licursi*, 525 F.2d 1164, 1167 (2d Cir. 1975)) (reasoning that, pursuant to aiding and abetting liability, one participates in a criminal venture when one's actions seek the venture's success). The Fourth Circuit's rationale rested on the fact that, although the defendant's attempts to aid and abet

were unsuccessful, the defendant's actions could have kept the potential buyer's interest in the drug transaction engaged long enough for the transaction to complete by the principal at a later time. *Id*. Permitting convictions on the basis of the "attempt to aid and abet" theory is justified because, even if an offense was not actually committed, the defendant "manifests the same dangerousness of character as the actor who himself attempts to commit the offense." *United States v. Washington*, 106 F.3d 983, 1005 (D.C. Cir. 1997).

### 3.  But-For Causation is Not Required

To sustain a conviction for aiding and abetting, "all that is necessary is to show some affirmative participation which at least encourages the principal offender to commit the offense, with all its elements, as proscribed by the statute." *United States v. Monroe*, 990 F.2d 1370, 1374 (D.C. Cir. 1993) (citing *United States v. Garrett*, 720 F.2d 705, 713-714 (D.C.Cir.1983). That affirmative participation need not be the but-for cause of the crime being committed and need not rise to a substantial level. "The affirmative act requirement for accomplice liability raises no more than a low hurdle for the government's proof to clear, it is true." *See United States v. Garguilo*, 310 F.2d 249, 253 (2d Cir. 1962) (Friendly, J.) ("[E]vidence of an act of relatively slight moment may warrant a jury's finding participation in a crime.").

"[T]he quantum of assistance provided by an accomplice may be trifling." *United States v. Delgado*, 972 F.3d 63, 77 (2d Cir. 2020), as amended (Sept. 1, 2020); *see also United States v. Huezo*, 546 F.3d 174, 179 (2d Cir. 2008). In applying aiding and abetting law, the court in *Delgado* concluded that the defendant's conduct was not enough to satisfy the affirmative act requirement of federal accomplice liability. The court determined that "[a]lthough Anastasio [the defendant] was present while members of the 10th Street Gang discussed and formulated its scheme for revenge, nothing in the record suggests that Anastasio spoke during—much less contributed to—

this planning process. Nor has the government offered evidence that Anastasio's mere presence at Thurmond's apartment encouraged or otherwise influenced the Gang to commit the murders. Indeed, as far as we can tell from the record, Anastasio played no "role" in the execution of the retaliatory shooting "beyond that of a companion" to the shooters, and even that he did at a distance from the shooting." *Id*. at 77 (*citing Garguilo*, 310 F.2d at 253). Unlike the defendant in Delgado, the government intends to present evidence that Wise did, in some way, encourage or otherwise facilitate the other rioters' commission of crimes.

This is also consistent with the common law. Under the common law, the accomplice's action needs only to exert a minimal influence on the principal's behavior. *See e.g.*, *People v. Hughes*, 161 P.2d. 285 (Cal. Ct. App. 1945); *McCarty v. State*, 26 Miss. 299, 303 (1853); *Fuller v. State*, 198 So.2d 625 (Ala. Ct. App. 1966). The government is not required to prove "but for" causation. *State ex rel. Attorney Gen. v. Tally*, 102 Ala. 25, 53-54, 62-73 (1893) (explaining that such contribution does not need rise to the sense that but for the assistance, the crime would not have resulted). Rather, the assistance may sufficiently aid and abet even if the principal's crime would, in all probability, have been committed regardless of the assistance. *Id*. Moreover, the principal need not be aware of the assistance rendered by the aider and abettor. *Id*. at 71-73. In *Tally*, The Alabama Supreme Court held that a defendant sufficiently aided and abetted a murder when the defendant caused the delay of a message's delivery which would have warned the victim that the eventual murderer was afoot. *Id*. at 73-76. The court reasoned that the message's delay could have provided the victim with more time to escape death from their incoming murderer. *Id*. Thus, aiding and abetting liability extends to assistance that facilitates a result that would have happened anyway. *Id*. at 70-71.

This is also true in the January 6 context – where defendants have been convicted of aiding and abetting mobs of people. *See e.g.*, *United States v. Patrick Edward McCaughey, III, Tristian Chandler Stevens, and David Meha*ffie, 1:21-cr-40 (TNM)(Sept. 13, 2022). There, the court found that defendant Mehaffie's direction was enough to prove beyond a reasonable doubt that he performed an act in furtherance of the offense without making the determination that but-for Mehaffie directing rioters into the tunnel, rioters would not have carried out conduct that impeded officers. In evaluating his conduct, the court determined that to find that the defendant performed an act in furtherance of the offense to satisfy the third aiding and abetting element, the court must find that the defendant "act[ed] in furtherance of the resistance against officers." Transcript of Oral Ruling/Verdict, ECF No. 638 at 33. In support of its finding that the defendant acted in furtherance of violations of 18 U.S.C. § 111(a), the court found that "[o]nce Mr. Mehaffie took his position, he began to direct rioters into the tunnel. Upon review of the entire video, I count at least 12 times where he gestured rioters into the tunnel." *Id*. Further, the court found that there was circumstantial evidence that the defendant, in some way, encouraged or directed the "simultaneous addition of more rioters" to interfere with officers. *Id*. at 34. In conclusion, the court convicted defendant Mehaffie on the basis that, "Mr. Mehaffie directed rioters into the tunnel with the intent and purpose that they would interfere with police officers." *Id*. at 35-36. The court's verdict in *Mehaffie* is consistent with the government's proposed aiding and abetting jury instruction.

