**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| **United States of America**, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | Motion and Memorandum for Disclosure of Records to Defense Team Subpoenaed Under Fed. R. Crim. P. 17(c)(1) |
| v. | |
| **Jared Lane Wise,** | |
| Defendant. | |

Jared Lane Wise, by and through counsel Supervisory Assistant Federal Public Defender Kurt Hermansen and Assistant Federal Public Defender Peyton Lee, requests that the Court either: (1) disclose the records previously subpoenaed pursuant to Federal Rule of Criminal Procedure 17(c) exclusively to the defense, with the understanding that they will be disclosed to the government (pursuant to Federal Rule of Criminal Procedure 16) if the defense determines they will be used at trial, or alternatively, (2) dispose of the records and disregard the subpoena if the Court is not inclined to produce the records exclusively to the defense.

## Legal Argument

Federal Rule of Criminal Procedure 17(c) allows for the issuance of pretrial subpoenas *duces tecum*. The Court has discretion in how it chooses to allow inspection of any records produced to the Court based in a subpoena *duces tecum*. *See* Fed. R. Crim. P. 17(c)(1) ("When the items arrive, the court *may* permit the parties and their attorneys to inspect all or part of them.") (emphasis added). "[T]here is nothing in the rule which forecloses the district court, at its discretion, from

**Page 1    MOTION AND MEMORANDUM REGARDING DISCLOSING TO DEFENSE TEAM RECORDS SUBPOENAED UNDER FED. R. CRIM. P. 17(C)(1)**

permitting only one party … to inspect the subpoenaed documents." *United States v. Beckford*, 964 F. Supp. 1010, 1026 n.21 (E.D. Va. 1997). Rule 17(c) "empowers the court to deny an adverse party the opportunity to inspect the documents." *United States v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997); *see, United States v. Belcher,* No. 7:23-cr-00045*,* 2023 U.S. Dist. LEXIS 229636, *11 (W.D. Va. Dec. 27, 2023).

In considering whether to permit the defense to review the records prior to disclosure to the government, the Court must balance the defendant's right to confidentiality and the government's right to a fair and efficient trial. *See United States v. Mills*, No. 16-cr-20460, 2019 WL 76869, at *7 (E.D. Mich. Jan. 2, 2019). The defendant is not entitled to "strategic advantage or tactical surprise[.]" *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011) (granting motion to file under seal and *ex parte*). Rule 16 disclosure requirements prevent strategic advantage and tactical surprise because the defense must disclose pretrial to the government any subpoenaed documents the defense intends to use in its case in chief.

Here, the defendant's right to a confidential preparation of his defense outweighs any risk to the Government at trial. The right of an accused to have compulsory process for obtaining witnesses and evidence in his favor is an important right on equal footing with the right to confront prosecution witnesses. *Washington v. Texas*, 388 U.S. 14, 19 (1967); *See United States v. Beckford*, 964 F. Supp. 1010, 1019 (E.D. Va. 1997) ("Forcing the indigent defendant to confront the choice between issuing no trial subpoenas duces tecum (to preserve his theory of defense and thus rely on voluntary production of requested evidence [)] or disclosing his whole case to the Government before trial, (to assure production of requested evidence) is an unconstitutional limitation on the

defendant's right to compulsory process[.]"). Further, the Government will not suffer undue surprise as Mr. Wise is required under Federal Rules of Criminal Procedure 16 to disclose any records to the Government in advance of trial if he intends to use them at trial.

<strong>Conclusion</strong>

Mr. Wise respectfully requests that this Court either (1) issue an order permitting the subpoenas *duces tecum* records to be released exclusively to the defense, to be disclosed to the government if the defense determines that they will be used in trial, or (2) dispose of the records and disregard the subpoena.

Respectfully submitted on November 27, 2024.

<table>
<tr><td>s/ <em>Peyton Lee</em></td><td>s/ <em>Kurt Hermansen</em></td></tr>
<tr><td>Peyton Lee, OSB No. 164224</td><td>Kurt David Hermansen, CA Bar No. 166349</td></tr>
<tr><td>Assistant Federal Public Defender</td><td>Supervisory Assistant Federal Public Defender</td></tr>
<tr><td>101 SW Main Street, Suite 1700</td><td>859 Willamette St. Suite 200</td></tr>
<tr><td>Portland, OR 97204</td><td>Eugene, OR  97401</td></tr>
<tr><td>Tel: (503) 326-2123</td><td>Tel: (619) 436-8117</td></tr>
<tr><td>Email: Peyton_Lee@fd.org</td><td>Email: kurt_hermansen@fd.org</td></tr>
</table>

<strong>Attorneys for Defendant Jared Lane Wise</strong>