**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Crim. No. 23-CR-184 (RDM)** |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S REPLY IN SUPPORT OF ITS PROPOSED JURY INSTRUCTIONS

The United States of America respectfully submits this reply brief in support of its supplemental brief in support of its proposed aiding and abetting instruction.

After unlawfully breaching Capitol grounds, breaching the Capitol building, and remaining on Capitol grounds for hours, the Defendant positioned himself just behind a group of rioters who were engaged in a violent confrontation with law enforcement. The Defendant turned toward the rioters above, swung his fist in the air, and shouted, "Yeah, fuck them!  Yeah, kill 'em!  Yeah!"  A few seconds later, the mass assault on officers in the police line continued, he shouted in the direction of the rioters attacking the police line, "Kill 'em!  Kill 'em!  Kill 'em!" In his opposition, Defendant argues that his "conduct" was "mere speech and walking around the Upper West Terrace of the U.S. Capitol." ECF No. 155 at 4. But that is not the crime for which Defendant stands charged. The Defendant is charged with, among other things, aiding and abetting a mass assault on a police line and otherwise aiding and abetting other rioters obstructing police.

Defendant's attempts to equate his conduct with that of a fiery speech are inapposite. "'[F]ighting words'—those that provoke immediate violence—are not protected by the First Amendment." *N. A. A. C. P. v. Claiborne Hardware Co.*, 458 U.S. 886, 927 (1982) (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942)). Under an aiding and abetting theory, the government must prove that the Defendant, in some way, aided, assisted, facilitated, or

encouraged others to commit the offense. The required elements of the aiding and abetting defense—if found by the jury—ensure that the Defendant's speech falls outside of the protections of the First Amendment.

A separate incitement instruction is not proper because a jury in this case is not required to determine whether the Defendant meets the elements of incitement. Adding such a requirement would insert a requirement that Defendant's actions were the but for cause or "substantially assist[ed]" the principal, which is not an element of aiding and abetting theory of liability. The Court should reject the Defendant's proposed instruction.

## I.    An Incitement Instruction Is Not Required Because There Is No Additional Causation Requirement Based In First Amendment Law

It is well-established that speech that constitutes criminal aiding and abetting is not protected by the First Amendment. *See, e.g.*, *United States v. Bell*, 414 F.3d 474, 483–84 (3d Cir. 2005); *Nat'l Org. for Women v. Operation Rescue*, 37 F.3d 646, 656 (D.C.Cir.1994). "The first amendment does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose." *United States v. Barnett*, 667 F.2d 835, 842–43 (9th Cir.1982). "Crimes including that of aiding and abetting, frequently involve the use of speech as part of the criminal transaction." *Id.*; cf. *Giboney v. Empire Storage & Ice Co.,* 336 U.S. 490, 498 (1949) (holding that speech integral to criminal conduct is not protected). "Neither solicitation nor facilitation requires lending physical aid; for both, words may be enough." *United States v. Hansen*, 599 U.S. 762, 771 (2023).

The Defendant's speech plainly falls within the category of aiding and abetting. "Aiding and abetting" liability, or "accomplice" liability, is established by 18 U.S.C. § 2(a). Section 2 provides, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  18 U.S.C. § 2(a).

Aiding and abetting is a theory of criminal liability, not a separate offense. *See, e.g.*, *United States v. Ginyard*, 511 F.3d 203, 211 (D.C. Cir. 2008). For aiding and abetting liability to attach, the defendant must engage "in some sort associate himself with the venture," "participate in it as in something that he wishes to bring about," and "seek by his action to make it succeed." *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938) (L. Hand, J.); *United States v. Raper*, 676 F.2d 841, 849 (D.C. Cir. 1982) ("What is required on the part of the aider is sufficient knowledge and participation to indicate that he knowingly and wilfully participated in the offense in a manner that indicated he intended to make it succeed.").

In evaluating aiding and abetting liability, the fact-finder is presented with a completed crime – here, the crimes of assaulting officers and interfering with officers during a civil disorder. The Defendant's assistance, encouragement, and facilitation of others to commit the offense was carried out contemporaneous with the crime. "Where speech becomes an integral part of the crime, a First Amendment defense is foreclosed even if the prosecution rests on words alone." *United States v. Freeman*, 761 F.2d 549, 552 (9th Cir.1985) (Kennedy, J.) (distinguishing between comments about "unfairness of the tax laws generally" and "soliciting or counseling a violation of law in an immediate sense."); *see also United States v. Kelley*, 769 F.2d 215, 217 (4th Cir.1985). And the Defendant's conduct – his words and actions – were not otherwise lawful First Amendment protected activity. The Defendant was unlawfully inside a restricted area, and the Defendant was defying orders to disperse. The Defendant's "speech" on January 6, 2021, bears no relationship to the cases cited by Defendant. The Defendant's conduct – his words and actions – were carried out as part of a crime. Courts have made it clear that when speech is part of the act that constitutes the aiding and abetting, it is not protected by the First Amendment.

