## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Crim. No. 23-CR-184 (RDM)** |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM TO THE FEDERAL BUREAU OF INVESTIGATION

The United States respectfully moves this Court to quash the subpoena the government understands Defendant plans to issue to the Federal Bureau of Investigation (FBI) (attached as Exhibit 1). Although styled as a subpoena, the request appears to be an effort to circumvent the Rule 16 discovery process and serve as another last-minute attempt by Defendant to distract from the relevant issues and evidence to be addressed at the upcoming trial. The request also fails to comply with the rules regarding issuance of Rule 17 subpoenas, unless defense had *ex parte* contact of which the government is unaware, and therefore the subpoena should be quashed on that basis as well. Moreover, the subpoena fails to satisfy the relevancy, admissibility, and specificity requirements set forth in *United States v. Nixon*, 418 U.S. 683 (1974). Therefore, the United States respectfully requests that the Court quash the subpoena.

### I.     Legal Standard

Federal Rule of Criminal Procedure 17 provides that a party may issue a subpoena requiring an individual "to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). However, that power is not unlimited: "Rule 17 does not authorize pretrial production absent Court approval." *United States v. Bing Tang Vo, et. al.,* 78 F. Supp. 3d 171, 174 (D.D.C. 2015). Further, regardless of the subpoenaed party's standing,

1

"it is this court's duty to make certain that the subpoena power is invoked legitimately and legally." *Vo* at 176 (quoting *United States v. Santiago-Lugo,* 904 F. Supp. 43, 45 (D.P.R. 1995)).

To that end, Rule 17 provides that the Court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The standard for evaluating whether a subpoena is "unreasonable or oppressive" was articulated by the Supreme Court in *Nixon*. 418 U.S. at 699-700. According to the Supreme Court, the party seeking to enforce a subpoena must demonstrate:

   (1) that the documents are evidentiary and relevant;

   (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;

   (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

   (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id*. Courts have consistently ruled that Rule 17 was intended as a vehicle to secure specific pieces of evidence for trial and, conversely, that Rule 17 "was not intended to provide a means of discovery for criminal cases." *Id.* at 698-700; *see also United States v. Fitzsimons,* No. 21-cr-158 (RC), ECF No. 91 (D.D.C. Aug. 14, 2022).

Rule 16, on the other hand, defines the permissible limits of discovery in criminal cases. *See United States v. Buckley,* 586 F.2d 498, 506 (5th Cir. 1978), *cert. denied,* 440 U.S. 982 (1979). It is thus improper to use a Rule 17 subpoena to circumvent the proscriptions of Rule 16. *See United States v. Edwards,* 191 F. Supp. 2d 88, 89 (D.D.C. 2002) ("While a Rule 17(c) subpoena duces tecum is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules

of Criminal Procedure or by Brady."); *see also United States v. Meggs,* No. 21-cr-28 (APM), ECF No. 565 (D.D.C. Dec. 23, 2021) (denying Oathkeeper Kelly Meggs' request to issue a *Subpoena Duces Tecum* to the United States Capitol Police).

Rule 16 establishes "the minimum amount of discovery to which the parties are entitled. It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Karake*, 281 F. Supp. 2d 302, 306 (D.D.C. 2003) (quoting Fed. R. Crim. P 16 advisory committee's note to the 1974 amendments). Rule 16 does not, however, bestow on the defendant a right to unrestricted access to all documents and objects within the government's possession, custody, or control. *See United States v. Maranzino*, 860 F.2d 981, 985–86 (10th Cir. 1988) ("Rule 16 does not authorize a blanket request to see the prosecution's file"). Rather, it applies to those documents and objects that (1) are "material to preparing the defense;" (2) the government intends to use in its case-in-chief at trial; or (3) were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Rule 16 also provides mechanisms for a judge to regulate discovery. "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

Further, a Rule 17(c) subpoena cannot properly be issued upon a "mere hope." *See United States v. Hang,* 75 F.3d 1275, 1283-84 (8th Cir. 1996) (noting that the Defendant's request "is replete with conjecture as to the contents of the materials that might have turned up"). Courts have also strictly enforced the "specificity" prong under the *Nixon* test. *See United States v. Morris,* 287 F.3d 985, 991-992 (10th Cir. 2002) (explaining that "requests for an entire file are evidence of an impermissible fishing expedition"). "The specificity requirement ensures that a Rule 17(c) subpoena will not be used as a fishing expedition to see what may turn up." *United States v. Libby,* 432 F. Supp. 2d 26, 32 (D.D.C. 2006) (internal quotation marks and citation omitted). Nor can the

justification for the pretrial Rule 17 subpoena rest on the potential to obtain impeachment evidence. *See Vo* at 181 ("That justification cannot support the approval of a subpoena for pretrial production 'because such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial.'") (quoting *United States v. Cuthbertson,* 630 F.2d 139, 144 (3d Cir. 1980).

