**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | Notice of Mr. Wise's Objection to Remote Court Proceedings |
| v. | |
| Jared Lane Wise, | |
| Defendant. | |

Mr. Wise hereby gives notice that he objects on both Sixth and First Amendment grounds to remote proceedings. The hearing on January 6, 2025, was scheduled to be open to the public. Because of the snowstorm, the Court is apparently closed and the parties have been provided a Zoom link.

"In all criminal prosecutions," the Sixth Amendment guarantees that "the accused shall enjoy the right to a … public trial." U.S. CONST. AMEND. VI. The requirement that criminal trials be open to the public is enshrined in the Sixth Amendment "for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions...." *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (internal quotation marks and citations omitted). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." *Id.; see also Kleinbart v. United States*, 388 A.2d 878, 881-82 (D.C. 1978). Of course, openness serves not merely the interest of the accused in a fair trial but also the interests of the public at large in being informed about the administration of justice. This latter interest too is accorded constitutional standing: "the press and public have a qualified First Amendment right to attend a criminal

Page 1 – Notice of Mr. Wise's Objection to Remote Court Proceedings

trial." *Waller*, 467 U.S. at 44; *See Press–Enterprise Co. v. Superior Court of Cal.*, 478 U.S. 1 (1986); *Press–Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1984); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982); *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980).

Like most rights, of course, the right to a public trial is not absolute. " '[C]onsiderations of preserving order, protecting the parties or witnesses, and maintaining confidentiality' " may warrant closing a criminal proceeding in some manner.' " *Tinsley v. United States*, 868 A.2d 867, 874 (D.C. 2005) (quoting *Kleinbart*, 388 A.2d at 882). However, " '[i]t is only under the most exceptional circumstances that limited portions of a criminal trial may be closed even partially to the public.' " *Tinsley*, 868 A.2d at 874 (quoting *Kleinbart*, 388 A.2d at 883); *see also Waller*, 467 U.S. at 45 (holding that "[s]uch circumstances [under which 'the right to an open trial may give way'] will be rare, and the balance of interests must be struck with special care"). Before a trial court may exclude members of the public from portions of a criminal proceeding, four criteria must be met: "[1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure." *Waller*, 467 U.S. at 48. *Littlejohn v. United States*, 73 A.3d 1034, 1040 (D.C. 2013), *abrogated by Weaver v. Massachusetts*, 582 U.S. 286 (2017).

Mr. Wise objects on both Sixth and First Amendment grounds to remote proceedings. On January 3, 2025, Mr. Wise indicated that he wants open, public court proceedings. Today, the media is flooded with discussions of the anniversary of January 6, 2021, including a pointed editorial opinion by President Biden focused on the events of January 6, 2021. The First Amendment

Page 2 – Notice of Mr. Wise's Objection to Remote Court Proceedings

concerns are at their zenith today. One day of snow does not constitute "the most exceptional circumstances" that are required for closing the hearing to the public.

Respectfully submitted on January 6, 2025.

| | |
|---|---|
| *s/ Peyton Lee* | *s/ Kurt Hermansen* |
| Peyton Lee, OSB No. 164224 | Kurt David Hermansen, CA Bar No. 166349 |
| Assistant Federal Public Defender | Supervisory Assistant Federal Public Defender |
| 101 SW Main Street, Suite 1700 | 859 Willamette St. Suite 200 |
| Portland, OR 97204 | Eugene, OR  97401 |
| Tel: (503) 326-2123 | Tel: (619) 436-8117 |
| Email: Peyton_Lee@fd.org | Email: kurt_hermansen@fd.org |

**Attorneys for Defendant Jared Lane Wise**