UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:23-cr-184 (RDM) |
| : | |
| JARED LANE WISE, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S MOTION TO EXCLUDE DEFENSE OPENING STATEMENT EXHIBITS

Pursuant to the Court's January 6, 2025 minute order, the government objects to the following defense exhibits to be used during opening statements. The government reserves its right to object to the other defense exhibits as they come up in trial.

**I.  Defense Exhibit 3**

The government objects to the use of Defense Exhibit 3 (attached as Exhibit A) during opening because it runs afoul of Federal Rules of Evidence 802, 602, 401, and 403. The defendant has not laid a proper foundation to support the admissibility of this document. There has been no information provided to the government as to what this document is, when it was created, where the document came from, and who has the personal knowledge to testify to the use of this particular device on January 6, 2021. *See* Fed. R. Evid. 602. To the extent it is inadmissible hearsay, it also cannot be admitted into evidence. Therefore, it should not be included in an opening statement.

Moreover, Defense Exhibit 3 is also not relevant under Rule 401. What crowd control measures officers may have used on January 6 is not probative. Likewise, whether officers engaged in alleged excessive force or otherwise allegedly violated policies, procedures, or rules has no bearing on the defendant's guilt for his aiding and abetting a violent assault on officers on January 6, his active participation in a civil disturbance, and his unlawful presence on restricted Capitol Grounds during the certification of the 2020 Electoral College vote.

What is relevant is what the defendant perceived that day. However, there is no evidence that the defendant knew the information contained in Defense Exhibit 3 on January 6. An information graphic with information about a crowd control device that may or may not have been used on January 6, that the defendant may or may not have seen, and a document that the defendant did not have access to or view until after January 6, has no bearing on the relevant issues in this case. It may be that the defendant did see explosions on January 6, however, the type of device that created the explosion and information regarding the device has no bearing on the defendant's intent or state of mind.

Lastly, Defense Exhibit 3 does not pass the Rule 403 balancing test because it would waste time in an attempt to turn the focus of the trial from the defendant's conduct to whether the police engaged in excessive force, and it conflates information on a document with the information in the defendant's head on January 6. As established multiple times, argument regarding whether the police engaged in excessive force is inadmissible and runs afoul of Rule 403. Presentation of Defense Exhibit 3 during opening will be unduly prejudicial because it turns the jury's focus to whether using the devices were somehow excessive – which is not relevant to any of the elements of the charged offenses. *See* ECF No. 112-2.

The prejudicial effect of Defense Exhibit 3 substantially outweighs its probative value because it conflates the defendant's state of mind on January 6 with information the defendant may have received after January 6. Allowing the defense to present Defense Exhibit 3 during opening would causes concern that the jury would replace the defendant's state of mind on January 6 with information discovered after January 6. Information discovered after January 6, Defense Exhibit 3, has no bearing on the defendant's state of mind or intent on January 6. *See e.g.*, *In re Fed. Nat. Mortg. Ass'n Sec., Derivative & ERISA Litig.*, 905 F. Supp. 2d 63, 78 (D.D.C. 2012) ("after-the-

fact and non-specific conclusions of regulators and investigators, contained in this myriad of reports, fail to shed any light on this [defendant's *mens rea*] inquiry"). For those reasons, the government objects to Defendant's Exhibit 3.

## II.     Defense Exhibit 5.1 and Defense Exhibit 6

The government objects to Defense Exhibits 5.1 and 6 (provided via USAfx) to the extent that the defense plans to use these videos as evidence of the police's use of excessive force. Again, as this Court has already expressed, argument regarding whether the police engaged in excessive force is not relevant and would run afoul of Rule 403 and 401. *See also,* ECF Nos. 79 at 11; 91 at 2-3; 151 at 17-19.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Sarah Rocha*
Sarah Rocha
Trial Attorney / Detailee
D.C. Bar No. 977497
601 D Street, NW
Washington, DC 20579
Tel. No.:  202-330-1735
Email: sarah.wilsonrocha@usdoj.gov

*/s/ Taylor Fontan*
Taylor Fontan
Assistant United States Attorney
Indiana Bar No. 35690-53
601 D St. N.W, Washington, D.C. 20530
Tel. No.: (202) 815-8597
Email: taylor.fontan@usdoj.gov