**In the United States District Court**
**for the District of Columbia**

United States of America,

Plaintiff,

v.

Jared Lane Wise,

Defendant.

Case No. 1:23-cr-00184-RDM

Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment and

Renewed Motion for Transfer of Venue (ECF 41) or to Allow Expanded *Voir Dire* with the Proposed Jury Questionnaire filed as ECF 64

## I. Introduction

On January 6, 2025, President Biden issued a strong general condemnation of everyone who participated in events at the U.S. Capitol on January 6, 2021, which appeared in the Washington Post. That broad swath of condemnation sweeps in Mr. Wise, whose trial was set to commence with jury selection on January 7, 2025. Also on January 6, 2025, Attorney General Merrick Garland poisoned the well of prospective jurors with general condemnation that jurors will view as including Jared Wise.

Page 1 – Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment and Renewed Motion for Transfer of Venue (ECF 41) or to Allow Expanded Voir Dire with the Proposed Jury Questionnaire filed as ECF 64

## II. Omnipresent, current press coverage of January 6 makes selecting an impartial jury impossible in D.C.

### A. Attorney General Merrick B. Garland's Statement on the Fourth Anniversary of the January 6 Attack on the Capitol

On January 6, 2025, the Justice Department issued the following, inflammatory, guilt-assuming, statement from Attorney General Merrick B. Garland, without any mention of the presumption of innocence:[1]

> "On this day, four years ago, **police officers were brutally assaulted** while bravely defending the United States Capitol. They were **punched, tackled, tased, and attacked with chemical agents that burned their eyes and skin**. Today, **I am thinking of the officers who still bear the scars of that day as well as the loved ones of the five officers who lost their lives in the line of duty as a result of what happened to them on January 6, 2021**.
>
> January 6 was a violent attack on the law enforcement officers defending the Capitol, and it was an unprecedented attack on a cornerstone of our system of government — the peaceful transfer of power from one administration to the next.
>
> Over the past four years, our prosecutors, FBI agents, investigators, and analysts have conducted one of the most complex, and most resource-intensive investigations in the Justice Department's history.
>
> They have analyzed massive amounts of physical and digital data, identified and **arrested hundreds of people who took part in unlawful conduct that day,** and initiated prosecutions and secured convictions across a wide range of criminal conduct. We have now charged more than 1,500 individuals for crimes that occurred on January 6, as well as in the days and weeks leading up to the attack.
>
> The public servants of the Justice Department have sought to hold accountable those criminally responsible for the January 6 attack on our democracy with unrelenting integrity. They have conducted themselves in a manner that adheres to the rule of law and honors

[1] See Ex. B.

> our obligation to protect the civil rights and civil liberties of everyone in this country.
>
> I am proud of them, and I am grateful to them for the work they have done and the sacrifices they have made over the last four years to seek accountability for the January 6 attack on the Capitol."

https://www.justice.gov/opa/pr/attorney-general-merrick-b-garland-statement-fourth-anniversary-january-6-attack-capitol (Updated January 6, 2025) (emphasis added).

### B. President Joe Biden: What Americans should remember about January 6

On January 5, 2025, President Biden poisoned the well of prospective jurors in D.C. for Jared Wise's trial. Lumping all January 6 protesters into one bucket and failing to mention the presumption of innocence, the President wrote in the Washington Post:[2]

> For much of our history, this proceeding was treated as pro forma, a routine act. But after what we all witnessed on Jan. 6, 2021, we know we can **never again** take it for granted.
>
> **Violent insurrectionists** attacked the Capitol, threatened the lives of elected officials and assaulted **brave law enforcement officers**.
>
> **…**
>
> An unrelenting effort has been underway to rewrite — even erase — the history of that day. To tell us we didn't see what we all saw with our own eyes. To dismiss concerns about it as some kind of partisan obsession. To explain it away as a protest that just got out of hand.
>
> This is not what happened.
>
> In time, there will be Americans who didn't witness the Jan. 6 riot firsthand but will learn about it from footage and testimony of that day, from what is written in history books and from the truth we pass on to our children. We cannot allow the truth to be lost.
>
> Thousands of rioters crossed the National Mall and climbed the Capitol walls, smashing windows and kicking down doors. Just blocks away, a bomb was found near the location of the incoming vice president, threatening her life. Law enforcement officials were

[2] See Ex. A, Ex. A-1, and Ex. A-2.

