**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:23-cr-184 (RDM)** |
| | : | |
| **JARED LANE WISE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO ECF NOS. 164 AND 165**

Pursuant to the Court's January 6, 2025 Order, the following is the government's response to Defendant's January 5, 2025 filings—(a) Defendant's supplemental argument regarding proposed expert witness Dr. Suzanne Best (ECF No. 164); and (b) Defendant's Pretrial Memorandum / Supplemental Briefing for a Bill of Particulars regarding Count One of the Indictment, which charges him with Civil Disorder and Aiding and Abetting, in violation of Title 18, United States Code, Sections 231(a)(3) and 2 (ECF No. 165). Defendant's arguments should be rejected.

**A.    Defendant's Arguments Regarding Dr. Best Are Without Merit**

The parties have extensively briefed the issues related to proposed expert testimony, and the government hereby incorporates by reference its prior filings regarding Dr. Best. ECF Nos. 79, 100, 114, 151, 157. In addition to those arguments, the government responds to two points in the Defendant's supplemental argument at ECF No. 164.

First, Defendant incorrectly claims that prior disclosures gave "ample notice" of his "Intent to provide expert testimony related to . . . mental state as a defense to the criminal charges (not simply as it relates to his own credibility or memory.)" ECF No. 164 at 1. Defendant does not

1

point to—and cannot identify—*any* references in Dr. Best's report regarding the Defendant's ability or inability to act with intention or volition.

In addition, Defendant's filing quotes various publications "to show why PTSD and/or dissociative state at the time of the incident has bearing on the likelihood that a jury would find Mr. Wise formed the necessary intent." ECF No. 164 at 4-6. With the exception of ECF No. 118-5, an article discussing the Canadian legal system, none of the materials cited address the ability for the defendant (or any defendant) to form the requisite intent. In addition, none of the articles provide sufficient information as to whether this assertion has been tested, subjected to peer review and publication, the known or potential error rate, the existence and maintenance of standards and controls, and the general acceptance of the theory or technique in the relevant scientific community, as required by Rule 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1995), and its progeny.

In other words, Defendant's last-minute filing reiterates the same arguments already heard and largely rejected.

**B.    Request for Bill of Particulars for Count One Should be Rejected[1]**

Defendant argues that based on *United States v. Connell*, No. 21-0084 (PLF), 2023 WL 4286191, (D.D.C. June 30, 2023), "the Court should order that the government identify the alleged victims of the § 231 offense." ECF No. 165 at 3. Defendant's reliance on *Connell* is misplaced. In that case, Judge Friedman contrasted the disclosure[2] with other cases in which the government had

---

[1] On Friday, January 3, 2025, the Court instructed the government to identify the victim officers for Count Two of the Indictment. In its disclosure to the Court, the government inadvertently left out Officer S.A. This officer and all aspects of the conduct is known to the defendant.

[2] Judge Friedman ordered the identification of the "officer – or officers" because it was unclear whether, based on the indictment, both Mr. Connell and his co-defendant were charged with obstructing, impeding, and interfering with the same officer, or a different officer. *Id*. at *6. The same concern does not exist here.

provided "some other indicia of specificity," such as the time of the alleged acts or location. *Id.* at *6. Here, the government has provided such information. *See* ECF 150 at 3-4 (describing the defendant's actions between approximately 4:21 – 4:24 p.m. on the Upper West Terrace on the Capitol grounds and identifying the officers as the police line that was attempting to clear the Upper West Terrace during that time period). Therefore, additional information through a bill of particulars in not necessary or appropriate.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: /s/ Taylor Fontan
   Taylor Fontan
   Assistant United States Attorney
   Indiana Bar No. 35690-53
   601 D St. N.W, Washington, D.C. 20530
   Tel. No.: (202) 815-8597
   Email: Taylor.Fontan@usdoj.gov

   /s/ Sarah Rocha
   Sarah Rocha
   Trial Attorney / Detailee
   D.C. Bar No. 977497
   601 D Street, NW
   Washington, DC 20579
   Tel. No.:  202-330-1735
   Email: sarah.wilsonrocha@usdoj.gov