# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JARED LANE WISE,

*Defendant*.

Criminal No. 23-184 (RDM)

## <u>PRELIMINARY JURY INSTRUCTIONS</u>

## PRELIMINARY INSTRUCTIONS

**SWEAR JURY**

## Instruction 1.102

## PRELIMINARY INSTRUCTION BEFORE TRIAL

Before we begin the trial, I want to explain how this trial will work and some of the legal rules that will be important in this trial. These remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.105**

**NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pen waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go, and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

3

**Instruction 1.107**

**PRELIMINARY INSTRUCTION TO JURY WHERE IDENTITY OF**

**ALTERNATES IS NOT DISCLOSED**

You have probably noticed that there are fourteen of you sitting in the jury box.  Only twelve of you will retire to deliberate in this matter.  Before any of you even entered the courtroom, we randomly selected the alternates' seats.  I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**Instruction 1.108**

**A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY**

**CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some witnesses by name.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

The government has charged the defendant, Jared Lane Wise, in a six-count indictment relating to the events that occurred at the U.S. Capitol on January 6, 2021. Specifically, the government alleges that he obstructed, impeded, or interfered with a law enforcement officer during the commission of a civil disorder, and that he aided and abetted others in doing the same; that he assaulted, resisted, or impeded officers, and that he aided and abetted others in doing the same; that he entered or remained in a restricted building or grounds; that he engaged in disorderly and disruptive conduct in a restricted building or grounds; that he engaged in disorderly conduct in a Capitol building, and that he paraded, demonstrated, or picketed in a Capitol building. Jared Lane Wise denies every one of the charges against him.

You should understand clearly that the indictment, which I just summarized, is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any

evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant has committed the offenses with which he or she has been charged.  The defendant is charged with six counts.  For each offense, the government bears the burden of proof beyond a reasonable doubt for each element.

The elements of Count One (Obstructing Officers During a Civil Disorder in violation of 18 U.S.C § 231(a)(3)) are:

> First, the defendant knowingly committed an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.
>
> Second, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder, and
>
> Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

In Count One, Mr. Wise is also charged with attempt to commit the crime of obstructing officers during a civil disorder. The elements of attempt are:

> First, that the defendant intended to commit the crime of obstruction of officers during a civil disorder.

> Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

Finally, in Count One Mr. Wise is charged with Aiding and Abetting the Obstruction of Officers During a Civil Disorder. The elements of that charge are:

> First, that others committed obstruction of officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

> Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

> Third, that the defendant performed an act or acts in furtherance of the offense.

> Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of officers during a civil disorder.

Fifth, that the defendant did so with the intent that others commit the offense of obstructing officers during a civil disorder.

Sixth, that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.

In addition, if the government relies on the defendant's verbal encouragement to establish that he aided and abetted others in committing this offense, the government must show beyond a reasonable doubt that he did so with the intent to cause imminent lawless action and that his speech was likely to incite imminent lawless action.

The elements of Count Two (Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1)) are:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with (a) an officer or employee of the United States or (b) a person assisting such an officer or employee in the performance of his official duties.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer or employee of the United States was engaged in the performance of his official duties, and

Fifth, the defendant (a) made physical contact with the victim and that physical contact constituted an assault or (b) acted with the intent to commit another felony.

Count Two also charges the defendant with aiding and abetting others in committing this offense.  The elements of aiding and abetting with respect to Count Two are:

First, that others assaulted, resisted, or impeded officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that an officer or employee of the United States was going to be assaulted, resisted, or impeded by others, or that others were assaulting, resisting, or impeding that officer or employee.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding the officer or employee.

Fifth, that the defendant did that act or acts with the intent that others assault, resist, or impede the officer or employee.

Sixth, that the defendant's act or acts did, in some way, aid, assist,

facilitate, or encourage others to commit the offense.

In addition, if the government relies on the defendant's verbal encouragement to establish that he aided and abetted others in committing this offense, the government must show beyond a reasonable doubt that he did so with the intent to cause imminent lawless action and that his speech was likely to incite imminent lawless action.

