In the United States District Court
for the District of Columbia

| | |
|---|---|
| United States of America, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | Motion for Reconsideration of Defense Objections to Government's Hearsay-Filled Montage Videos |
| v. | |
| Jared Lane Wise, | |
| Defendant. | |

During trial, the defense objected to the admission of the government's "Montage" videos on various grounds, including hearsay grounds, which in criminal cases also implicitly invokes confrontation clause concerns that Mr. Wise explicitly raises here.[1] This Court summarily

---

[1] The Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Although business records are generally nontestimonial, documents created for use at trial do not qualify as business records. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009) (holding that government analysts were not removed from coverage of the Confrontation Clause on theories that (1) they were not "accusatory" witnesses; (2) they were not conventional witnesses; and (3) their testimony consisted of neutral, scientific testing. Moreover, certificates of analysis were not removed from coverage of Confrontation Clause on theory that they were akin to official and business records).

A statement is testimonial if it has "a primary purpose of creating an out-of-court substitute for trial testimony." *Michigan v. Bryant*, 562 U.S. 344, 358 (2011). "In making the primary purpose determination [for Confrontation Clause purposes], standard rules of hearsay … will be relevant." *Id.* at 358-59. "[I]f the regularly conducted business activity is the production of evidence for use at trial," *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009) (citing Fed. Rule Evid. 803(6)), the hearsay rules bar admission of even business records. Where the purpose of out-of-court statements is use at trial, those statements are not properly admissible as business or public records under the hearsay rules, *id.*, nor under the Confrontation Clause, *id.* at 324. *See also Bullcoming v. New Mexico*, 564 U.S. 647, 652, 669–70 (2011) (holding that "surrogate testimony" does

Page 1 – Motion for Reconsideration of Defense Objections to Government's Hearsay-Filled
           Montage Videos

overruled all defense objections. Given the attached new authority, the defense asks that this Court reflect on the content of the Montage videos, and based on that reflection, order that the Montage video's hearsay components be stricken from the record unless the government satisfies clearly established requirements of admissibility.

After this Court had overruled defense objections to the Montage videos in this case, the defense was made aware of the Honorable Coleen Kollar-Kotelly's January 7 and January 10, 2025, Memorandum Opinions and Orders in *United States v. Kenneth Wayne Fuller and Caleb Wayne Fuller*, 1:23cr-00209-CKK, that fully support the defense's objections in this case. Previously unknown to the defense, Judge Kollar-Kotelly issued a written opinion on January 7, 2025, (ECF 122) excluding the government's Montage videos on hearsay grounds. (That Memorandum Opinion and Order is attached here as Exhibit A.) The government moved for reconsideration. And on January 10, 2025, Judge Kollar-Kotelly issued a second Memorandum Opinion and Order (ECF 133) denying the government's motion for reconsideration. (That second Memorandum Opinion and Order is attached here as Exhibit B.)

Under the reconsideration standard Judge Kollar-Kotelly sets forth in Exhibit B, this Court should find that reconsideration is warranted "as justice requires" because it appears this Court may have misunderstood a party, made an error of apprehension, or made a clear error of law. Here, the Court quickly overruled the defense objections regarding hearsay without pausing for further argument or discussion. The defense respectfully provides this further support of its objections to ensure a complete record, and in the hope that the Court will reconsider its allowance of

---

not satisfy the accused's right to be confronted with the person who analyzed the blood and created the blood-alcohol-content certification).

Page 2 – Motion for Reconsideration of Defense Objections to Government's Hearsay-Filled Montage Videos

the Montage videos, or alternatively require that all audio and text in the Montage videos be excluded. With time to reflect, it is hoped that the Court will agree with Judge Kollar-Kotelly's cogent analysis in Exhibits A and B.

    Respectfully submitted on January 12, 2025.

| | |
|---|---|
| *s/ Peyton Lee* | *s/ Kurt Hermansen* |
| Peyton Lee, OSB No. 164224 | Kurt David Hermansen, CA Bar No. 166349 |
| Assistant Federal Public Defender | Supervisory Assistant Federal Public Defender |
| 101 SW Main Street, Suite 1700 | 859 Willamette St. Suite 200 |
| Portland, OR 97204 | Eugene, OR  97401 |
| Tel: (503) 326-2123 | Tel: (619) 436-8117 |
| Email: Peyton_Lee@fd.org | Email: kurt_hermansen@fd.org |

**Attorneys for Defendant Jared Lane Wise**