UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH WAYNE FULLER (1) and<br>CALEB WAYNE FULLER (2),<br><br>Defendants. | Criminal Action No. 23-209 (CKK) |

**MEMORANDUM OPINION & ORDER**
(January 10, 2025)

Defendants Kenneth Fuller and Caleb Fuller face trial on felony and misdemeanor charges related to their alleged conduct during the riot at the United States Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 46; Mem. Op., ECF No. 105, at 3. Their trial is scheduled to begin in this District on January 13, 2025. Pretrial Scheduling Order, ECF No. 60.

Now pending before the Court is the Government's [128] Motion for Reconsideration of the Court's recent [122] Memorandum Opinion and Order excluding from evidence two proposed video montage exhibits on the grounds that those exhibits contain inadmissible hearsay ("Motion" or "Mot."). Defendant K. Fuller has filed a [129] Motion to Strike the Government's Motion, arguing that the Government "already had an opportunity to advance its arguments," and that to the extent that the Government raises new arguments, those argument "clearly lack merit." Def.'s Mot. to Strike Gov't's Mot. for Reconsideration, ECF No. 129.

Because the Court agrees with Defendant K. Fuller that the Government has not shown that reconsideration is warranted, the Court shall **DENY** the Government's Motion. Because the Court denies the Government's Motion on the merits, it shall **DENY AS MOOT** K. Fuller's Motion to Strike.

1

**Ex. B page 1 of 9**

## I. BACKGROUND

The Court described the Fullers' alleged role in the events of January 6, 2021, in a prior Memorandum Opinion. See Mem. Op., ECF No. 105, at 3. For this alleged conduct, a grand jury charged them by Superseding Indictment in March 2024 with Obstructing Certain Officers During a Civil Disorder, in violation of 18 U.S.C. §§ 231(a)(3) and 2; Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); and Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D). Superseding Indictment, ECF No. 46.

In a recent Memorandum Opinion and Order, the Court granted in part a motion *in limine* filed by Defendant K. Fuller and ruled that two of the Government's proposed exhibits will be excluded from evidence at trial because they contain inadmissible hearsay about the time and place at which certain events occurred and certain video footage was recorded. Mem. Op. & Order, ECF No. 122; *see also* Def.'s Third Mot. *in Limine*, ECF No. 77. The Government now seeks reconsideration of this ruling. Mot., ECF No. 129, at 1.

## II. LEGAL STANDARD

Courts in this District have entertained motions for reconsideration of interlocutory orders in criminal cases "by importing the standards of review applicable in motions for reconsideration in civil cases." *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) (RC) (collecting cases). Under those standards, reconsideration of interlocutory decisions is available "as justice requires." *Id.* (quoting collected cases). Justice may require reconsideration if the Court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a

controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Id.* (quoting *Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C. 2005) (RCL)). But "a motion for reconsideration is 'not simply an opportunity to reargue facts and theories upon which a court has already ruled.' " *Id.* at 80–81 (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995) (per curiam) (three-judge panel)). Nor is it a proper "vehicle for presenting theories or arguments that could have been advanced earlier." *United States ex rel. Landis v. Tailwind Sports Corp.*, 167 F. Supp. 3d 80, 82 (D.D.C. 2016) (CRC) (quoting *Loumiet v. United States*, 65 F.Supp.3d 19, 24 (D.D.C. 2014) (CKK)). The moving party bears the burden of persuading the Court that reconsideration is warranted. *Hassanshahi*, 145 F. Supp. 3d at 80. Therefore, "[o]nly if the moving party presents new facts or a clear error of law which 'compel' a change in the court's ruling will the motion to reconsider be granted. *New York*, 880 F. Supp. at 39 (quoting *Nat. Res. Def. Council, Inc. v. E.P.A.*, 705 F. Supp. 698, 702 (D.D.C. 1989) (JLG), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989)).

### III. ANALYSIS

The Government's Motion raises six arguments in favor of reconsidering the Court's recent ruling and admitting the montage exhibits, but none is successful.

