In the United States District Court
for the District of Columbia

| | |
|---|---|
| United States of America,<br><br>                                    Plaintiff,<br><br>v.<br><br>Jared Lane Wise,<br><br>                                    Defendant. | Case No. 1:23-cr-00184-RDM<br><br>Supplemental Proposed Jury Instructions on Self Defense (regarding ECF 180 Court's Proposed Instructions) |

**PROPOSED INSTRUCTIONS**

# I.     Instruction 9.500 SELF-DEFENSE—GENERAL CONSIDERATIONS

Every person has the right to use a reasonable amount of force in self-defense if: (1) he actually believes he is in imminent danger of [death or serious] bodily harm and if (2) he has reasonable grounds for that belief. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether [the principal], under the circumstances as they appeared to him/her at the time of the incident, actually believed he was in imminent danger of [death or serious] bodily harm and could reasonably hold that belief.

[Insert other relevant self-defense instructions – *see below requests*.]

If you find that [the principal] actually and reasonably believed that s/he was in imminent danger of [death or serious] bodily harm and that [the principal] had reasonable grounds for that belief, then [the principal] has a right to self-defense even if [the principal] also had other possible motives, such as feelings of anger toward the [victim officer] or a desire for revenge. A [principal's] other possible motives do not defeat an otherwise valid claim of self-defense but can be considered in evaluating whether the [principal] actually and reasonably believed that s/he was in imminent danger of [death or serious bodily harm.]

Page 1 – Supplemental Proposed Instructions regarding Self Defense

Self-defense is a defense to the charges of [Count 2, assaulting, resisting, opposing, impeding, intimidating or interfering with an officer]. [Mr. Wise] is not required to prove that [the principal] acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that [the principal] did not act in self-defense. If the government has failed to do so, you must find [Mr. Wise] not guilty.

## II.  Instruction 9.501 SELF-DEFENSE—AMOUNT OF FORCE PERMISSIBLE

### A. NONDEADLY FORCE

A person may use a reasonable amount of force in self-defense. A person may use an amount of force which, at the time of the incident, s/he actually and reasonably believes is necessary to protect himself/herself from imminent bodily harm.

### B. DEADLY FORCE

A person may use a reasonable amount of force in self-defense, including, in some circumstances, deadly force. "Deadly force" is force that is likely to cause death or serious bodily harm. A person may use deadly force in self-defense if s/he actually and reasonably believes at the time of the incident that s/he is in imminent danger of death or serious bodily harm from which s/he can save himself/herself only by using deadly force against his/her assailant.[1]

## III.  WHERE APPEARANCES ARE FALSE

### A. NONDEADLY FORCE

If [the principal] actually and reasonably believes it is necessary to use force to prevent imminent bodily harm to himself/herself, s/he may use a reasonable amount of force even though afterwards it turns out that the appearances were false.

---

[1] Not requesting second paragraph, included for completeness.

Page 2 – Supplemental Proposed Instructions regarding Self Defense

### B. DEADLY FORCE

If [name of defendant] actually and reasonably believes that s/he is in imminent danger of death or serious bodily harm and that deadly force is necessary to repel such danger, s/he may use deadly force in self-defense. S/he may do so even though afterwards it turns out that the appearances were false because either [name of defendant] was not actually in imminent danger or deadly force was not necessary.[2]

## IV. Instruction 9.503 SELF-DEFENSE—NO DUTY TO RETREAT BEFORE USING DEADLY FORCE

The law does not require a person to retreat or consider retreating from a threat of bodily harm. If you find that [the principal] failed to retreat or to consider retreating from [officers], that failure does not prevent you from finding that [the principal] acted in self-defense.

However, in deciding whether [name of defendant] actually and reasonably at the time of the incident believed that s/he was in imminent danger of death or serious bodily harm and that deadly force was necessary to repel that danger, you may consider, along with any other evidence, whether the [name of defendant] could have safely retreated from [name of decedent/complainant] but did not.[3]

## V. Instruction 9.505 SELF-DEFENSE—PAST VIOLENCE BY COMPLAINANT OR DECEDENT

### A. DEFENDANT WAS AWARE

1. Complainant's or Decedent's Specific Acts of Violence

You have heard evidence about past acts of violence by [officers] and that [Mr. Wise] knew about those past acts. You may consider such evidence as bearing on the reasonableness of [Mr. Wise's] fear for his/her own safety.