Here, under the aiding and abetting theory, the government is not required to prove that the Wise's conduct was the but-for cause of rioters obstructing, impeding, or interfering with law enforcement officers during the commission of a civil disorder and rioters that were engaging in a scrum with law enforcement. All that the government must prove is that Wise, in some way, aided, assisted, facilitated, or encouraged others to commit the offense.

### 4. Government's Aiding and Abetting Theory as to Wise's Conduct

Under an aiding and abetting theory, the government can point to multiple ways that Wise's affirmative acts in some way contributed to furthering the underlying offenses. As described in the government's trial brief, as officers were knocked to the ground directly in front of him, Wise turned in the direction of the violence, pointed, and shouted, "Yeah, fuck them! Yeah, kill 'em!" About 20 seconds later, at approximately 4:22:39 PM, assaults continued against law enforcement, and Wise shouted in the direction of the rioters attacking the police line, "Kill 'em! Kill 'em! Kill 'em!" Audio taken from the area where the assaults occurred demonstrates that Wise's statements were audible from that location. (ECF No. 105-1, Exhibits H, I, K, and L).  At trial, the government expects to introduce evidence of this conduct through multiple videos from different perspectives, including body worn camera video, open-source media, and CCTV video. The government expects to use such evidence to argue that Wise encouraged rioters to assault, resist, or impede officers in violation of 18 U.S.C. § 111(a)(1). The government also expects to argue under an aiding and abetting theory that Wise's actions prevented or delayed other officers near Wise from helping the attacked officers in fear that Wise would further join the assaultive, resistive, and impeding conduct if the police line was broken. The government's proposed aiding and abetting jury instruction properly instructs the jury on the law – that Wise did, in some way, aid, assist, facilitate, or encourage others to commit the offenses.

### C.    THE GOVERNMENT'S PROPOSED AIDING AND ABETTING INSTRUCTIONS

Based on the foregoing authority, the government proposes the following aiding and abetting jury instructions:

### Aiding and Abetting-Count One[5]

In this case, the government further alleges that the defendant committed obstruction of officers during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person or persons in committing the offense. A person who has aided and abetted another person or persons in committing an offense is often called an accomplice. The person or persons whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person or persons in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding,

---

[5] *See e.g.*, United States v. Smith, 1:23-cr-71 (RDM)(May 10, 2024) (ECF No. 88 at 64); *United States v. Patrick Edward McCaughey, III, Tristian Chandler Stevens, and David Mehaffie*, 1:21-cr-40 (TNM)(Sept. 13, 2022)(ECF No. 163 at 14-21).

assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way

participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

\*\*\*

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed officers during a civil disorder, attempted to obstruct officers during a civil disorder, or aided and abetted obstructing officers during a civil disorder. Each of these three ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other two ways.

### Aiding and Abetting-Count Two[6]

In this case, the government further alleges that the defendant assaulted, resisted, or impeded officers, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person or persons in committing the offense. A person who has aided and abetted another person or persons in committing an offense is often called an accomplice. The person or persons whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime

---

[6] *United States v. Middleton et, al.*, 1:21-cr-367(RDM) (ECF No. 116-2 at 18-19); *United States v. Rotella*, 1:23-cr-303 (RDM) (ECF No. 59 at 49-51).

13

was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding officers because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others assaulted, resisted, or impeded officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that officers were going to be assaulted, resisted, or impeded by others, or that others were assaulting, resisting, or impeding officers.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding officers.

Fifth, that the defendant did that act or acts with the intent that others assault, resist, or impede officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

14

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting, resisting, or impeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

***

A defendant may be found guilty of the offense charged in Count Two if the defendant assaulted, resisted, or impeded officers, or aided and abetted others in assaulting, resisting, or impeding officers. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, or impeding officers in either one of these two ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant committed the offense of assaulting, resisting, or impeding officers in the other way.

### D.    CONCLUSION

For the foregoing reasons, the Court should give the Aiding and Abetting Instruction outlined in Section C.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Sarah Rocha*
Sarah Rocha
Trial Attorney / Detailee
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20579
Tel. No.:  202-330-1735
Email: sarah.wilsonrocha@usdoj.gov

*/s/ Taylor Fontan*
Taylor Fontan
Assistant United States Attorney
Indiana Bar No. 35690-53
601 D St. N.W, Washington, D.C. 20530
Tel. No.: (202) 815-8597
Email: taylor.fontan@usdoj.gov