Because speech that forms the basis for aiding and abetting criminal liability is not protected by the First Amendment, there is no reason the fact finder needs to determine whether the Defendant's speech is otherwise lawful First Amendment activity. *Nat'l Org. for Women v. Operation Rescue* involved the Constitutionality of a Court-issued injunction to prohibit protestors from engaging in protest activities at a clinic. 37 F.3d 646, 657-58 (D.C. Cir. 1994). It has no relevance or applicability here. In *Operation Rescue* the D.C. Court of Appeals determined that an injunction was overinclusive and vague because it prohibited "'inducing, encouraging, directing, aiding, or abetting others' to engage in the prohibited conduct. *Id.* at 655. The Court of Appeals determined that including the language "inducing or encouraging" raised First Amendment concerns. Here, the Defendant is not charged with "inducing or encouraging" others. He is charged with "aiding and abetting," which notably, the D.C. Court of Appeals stated did not run afoul of the First Amendment. *Id*. Accordingly, the D.C. Court of Appeals recognized that the elements of aiding and abetting liability require proof that serves to take speech outside First Amendment protection. *Operation Rescue* provides no support for an incitement instruction in this case.

The Defendant's other cases fail similarly. In *United States v. Hassan*, the defendant was charged with multiple counts of conspiracy—conspiracy to provide material support to terrorists, conspiracy to murder, kidnap, maim, and injure persons in foreign country, conspiracy to kill federal officer or employee. 742 F.3d 104, 110 - 111 (4th Cir. 2014). The defendant was not prosecuted under an aiding and abetting theory of liability. *Id*. The Court declined to give incitement instructions because the defendant was not prosecuted for inciting violence and the instructions would not have permitted any convictions on that ground. *Id*. at 129. Likewise, the Defendant in this case is not being prosecuted under an incitement statute and a jury would not be convicting the Defendant if they found that the Defendant incited. Instead, the jury is tasked with

determining if the Defendant aided and abetted the mob in forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with officers in the police line or whether the Defendant himself obstructed, impeded, or interfered with officers, or aided and abetted the mob in obstructing, impeding, or interfering with officers. *Hassan* also provides no support for an incitement instruction in this case.

In addition to being contrary to case law, requiring the jury to make an additional determination as to whether the Defendant's words constitute incitement makes no sense. If a jury determines that the Defendant (1) knew that crimes were going to be committed or were being committed by others, (2) took actions, including speech, for the purpose of assisting, soliciting, facilitating, or encouraging others in committing the offense, and (3) took such actions with the intent that others would complete the offense, his words are not protected by the First Amendment. There is no additional factual determination required by the jury to ensure that the conduct is not protected by the First Amendment. That is because the Government's proposed aiding and abetting instruction satisfies the Brandenburg test. In other words, the aiding and abetting instruction on its own serves to take the speech outside of the protections of the First Amendment by requiring (as discussed below) that the Defendant shared in the criminal intent and participated in the activity in an affirmative manner designed to aid in the criminal objective. If the Court were to require the Government to prove the elements of incitement in addition to the aiding and abetting elements, incitement would effectively serve as a First Amendment defense, which is not permitted. *See United States v. Nordean*, 579 F. Supp. 3d 28, 54 (D.D.C. 2021). The instruction would further serve to backdoor a but-for causation requirement into the jury's deliberations, which (as discussed below) is not required. The First Amendment is not an affirmative defense in this case, and the government is not required to prove but-for or substantial causation.

The Defendant relies on *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982) for the proposition that "the government must show that the speech caused the violence" in order to pass constitutional muster. ECF No. 155 at 10. Nowhere in *NAACP v. Claiborne Hardware Co.* did the court institute a "causation" requirement for purposes of meeting the Brandenburg test. The court was tasked with determining whether damages were appropriate when the speaker shouted to the crowd, among other things, calls to engage in violent action. *Id*. at 928-29. In other words, the court determined that damages were not constitutionally appropriate because the acts of violence following the speaker's encouragement occurred weeks and months after.[1] As a result, the speech was protected because the acts following the encouragement were not imminent as required by Brandenburg. *Id*.