## II.    Procedural History

As the Court knows, Defendant previously issued a subpoena to the FBI for certain records specific to the Defendant, and the government gathered and produced materials to comply with the subpoena. On June 17, 2024, Defendant moved for a *Subpoena Duces Tecum* for "Mr. Wise's personnel file." ECF 48 at 1. The motion stated that it contained "an abbreviated statement of facts . . . with additional information submitted *ex parte* to provide the court information concerning the relevant, admissibility, and specificity of the records sought." *Id.* Several months later, as the scheduled November trial date approached, on September 9, 2024, defense counsel emailed the government with a subpoena requesting the following documents, electronically stored information, or objects: "Jared Lane Wise's FBI records, including but not limited to his use-of-force training, his 2004 academy training by the Anti-Defamation League, his performance reviews while employed by the FBI, and his review of his supervisor." *See* ECF 103-1. In response to government filings regarding that subpoena, defense counsel disclosed that the materials sought by the subpoena had been requested through the FOIA process but abandoned in September 2023. ECF No. 115. Nevertheless, after the parties and the Court extensively discussed the subpoena, the government undertook significant efforts to gather and produce materials in response to the subpoena, noting its objections to defense's burdensome requests and efforts to circumvent criminal discovery. The government nonetheless produced materials. On November 15, 2024, the

government notified defense counsel that it believed it had fully complied with the subpoena. On December 18, 2024, the defense filed a "Supplement" to its motion to compel discovery to support a motion for selective prosecution, vindictive prosecution, and selective enforcement. (ECF No. 159). At the December 19, 2024 hearing, the Court heard argument on the motion. Between November 15 and Defendant's Supplement to its Motion to Compel Discovery (ECF No. 159)—which did not seek the records sought by the instant FBI subpoena—counsel met *multiple* times to discuss exhibits and potential stipulations. The current subject matter—a request for records and information referenced in a 2012 FBI policy guide on the use of less-than-lethal devices—was never broached.

On Friday, December 20, 2024, at 8:39 p.m., defense counsel sent an email to the government attaching the proposed subpoena directed to the Office of the Chief Counsel of the FBI and asking the government if it would accept service. The subpoena directed response by January 3, 2025, and requested records and information regarding a publicly available FBI policy guide titled "Less-Than-Legal Devices" issued by the FBI Training Division and dated November 15, 2012. On Monday, December 23, 2024, at 9:24 a.m., the government notified defense counsel it would not accept service of the subpoena.

## III.    Argument

As an initial matter, the Defendant's proposed subpoena should be quashed because it seeks to circumvent the discovery process in lieu of filing a motion to compel or seeking permission to issue a subpoena pursuant to Rule 17.

Barring having received permission from the Court *ex parte* to issue this subpoena and have a return date in advance of the trial, the Defendant failed to properly follow Rule 17 in issuing these subpoenas. Therefore, the subpoenas should be quashed under Rule 17(c)(2) on that basis.[1]

Moreover, this appears – again – to be a delay tactic. Defendant has articulated no reason whatsoever as to why this material is necessary to prepare for trial, let alone excuse the delay for its issuance. Defendant has zealously litigated this case, but last-minute requests should be viewed warily, particularly over a widely celebrated holiday break in service.

In any event, the subpoena should be quashed because the materials sought are not relevant to the charged conduct and would not be admissible at trial. The records and information sought by the subpoena are not materials that the government will use in its case-in-chief and are not materials that were obtained from or belong to the defendant. As a result, the defendant must show that these items are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E). The subpoena requests materials related to a publicly available FBI "Less-Than-Lethal Policy Guide" dated November 15, 2012. The charged conduct took place on January 6, 2021—almost a decade later. The primary responsive law enforcement agencies that day were the Metropolitan Police Department and the United States Capitol Police. The FBI's 2012 policy on less-than-lethal force guide has no bearing on the issues in this case, let alone Defendant's state of mind. At best, the request thus appears to be an unreasonable "fishing expedition" to see what turns up. *See Libby*, 432 F. Supp. 2d at 32. Because the subpoena is not requesting documents with "any tendency to make the existence of any fact that is of consequence to the determination of the action more

---

[1] As Defendant is also seeking materials directly from the FBI, he must comply with federal regulations, as authorized by *el rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *See, e.g.*, 28 C.F.R. § 16.23(a) (providing list of factors), 16.23(c). *See also United States v. Henson*, 123 F.3d 1226 (9th Cir. 1997) (holding that failure to comply with *Touhy* justifies refusal to disclose information).

probable or less probable than it would be without the evidence," Fed. R. Evid. 401, it should be quashed.

**IV.    Conclusion**

The Government respectfully requests that this Court quash the Defendant's *Subpoena Duces Tecum* to the FBI.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Sarah Rocha*
Sarah Rocha
Trial Attorney / Detailee
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20579
Tel. No.:  202-330-1735
Email: sarah.wilsonrocha@usdoj.gov

*/s/ Taylor Fontan*
Taylor Fontan
Assistant United States Attorney
Indiana Bar No. 35690-53
601 D St. N.W, Washington, D.C. 20530
Tel. No.: (202) 815-8597
Email: taylor.fontan@usdoj.gov