Page 3 – Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment and Renewed Motion for Transfer of Venue (ECF 41) or to Allow Expanded Voir Dire with the Proposed Jury Questionnaire filed as ECF 64

> beaten, dragged, knocked unconscious and stomped upon. Some police officers ultimately died as a result.
>
> …

https://www.washingtonpost.com/opinions/2025/01/05/president-biden-jan-6-democracy/

**C. The news is flooded with prejudicial January 6 coverage.**

The following table provides hyperlinks to articles that are attached as exhibits. Notably, the exhibits are only a representative sampling of the ongoing coverage blanketing the D.C. area. And the attached exhibits don't even touch on all the television media coverage, which similarly paints all January 6 protestors with the same prejudicial brush.

| Exhibit No. | Website Link |
|---|---|
| **A** | https://www.washingtonpost.com/opinions/2025/01/05/president-biden-jan-6-democracy/ |
| **A-1** | https://www.washingtonpost.com/the-seven/2025/01/06/what-to-know-for-january-6/ |
| **A-2** | https://www.washingtonpost.com/politics/2025/01/05/biden-trump-jan-6/ |
| **B** | https://www.justice.gov/opa/pr/attorney-general-merrick-b-garland-statement-fourth-anniversary-january-6-attack-capitol |
| **C** | https://www.politico.com/news/2025/01/05/trump-january-6-peaceful-00196493 |
| **D** | https://www.washingtonpost.com/politics/2025/01/06/election-congress-certification-trump/ |
| **E** | https://rollcall.com/2025/01/06/jan-6-officer-election-certification-2025/ |

## III. This Court Should Order that the Government Stop Tainting the Jury Pool

Pretrial comments by government officials regarding the merits of a pending criminal case is generally inappropriate, especially in high profile cases with great risks of prejudicing the jury pool. *See generally* Laurie Levenson, *Prosecutorial Sound Bites: When Do They Cross The Line?* 44 Ga. L.R. 1021, 1028-36 (2010). The Fifth and Sixth Amendments encompass the basic protections of the presumption of innocence, trial by unbiased jurors, and freedom from prejudicial government action regarding the right to a fair trial. These protections are at risk when governmental officials use the power of their position to pollute the public with their prejudgments.

*See Sheppard v. Maxwell*, 384 U.S. 333, 361-62 (1966). In recognition of these dangers, Department of Justice regulations expressly limit what prosecutors may say about a pending case. Government personnel are prohibited from engaging in the type of pretrial comment described above. "At no time shall personnel of the Department of Justice … furnish any statement or information, which could reasonably be expected to be disseminated by means of public communication, if such a statement or information may reasonably be expected to influence the outcome of a pending or future trial." 28 C.F.R. § 50.2(b) (Release of information by personnel of the Department of Justice relating to criminal and civil proceedings).

Given the media coverage, the comments from the DOJ and the President have had an obvious and prejudicial effect on the jury pool. Opinions regarding guilt are not allowed to be broadcast pending trial: "[P]ersonnel of the Department should refrain from making available the following: … Any opinion as to the accused's guilt, …" 28 C.F.R. § 50.2(b)(6)(vi). More generally, prosecutors should "refrain from making extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused." ABA Model Rules of Professional Conduct 3.8(f). Federal prosecutors bear a special responsibility not to abuse their considerable power. *Berger v. United States*, 295 U.S. 78, 88-89 (1935). The government's pretrial comments exceed both the spirit and the letter of the government's rules regarding pretrial publicity. Accordingly, the trial should be transferred to a place and a time that is distant from the current media blitz.

Moreover, the Court should prohibit pretrial comments by the Attorney General. First, this case already involves high risks regarding pretrial prejudice. The Attorney General's remarks cast a wide net of presumed guilt. The President's inflammatory, guilt-assuming comments further pollute the jury pool with inappropriate opinions and pre-judgments. Second, the government's

comments are counterfactual, but by failing to remind readers about the presumption of innocence, the highest federal law enforcement official and the commander and chief have declared all J6 protesters "rioters" and "insurrectionists" who are allegedly responsible for police dying.

The D.C. District Court Local Rules allow this Court to issue an order restricting extrajudicial statements made by parties, witnesses, or attorneys "in a widely publicized or sensational criminal case." D.C. LCrR 57.7(c). The Court can issue this order upon the motion of either party if these extrajudicial statements are "likely to interfere with the rights of the accused to a fair trial by an impartial jury." *Id.* This Court has issued these orders before. *United States v. Concord Management & Consulting LLC*, 18-cr-32-2 (DLF), 2019 WL 7758635 at *10 (D.D.C. July 1, 2019). In *Concord Management & Consulting LLC*, the court contemplated initiating contempt proceedings against a prosecutor who had violated a Rule 57.7 order. *Id.* at *9. And the court left the order restricting extrajudicial statements in effect throughout the trial. *Id.* at *10.