The elements of Count Three (Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C § 1752(a)(1)) are:

First, that the defendant entered or remained in a restricted building or

grounds without lawful authority to do so, and

Second, that the defendant did so knowingly.

The elements of Count Four (Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2)) are:

First, that the defendant engaged in disorderly or disruptive conduct in, or

in proximity to, any restricted building or grounds.

Second, that the defendant did so knowingly and with the intent to impede

or disrupt the orderly conduct of government business or official

functions, and

<u>Third</u>, that the defendant's conduct occurred when, or so that, his or her conduct in fact impeded or disrupted the orderly conduct of government business or official functions.

The elements of Count Five (Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D)) are:

<u>First</u>, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings,

<u>Second</u>, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, and

<u>Third</u>, the defendant acted willfully and knowingly.

The elements of Count Six (Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G)) are:

<u>First</u>, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings,

<u>Second</u>, the defendant acted willfully and knowingly.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that

burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorney Taylor Fontan and Trial Attorney Sarah Rocha. When I mention the defendant or the defense, I am referring to Jared Lane Wise or his attorneys, Kurt Hermansen and Peyton Lee.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may conduct a brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, Mr. Hermansen and Ms. Lee will call witnesses to the stand and ask questions on direct examination, Ms. Fontan or Ms. Rocha will cross-examine, and Mr. Hermansen or Ms. Lee may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow

when you consider what your verdicts shall be.  Your verdict must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want briefly to describe my responsibilities as the judge and your responsibilities as the jury.  My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case.  It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case.  You—and only you—are the judges of the facts.  You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of

which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence.  Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken. If I overrule an objection, the question may stand and the witness may answer it.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk

about the case with anyone else until your jury service is completed.  It should go without saying that you may not communicate about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter (or X) until you have delivered your verdict and the case is over.  Do not send or accept messages, including email and text messages, about your jury service.  You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.  This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone—including friends, co-workers, and family members—any information about your jury service.  You may tell those who need to know where you are, that you have been picked for a jury, that it is a criminal case, and how long the case may take.  However, you must not give anyone any information about the case itself or the people involved in the case.  You must also warn people not to try to say anything to you or write to you about your jury service or the case.  This includes face-to-face, phone, or computer communications.  Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you

may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the Deputy Clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Because you must decide this case based only on what occurs in the courtroom, you may not conduct any independent investigation of the law or the facts in the case. That used to mean that you could not conduct any research in books or newspapers or visit the scene of the alleged offense. In this electronic age, it also means you cannot conduct any other kind of research—for example,

researching any issue on the internet, asking any questions of anyone via email or text, or otherwise communicating about or investigating the facts or law connected to the case.

I want to explain a bit further why there is a ban on internet communications and research concerning the case.  Unfortunately, courts around the country have occasionally experienced problems with jurors ignoring this rule, sometimes resulting in costly retrials.  Generally speaking, these jurors have not sought to corrupt the process, rather they have been seeking additional information to aid them in what is undoubtedly a heavy and solemn responsibility.  Nonetheless, there are good reasons for this rule.

In the first place, obviously, not everything one sees online is true.  This includes not only persons responding to whatever postings you may make about the case, but also can involve established websites.  For example, a mapping site might not reflect the way a location appeared at the times that are at issue in the case.  Furthermore, even items that are technically true can change their meaning and significance based upon context.

Both sides are entitled to have the chance to not only dispute or rebut evidence presented by the other side, but also to argue to you how that evidence should be considered within the factual and legal confines of the case.  Any secret communications or research by you robs them of those opportunities and can

distort the process, sometimes with negative results. It is for those reasons, that I instruct you that you should not use the internet to communicate about the case or do any research about the case.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

Finally, we have an excellent court reporter here taking down testimony, but you will not have a transcript with you during deliberations. You must rely on your memory and, if you take them, your notes as an aid to that memory. So I ask you to pay close attention, and we will begin with the opening statement by the government.