*First*, the Government argues that the date, time, and camera-number labels contained in the montage exhibits are admissible because those labels are not hearsay, but the Court has already rejected this argument. *See* Mot. at 3–4. As the Court previously explained, the labels at issue are " 'a person's . . . written assertion' " because the creator of the montages added those labels to "assert that certain videos in the montages were recorded at specific locations at certain times of day on January 6, 2021." Mem. Op. & Order, ECF No. 122, at 7 (quoting Fed. R. Evid. 801(a)). The Government argues that these labels are not the assertions of a "person" because the "raw

data" underlying them was "generated by machines, the data are not statements," and "the machines are not declarants." Mot. at 3. This argument misses the mark. The Court has not excluded any machine-generated data, such as automated timestamps embedded in security camera videos. Instead, the Court's ruling addresses the *human*-generated labels that the creator of the montages added to the exhibits as assertions about the time and place at which certain events occurred or camera footage was recorded. The Court has ruled that these labels are hearsay. Mem. Op. & Order, ECF No. 122, at 6–7. Because the Government has not identified any persuasive reason for the Court to revisit this issue, the Court declines to reconsider its ruling.[1]

*Second*, the Government argues that the date, time, and camera-number information contained in the montage exhibits is admissible under the business-records exception to hearsay in Federal Rule of Evidence 803(6) because those details are derived from "information from the U.S. Capitol Police that are records of regularly conducted activity." Mot. at 4–5. But because the Government failed to raise the business-records exception in either its original Opposition to Defendant K. Fuller's Motion *in Limine* or its supplemental brief in opposition to that motion, this argument is not a proper basis for reconsideration of the Court's ruling. *See Tailwind Sports Corp.*, 167 F. Supp. 3d at 82. Moreover, even if the Court were to consider this argument on the merits, the Court is not persuaded that the business-records exception applies here. Even if the underlying information from which the Government derived the labels in the montage exhibits was "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling," the Government has not shown that the montage exhibits themselves or the labels therein were kept in that context. *See* Fed. R. Evid. 803(6). Instead, these exhibits and labels were created for

---

[1] For the avoidance of any doubt or confusion, the Court clarifies that the Government remains free to introduce camera footage that includes embedded timestamps or camera number labels; if the Government can authenticate that footage and lay foundation for the reliability of the embedded timestamps or camera number labels, those embedded statements may be admissible for the truth of the matters asserted.

the purpose of use in litigation. The montage exhibits and the labels therefore lack the "circumstantial guarantees of trustworthiness" and "unusual reliability" that ordinarily justify the admission of hearsay under the business-records exception. *See id.* notes of advisory committee on 1972 proposed rules. The Court declines to reconsider its prior ruling based on this new argument.

*Third*, the Government argues that information in the montages about "the locations of various places within and immediately around the U.S. Capitol are not hearsay" because the Court may take judicial notice of those locations under Federal Rule of Evidence 201(b). Mot. at 5. The Government is correct that the Court may take judicial notice of these locations; an unannotated map depicting those locations may also be admissible. But the rules allowing judicial notice are not exceptions to the rule against hearsay, and the Government has not identified any provision in the Federal Rules of Evidence that would allow the Court to admit hearsay merely because the subject matter of the hearsay may be proven in a different way. On the contrary, the availability of alternate means of proving a fact generally cuts against the admission of hearsay. *Cf.* Fed. R. Evid. 807(a)(2) (allowing admission of hearsay under the residual exception only if "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts"). The Court shall not reconsider its ruling based on this argument.

*Fourth*, the Government repeats its argument that portions of the montages may be admissible under Federal Rule of Evidence 803(8), which is the public-records exception to the hearsay rules. Mot. at 5.[2] The Court already considered and rejected this theory because the Government has not shown that the montages or the embedded assertions at issue were made

---

[2] The Government cites "Rule 803(7)," but the Court understands from context that the Government intended to refer to Federal Rule of Evidence 803(8). *Cf.* Fed. R. Evid. 803(7) (allowing admission of certain "[e]vidence that a matter is not included in a record" that would be admissible as a business record).

5

"while under a legal duty to report." Mem. Op. & Order, ECF No. 122, at 12 (quoting Fed. R. Evid. 803(8)). The Government has not advanced any persuasive argument for reconsidering this conclusion, and the Court declines to do so. *See New York*, 880 F. Supp. at 38.