---

[2] Not requesting (B) but including the full instruction for completeness.

[3] Not requesting final sentence but including the full instruction for completeness

Page 3 – Supplemental Proposed Instructions regarding Self Defense

# VI. Instruction 9.510 DEFENSE OF A THIRD PERSON

Every person has the right to use a reasonable amount of force in defense of another person if: (1) s/he actually believes that the other person is in imminent danger of bodily harm and if (2) s/he has reasonable grounds for that belief. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether [the principal], under the circumstances as they appeared to him/her at the time of the incident, actually believed that the person s/he was seeking to defend was in imminent danger of bodily harm, and could reasonably hold that belief. Defense of another person may be a defense to the charge(s) of [Count 2].

[*not requesting the 3 option paragraphs in the middle of the instruction*]

[Mr. Wise] is not required to prove that [the principal] acted in the defense of another person. If evidence of defense of another person is present, the government must prove beyond a reasonable doubt that [the principal] did not act in the defense of another person. On the other hand, if the government has proved beyond a reasonable doubt that [the principal] did not act in defense of another person, along with each other element of the offense, then you must find [the principal to have committed] the offense of [count 2].

==[You must still separately make a determination about whether Mr. Wise aided and abetted the principal in committing the offense alleged in count 2 as previously instructed.[4]]==

**NON-STANDARD INSTRUCTION**

The jury may also independently consider the instructions regarding self-defense as it relates to Mr. Wise's intent to aid and abet a crime. In assessing whether Mr. Wise intended that others commit the offense of assaulting, resisting, or impeding a particular officer, as required

---

[4] Not part of standard instruction.

under the fifth element of aiding and abetting, the Government must prove beyond a reasonable doubt that the actions Mr. Wise intended to encourage or otherwise aid and assist would constitute an assault. Therefore, they must prove beyond a reasonable doubt that the actions he intended to encourage would not have constituted self-defense or defense of a third person as defined above, independent of whether the actions actually taken by a principal would fall within self-defense or defense of a third person.

## AUTHORITY & ARGUMENT

A principal's right to self-defense is relevant to the aider and abettor's defense. *U.S. v. Smith*, 478 F.2d 976 (D.C. Cir. 1973) (where principal charged in murder case was improperly deprived of evidence corroborating his claim of self-defense through actions of the government and his conviction therefore was reversed, conviction of second defendant as aider and abettor also reversed because if principal has been acquitted on grounds of self-defense, no crime to aid and abet would have been committed).

Additionally, A self-defense instruction should be given even though a defendant asserts a different or contradictory defense as long as self-defense is reasonably raised by the evidence. *Guillard v. United States*, 596 A.2d 60, 62 (D.C. 1991) ("A defendant's decision, however, to establish different or even contradictory defenses does not jeopardize the availability of a self-defense jury instruction as long as self-defense is reasonably raised by the evidence.") (quotations omitted). *See also Adams v. U.S.*, 558 A.2d 348, 349–50 (D.C. 1989) ("[M]ere inconsistency between defenses does not constitute a proper basis for the denial of a defense instruction.").

Finally, Defense acknowledges that Instruction 9.505, prior acts of violence, is an unusual application in this case because the acts of the violence that evidence has been presented about are not tied to the particular victim officers. However, given the likelihood that protestors could not specifically identify and differentiate different officers on the grounds over the course of the day, such an instruction is appropriate in application here, acknowledging it is a broader application than traditionally imagined.

Respectfully submitted on January 17, 2025.

| | |
|---|---|
| *s/ Peyton Lee* | *s/ Kurt Hermansen* |
| Peyton Lee, OSB No. 164224 | Kurt David Hermansen, CA Bar No. 166349 |
| Assistant Federal Public Defender | Supervisory Assistant Federal Public Defender |
| 101 SW Main Street, Suite 1700 | 859 Willamette St. Suite 200 |
| Portland, OR 97204 | Eugene, OR 97401 |
| Tel: (503) 326-2123 | Tel: (619) 436-8117 |
| Email: Peyton_Lee@fd.org | Email: kurt_hermansen@fd.org |

**Attorneys for Defendant Jared Lane Wise**