The same issue does not exist in this case, because the government's proposed aiding and abetting instructions incorporate the necessary elements of the Brandenburg test. The Brandenburg test determines that the relevant inquiry as to whether the speech is whether the speech "is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Thompson v. Trump*, 590 F. Supp. 3d 46, 112 (D.D.C. 2022), *aff'd sub nom. Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023)(citing *Brandenburg*, 395 U.S. at 447). The government's proposed aiding and abetting instruction subsumes Brandenburg. The requirement that the speech is "directed to inciting or producing imminent lawless action" is captured here by the *mens rea*

---

[1] The Supreme Court explained that there were three separate theories on which the speaker could be held civilly liable for the unlawful conduct of others:
- "First, a finding that he authorized, directed, or ratified specific tortious activity would justify holding him responsible for the consequences of that activity.
- Second, a finding that his public speeches were likely to incite lawless action could justify holding him liable for unlawful conduct that in fact followed within a reasonable period.
- Third, the speeches might be taken as evidence that Evers gave other specific instructions to carry out violent acts or threats." *Id.* at 927.

requirement in the aiding and abetting instruction – that the defendant acted with the intent that others commit the offense of assaulting or obstructing officers during a civil disorder. The requirement that the speech is "likely to incite or produce such action" is captured in the second and third elements of aiding and abetting – that the defendant knew that the crime was going to be committed or was being committed by others and that the defendant performed an act or acts in furtherance of the offense. ECF No. 108 at 42.

## II.    Adding The Element Of "Substantially Assist" To The Aiding And Abetting Jury Instruction Is Contrary To Law

Aiding and abetting liability under 18 U.S.C. § 2 does not require that the government prove that the Defendant "substantially assist" in the commission of the underlying offense to establish that he satisfies the affirmative act requirement for a conviction under aiding and abetting liability. *Rosemond v. United States*, 572 U.S. 65, 73-74 (2014). The Supreme Court confirmed that under § 2, "a person's involvement in the crime could be not merely partial but minimal too: 'The quality [of assistance was] immaterial,' so long as the accomplice did '*something* '" *Id*. (*citing* R. Desty, A Compendium of American Criminal Law § 37a, p. 106 (1882) (emphasis added).

Moreover, "[o]ne need not participate in an important aspect of a crime to be liable as an aider and abetter; participation of 'relatively slight moment' is sufficient." *United States v. Bowen*, 527 F.3d 1065, 1078 (10th Cir. 2008) (*quoting United States v. Isaac-Sigala*, 448 F.3d 1206, 1213 (10th Cir. 2006)). Accordingly, "[t]he affirmative act requirement for accomplice liability raises no more than a low hurdle for the government's proof to clear." *United States v. Delgado*, 972 F.3d 63, 74 (2d Cir. 2020). A defendant need not "provide more than a 'minimal' amount of aid to qualify as an aider and abettor. Indeed, as one venerable treatise put it, 'the quantity of assistance [is] immaterial, so long as the accomplice did something to aid the crime.'" *Id*. (quoting *Rosemond*, 572 U.S. at 73). Finally, a defendant can be guilty of aiding and abetting even if the principal

would have committed the offense anyway. *See United States v. Surtain*, 519 F. App'x 266, 278 (5th Cir. 2013) ("[C]onviction on an aiding-and-abetting theory does not require the defendant's acts to cause the criminal venture to succeed. It requires only association with the criminal venture, purposeful participation therein, and an affirmative act meant to make the venture succeed."). The government is not required to prove that the Defendant "substantially assisted" the rioters to prevail on an aiding and abetting theory of liability. The government need only prove that the Defendant, in some way, aided, assisted, facilitated, or encouraged others to commit the offenses.

Further, prevailing on an aiding and abetting theory that relies in part on the Defendant's words does not create an additional require an additional element of proof. "In proscribing aiding and abetting, Congress used language that 'comprehends all assistance rendered by words, acts, encouragement, support, or presence.'" *Rosemond v. United States*, 572 U.S. 65, 73 (2014) (*quoting Reves v. Ernst & Young*, 507 U.S. 170, 178 (1993)). Words of encouragement offered by the accomplice are sufficient, whether overt or indirect to establish criminal liability under an aiding and abetting theory of liability. *See United States v. Felix*, 996 F.2d 203, 208 (8th Cir. 1993) (holding evidence sufficient to prove aiding and abetting an assault where the defendant "yelled words of encouragement, such as 'Get him,' 'Hit him again,' and 'Kill him'"); *United States v. Whitney*, 229 F.3d 1296, 1304 (10th Cir. 2000) (holding evidence sufficient to prove accomplice liability for interfering with federal housing rights on the basis of race, in violation of 42 U.S.C. § 3631(a) based on codefendants burning a cross in the victims' front yard; defendant "used racial epithets when referring to [the victims], and discussed cross burning as a symbol of hatred towards African-Americans on the afternoon prior to the crime. . . . A juror could reasonably find these were 'words or gestures of encouragement.'"). But "the acts or words of encouragement and abetting must have been used by the accused with the intention of encouraging and abetting" the

principal. *Hicks v. United States*, 150 U.S. 442, 449 (1893). Again, no "substantially assist" requirement was articulated in aiding and abetting liability for cases involving words of encouragement.

The government has not identified a single case that has required "but for" or "substantial assistance" causation in a criminal prosecution under 18 U.S.C. § 2. Rather, as the government set forth in its Supplemental Brief, ECF No. 150 at 7-10, the government must show that the defendant shared in the criminal intent and participated in the activity in an affirmative manner designed to aid in the criminal objective. *United States v. Garguilo*, 310 F.2d 249, 253 (2d Cir. 1962) (The defendant must "associate himself with the venture, [] participate in it as in something that he wishes to bring about, [and] seek by his action to make it succeed.") (quoting *United States v. Peoni*, 100 F.2d 401, 402 (2d Cir. 1938) (J. Hand). The contribution may be of "relatively slight moment." *United States v. Leos-Quijada*, 107 F.3d 786, 794 (10th Cir. 1997) ("Participation in the criminal venture may be established by circumstantial evidence and the level of participation may be of 'relatively slight moment.'"). This makes sense, of course, because "every little bit helps— and a contribution to some part of a crime aids the whole." *Rosemond v. United States*, 572 U.S. 65, 73 (2014) (citing a treatise for the proposition that "'The quantity [of assistance was] immaterial,' so long as the accomplice did 'something' to aid the crime."). The "government must prove that the defendant's efforts contributed towards [the] success of the crime, even if only at the margins." *United States v. Delgado*, 972 F.3d 63, 75 (2d Cir. 2020) (internal quotes omitted).

The Defendant's cases are inapposite as applied to the crimes charged here. ECF No. 108 at 42. The civil statutes and common law cited by the Defendant do not and cannot unseat a long line of jurisprudence that has been cited approvingly by the Supreme Court in *Rosemond*.

The Defendant largely relies on *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023) to support its proposed "substantially assist" element. In *Twitter, Inc. v. Taamneh*, the Supreme Court analyzed the aids and abets prong of the Justice Against Sponsors of Terrorism Act (JASTA) under 18 U.S.C. § 2333. 18 U.S.C. § 2333 "imposes civil liability on any person who aids and abets by knowingly providing substantial assistance with respect to a person's commission of an act of international terrorism, refers to a conscious, voluntary, and culpable participation in another's wrongdoing." The Supreme Court discussed at length the *mens rea* requirement to be found liable under 18 U.S.C. § 2333, and in doing so, evaluated the *mens rea* requirement outlined in aiding and abetting civil common law. The Supreme Court's analyzed "substantially assist" not because it was an element required by criminal aiding and abetting theory of liability, but because the text of the statute required it to find a defendant liable.[2]

Although there may be a requirement that there a defendant "substantially assists" another in determining common law civil liability, case law and authority in this district has consistently required that criminal aiding and abetting pursuant to 18 U.S.C. § 2. *See* ECF No. 150 at 7-10.

### III.    Argument Regarding What Rioters Heard Are Fact Questions For The Jury

At trial, a jury is not required to determine whether a rioter heard the Defendant. The jury will be tasked with determining if the Defendants conduct – through his words and/or actions – in some way did aid, assist, facilitate, or encourage others to commit the offenses. A jury will determine whether the Defendant did **something** to aid the crime. *Rosemond*, 572 U.S. at 73 (emphasis added). At trial, the government plans to introduce evidence that the Defendant aided,

---

[2] The Defendant also cites *Amazon Servs. LLC v. United States Dep't of Agric.*, 109 F.4th 573 (D.C. Cir. 2024) and *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 675 (D.C. Cir. 2023) as authority to support the addition of a "substantially assist" element of aiding and abetting. However, these cases are not persuasive as both pertain to civil aiding and abetting liability – not criminal aiding and abetting under 18 U.S.C. § 2.

assisted, facilitated, or encouraged others to commit the offenses with his conduct and words. Of course, the Defendant can argue at trial that the government did not prove that Defendant "contributed" to the crime because, e.g., a specific rioter did not hear the Defendant's words of encouragement. But ultimately, the decision as to whether the Defendant's conduct and words aided, assisted, facilitated, or encouraged others is a question for the fact finder. The jury instructions proposed by the government are an accurate statement of law and will arm the jury to evaluate the elements of the crimes charged.

## IV.    Conclusion

For the foregoing reasons, the Court should provide the government's proposed aiding and abetting instructions and decline to provide the jury with an incitement instruction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052


By:      */s/ Taylor Fontan*
Taylor Fontan
Assistant United States Attorney
Indiana Bar No. 35690-53
601 D St. N.W, Washington, D.C. 20530
Tel. No.: (202) 815-8597
Email: Taylor.Fontan@usdoj.gov

*/s/ Sarah Rocha*
Sarah Rocha
Trial Attorney / Detailee
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20579
Tel. No.:  202-330-1735
Email: sarah.wilsonrocha@usdoj.gov