Other cases have also supported the court's ability to restrict extrajudicial statements made by the parties. *United States v. Trump*, 88 F.4th 990, 1007 (D.C. Cir. 2023). At first, the court acknowledged that restraints on speech in ongoing criminal proceedings were inherently unconstitutional. *Id.* at 1004. However, those restraints are allowed when there is "a sufficiently serious risk of prejudice to an ongoing judicial proceeding," when less restrictive alternatives would not adequately address that risk, and when the order is narrowly tailored while effectively addressing the potential prejudice. *Id.* at 1007. Furthermore, "when a case involves extensive media coverage and public interest … a court cannot sit back and wait for a 'carnival atmosphere' to descend before acting." *Id.* at 1004 (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 356-63 (1966)). In addition to that duty, the court must "ensure that speech about a criminal case does not divert

Page 6 – Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment and Renewed Motion for Transfer of Venue (ECF 41) or to Allow Expanded Voir Dire with the Proposed Jury Questionnaire filed as ECF 64

the trial from the very purpose of a court system, which is to adjudicate controversies, both criminal and civil, in the calmness and solemnity of the courtroom according to legal procedures." *Id.* (internal quotations omitted). As a result, the D.C. Circuit Court in *Trump* upheld the district court's order, while narrowing its scope. *Id.* at 996.

Like Mr. Wise's case, there is a need to ensure that Mr. Wise's trial is conducted in the courtroom, and not in the media. There have already been published articles that reference Mr. Wise and his alleged role on January 6 (ECF 41 at 9) and those sorts of comments must be kept to an absolute minimum to preserve Mr. Wise's right to a fair trial by an impartial jury. Here, this Court cannot wait for the carnival atmosphere to materialize before acting. Mr. Wise's right to a fair trial must be protected through an order limiting extrajudicial comments.

Other rules support the notion that attorneys must not make public statements that may unfairly prejudice the jury. For instance, the D.C. Rules of Professional conduct state that attorneys in a jury trial "shall not make an extrajudicial statement" that the attorneys know, or at least should know, would be distributed to the public and would "create a serious and imminent threat of material prejudice to the proceeding. D.C. R. R. PROF. CONDUCT RULE 3.6. While this is an ethical rule for lawyers in D.C., it demonstrates the extreme importance of preventing attorneys from making extrajudicial statements that may prejudice the jury against the defendant. Therefore, in accordance with Local Rule 57.7(c), the defense requests that this Court grant an order preventing the government from making further extrajudicial statements that would prejudice the trial.

## IV. Transfer of Venue

The Defendant, Jared Lane Wise, has moved the Court to transfer these proceedings to the District of Oregon, or in the alternative, for an order to permit an expanded examination of

Page 7 – Motion for Order Directing the Government to Cease and Desist from Inappropriate Pretrial Comment and Renewed Motion for Transfer of Venue (ECF 41) or to Allow Expanded Voir Dire with the Proposed Jury Questionnaire filed as ECF 64

prospective jurors before and during *voir dire*, including using a jury questionnaire. ECF 41. The government responded with opposition to the transfer and to the use of a jury questionnaire. ECF 53. The defense filed a response to the government's reply. ECF 67.

Mr. Wise's case will be significantly prejudiced, and he will be unable to receive a fair trial if this case is tried in the District of Columbia. Negative pretrial publicity (general to January 6, 2021, particular to Mr. Wise, and specific to the fourth anniversary of January 6, 2021) has accumulated to a critical mass. As such, a change of venue is appropriate, or alternatively the expanded *voir dire* and jury questionnaire requested by defense.

### A.     Transfer of Venue Is Necessary for Mr. Wise as His Pretrial Publicity Has Been More Extensive Than and Distinct From Other January 6 Defendants.

The extensive pretrial publicity singling out Mr. Wise creates a presumption of prejudice in the District of Columbia. This issue has been fully briefed in ECF 41 and ECF 67, which Mr. Wise incorporates by reference here.

### B.     If the Case Remains in the District, a Jury Questionnaire is Necessary for Mr. Wise to Empanel an Impartial Jury.

Mr. Wise's exposure to pretrial publicity necessitates the use of a jury questionnaire to supplement *voir dire* in ensuring an impartial jury is empaneled. A proposed questionnaire has been submitted as a Supplement to the Motion to Change Venue (ECF 64).

## V.     Conclusion

For the above reasons, the Court should issue an order directing the government to cease and desist from inappropriate pretrial comment. In addition, this Court should transfer venue to the District of Oregon. Alternatively, the Court should order an expanded questioning of prospective jurors, including the use of a jury questionnaire before *voir dire*, should allow parties

to be present for any pre-screening questioning of prospective jurors that the Court conducts before the beginning of formal *voir dire*, and should allow parties to question jurors individually during *voir dire*.

Respectfully submitted on January 6, 2025.

*s/ Peyton Lee*
Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Email: Peyton_Lee@fd.org

*s/ Kurt Hermansen*
Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR 97401
Tel: (619) 436-8117
Email: kurt_hermansen@fd.org

**Attorneys for Defendant Jared Lane Wise**