*Fifth*, the Government briefly suggests that the montages may be admissible under the ancient-documents exceptions to the hearsay rules in Federal Rule of Evidence 803(16). Mot. at 5. This argument is not developed in the Government's brief, but the Court infers that the Government's argument is that because there exist some ancient, authentic maps of the U.S. Capitol and its grounds, the annotated digital maps displayed in the montage exhibits are admissible under the ancient-documents exception. *See id.* This argument is unpersuasive. The ancient-documents exception applies to "[a] statement in a document that was prepared before January 1, 1998." Fed R. Evid. 803(16). The annotated maps in the montages that K. Fuller challenges were prepared after the events of January 6, 2021, for use in this litigation. Therefore, even if the ancient-documents exception may apply to *some* maps of the U.S. Capitol and its grounds, it does not apply to the maps at issue here. The Court declines to reconsider its prior ruling based on the ancient-documents exception.

*Sixth*, the Government argues that the montage exhibits are admissible under Federal Rule of Evidence 1006 because they are accurate summaries of "voluminous records." Mot. at 5–8. But here again, the Court has already considered and rejected this argument. *See* Mem. Op. & Order, ECF No. 122, at 13–14. As the Court previously explained, Federal Rule of Evidence 1006 is not an exception to the rule excluding hearsay. *Id.* "For a summary to be admissible under Rule 1006, the underlying records to be summarized 'themselves must be admissible.'" *Id.* (quoting *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014)). The Government resists the application of this rule here, observing that creating the kind of summary contemplated by Rule

1006 "necessarily" involves some measure of "editorial discretion." Mot. at 6. The Government suggests that this fact means that assertions in summary exhibits are beyond the reach of the hearsay rules so long as the resulting summaries are "accurate and nonprejudicial." *See id.* (quoting *United States v. Abou-Khatwa*, 40 F.4th 666, 685 (D.C. Cir. 2022)). But as even the case the Government cites for this proposition makes clear, the "underlying records must themselves be admissible." *Abou-Khatwa*, 40 F.4th at 684. And the Government has not shown that the assertions at issue—statements about the specific time and place at which certain events occurred or video was recorded—are contained in any of the purportedly admissible records to be summarized. For example, the first video clip played in the Capitol Police Montage does not contain any information about the location of the camera. *See* Capitol Police Montage at 0:12–0:19. But the label that immediately precedes it in the montage asserts that this video was recorded at "Peace Circle (facing East)." *See id.* at 0:08. This label may be accurate, and in fact may accurately summarize information contained in some other record that may be admissible under a hearsay exception. But the Government has not met its burden of laying the foundation for the Court to admit the labels in the montages as Rule 1006 summaries on this basis. The Court therefore declines to reconsider its prior ruling that the montages containing these labels and illustrations are not admissible as Rule 1006 summaries.

In closing, the Government urges the Court to "[c]onsider the alternative" to admitting the montage exhibits. Mot. at 8. The Government explains that if it cannot admit these exhibits as summaries, it will call summary witnesses with personal knowledge of the events of January 6, 2021, who will lay the foundation for the admission of each video clip and Congressional Record excerpt contained in the montages, orient the jury, and explain the significance of the information in context. *Id.* "The result," the Government says, "would be nearly identical to the montages,"

except that the relevant information would be "conveyed to the jury through testimony and exhibits" rather than annotated montages. *Id.* That procedure is permissible: Assuming the Government can lay the appropriate foundation and establish the authenticity of the video clips and excerpts in the montages, it is free to admit those pieces of evidence through the testimony of a witness. Although criminal defendants are free to waive hearsay objections and allow the Government to present similar evidence in the form of annotated montages if they choose, when a defendant objects to the admission of hearsay, the procedure the Government describes is exactly what the Federal Rules of Evidence require.

In summary, the Government has not persuaded the Court to reconsider its prior ruling that the montage exhibits contain inadmissible hearsay. The Government remains free to seek admission of the individual pieces of media contained in the montages through other means. For example, the Government may be able to admit security camera video through the testimony of a witness with personal knowledge of the events of January 6, 2021. It may be able to admit maps of the Capitol Building and its grounds by similar means. And the Government may be able to admit excerpts of the Congressional Record as public records under Federal Rule of Evidence 803(8). However, for all the foregoing reasons, the montage exhibits themselves shall not be received into evidence at trial.

### III. CONCLUSION

For the foregoing reasons, and for all the reasons stated in the Court's prior [122] Memorandum Opinion and Order, which the Court hereby incorporates and makes a part of this Order, it is hereby **ORDERED** that the Government's [128] Motion for Reconsideration is **DENIED**. It is further **ORDERED** that Defendant K. Fuller's [129] Motion to Strike is **DENIED AS MOOT**.

**SO ORDERED.**

**Dated:** January 10, 2025

                                        /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge