## In the United States District Court
## for the District of Columbia

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Jared Lane Wise,<br><br>                    Defendant. | Case No. 1:23-cr-00184-RDM<br><br>Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29 |

For the reasons previously stated on the record and for the reasons stated herein, the Defendant, Jared Lane Wise, again moves the Court, under Federal Rule of Criminal Procedure 29, to enter judgment of acquittal on Counts One through Six of the Indictment. As to all elements of all Counts, and particularly for at least the reasons set out below, the government has failed to present evidence sufficient to sustain a conviction on every count.

I.     **Legal Standard**

If this Court denies a Rule 29 motion, the D.C. Circuit Court reviews that decision de novo. *United States v. Sitzmann*, 893 F.3d 811, 821 (D.C. Cir. 2018). In so doing, the court asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Courts respect "the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact." *United States v. Alford*, 89 F.4th 943, 948 (D.C. Cir. 2024), *cert. denied*, No. 23-7158, 2024 WL 4426724 (U.S. Oct. 7, 2024). At the same time, the government's failure to establish each element of an offense through concrete evidence beyond testimony that is speculative requires acquittal. *United States v. Shmuckler*, 792

Page 1 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

F.3d 158, 163-64 (D.C. Cir. 2015) (citing *United States v. Gaskins*, 690 F.3d 569, 578 n.3 (D.C. Cir. 2012), and *United States v. Teffera*, 985 F.2d 1082, 1085, 1088 (D.C. Cir. 1993)). The government relies on weak inference on top of weak inference in support of its aiding and abetting theories. Under controlling precedent, this type of speculative evidence cannot support a conviction:

> The government's aiding and abetting theory runs into rough sledding from the outset. The most basic prerequisite for an aiding and abetting conviction is proof that the alleged accomplice knew of the criminal venture's existence. Here, the government produced no direct evidence that Teffera knew that Cobb possessed the cocaine hidden under his clothes.

*Teffera*, 985 F.2d at 1086 (citation omitted). Similarly, the government is unable to point to a definitive criminal venture that Mr. Wise aided and abetted, relying on the general activities of many without specifying exactly who was aided and abetted and how. It is most telling that the government never argued that any assaulter heard Mr. Wise.

Further, the government failed to negate beyond a reasonable doubt that the words uttered by Mr. Wise during a demonstration were not protected under the First Amendment. *See United States v. Freeman*, 761 F.2d 549, 552 (9th Cir. 1985) (Kennedy, J.) ("In light of Freeman's defense and the evidence to support it, … the expression was protected unless both the intent of the speaker and the tendency of his words was to produce or incite an imminent lawless act, one likely to occur.") (citing *Brandenburg v. Ohio*, 395 U.S. 444, 447-48 (1969)).

This is especially true where Mr. Wise has taken the stand and provided an innocent explanation for his words and activities. *See United States v. Law*, 528 F.3d 888, 896 (D.C. Cir. 2008) ("But when faced with an innocent explanation sufficiently supported by the evidence to create a reasonable doubt about the defendant's guilt, the Government's burden is to present evidence

Page 2 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

sufficient to dispel that doubt."). The Court should find the government's evidence insufficient for a reasonable jury to find guilt beyond a reasonable doubt.

II.     Argument

   A.     Count One

Count One charges a violation of **18 U.S.C.§§ 231(a)(3) and 2**, which requires the government to prove: **(1)** at or around 4:21–4:24 p.m. on January 6, 2021, on the Upper West Terrace of Capitol Grounds, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers; **(2)** at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and **(3)** the civil disorder in any way or degree obstructed, delayed, or adversely affected either (a) commerce or the movement of any article or commodity in commerce, or (b) the conduct or performance of any federally protected function. ECF 183 at 34.

To find the defendant guilty of this offense, the jury must unanimously agree on the act or acts that constituted the offense. The government has broadly argued that the police-line, writ large, was impacted by Mr. Wise's presence in the area *below* the Upper West Terrace, and his statements to Officer Niewenhous constituted an act in which he was impeding or interfering with Niewenhous' duties. However, the evidence does not support, beyond a reasonable doubt, any impediment presented by Mr. Wise in particular. The officers had begun the process of moving people back from the Upper West Terrace and had stopped moving forward where Officer Niewenhous was standing because of a disturbance away from where Mr. Wise was located and which began before he scolded Officer Niewenhous. When the line began moving again, Mr. Wise stepped away from the officers and shortly exited the area, which continued to be occupied by other protestors. The

Page 3 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

evidence cannot support, beyond a reasonable doubt, proof of a particular action of Mr. Wise that constituted a violation of 18 U.S.C. §§ 231(a)(3) and 2.

### B. Count Two

Count Two charges a violation of **18 U.S.C. §§ 111(a)(1) and 2**, which requires the government to prove: **(1)** at around 4:22–4:23 p.m. on January 6, 2021, on the Upper West Terrace of the Capitol Grounds, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a police officer; **(2)** the defendant did so forcibly; **(3)** the defendant did so voluntarily and intentionally; **(4)** the officer or employee of the United States was engaged in the performance of their official duties; **(5)** the defendant either (a) made physical contact with the officer and that physical contact constituted an assault or (b) acted with the intent to commit another felony. For the purposes of this element "another felony" refers to the offenses charged in Count One (18 U.S.C. § 231(a)(3)). ECF 183 at 48.

To obtain a conviction on Count Two, the evidence must prove, and the jury must unanimously agree about **the identity of** "at least one police officer who was the victim or target of the crime." ECF 183 at 48. Although the jurors must be unanimous in finding that a specific officer was assaulted by a principal who heard Mr. Wise and was encouraged and likely incited by his words, the government failed to specify an officer.

In similar circumstances, the Court of Appeals has found insufficient evidence to support an assault conviction. In *United States v. Salamanca*, the court found that mere presence and awareness of an attack were insufficient because the standard for aiding and abetting requires more direct participation:

> It is uncontroverted that during and after the attack, Hector was aware of the assault. But this alone does not make out the

Page 4 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

> government's case. It is well settled that mere presence at the scene of a crime and awareness that a crime is being committed is insufficient to support a conviction for aiding and abetting. *See United States v. Poston*, 902 F.2d 90, 95 (D.C.Cir.1990); *United States v. Grey Bear*, 828 F.2d 1286, 1292 (8th Cir.1987) ("mere presence at the scene of the crime is insufficient proof on which to base an aiding and abetting conviction"). Hector's contention is not that he did not know an attack took or was taking place, but that he did not know it was going to take place and did nothing to encourage or facilitate it while it was taking place. There is no evidence in this case that Hector had any advance knowledge of Jose's intention to assault Officer Culver.

990 F.2d 629, 638 (D.C. Cir. 1993).

*Salamanca* also rejected post-assault conduct as establishing anything more than being an accessory after the fact and found that the possibly short duration of the attack militated against aiding and abetting. *Id*. at 640. Lastly, the court found that direct encouragement of the perpetrator was required: "In sum, there is nothing in evidence that supports a conclusion that Hector's presence 'positively encouraged the perpetrator himself.'" *Id*. (citing *United States v. Garguilo*, 310 F.2d 249, 253 (2d Cir.1962)).

The government has failed to present sufficient evidence to support that any specific principal heard and was encouraged by Mr. Wise's words on the Upper West Terrace and committed a criminal offense as a result of that encouragement. In light of the evidence regarding the quality of the audio systems on the body worn cameras, the inability to hear Mr. Wise's words on any of the body worn cameras of officers in the vicinity of the purported assault, the inability to hear Mr. Wise's words on the video taken by the only potential principal actor which the government has identified (Mr. Thomas), and the evidence regarding the likely psychological impact of auditory exclusion even if Mr. Wise's words were audible, there is simply not sufficient evidence to

Page 5 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

support a finding beyond a reasonable doubt that Mr. Wise's words constituted encouragement and in any way aided and abetted a principal to commit the offense of Count 2.

Further, the government has failed to prove beyond a reasonable doubt that any actions taken by a principal would not fall within a self-defense or defense of others exception, nor that Mr. Wise would have intended to support actions that were not proportionate and reasonable responses to the use of force he perceived by officers. Notably, Thomas's jury deliberated for four days and refused to convict him of assaulting Officer Ainsworth, so the district court dismissed that assault charge.

### C.   Count Three

Count Three charges a violation of **18 U.S.C. § 1752(a)(1)**, which in this case requires the government to prove that Mr. Wise *knowingly* entered or remained in a restricted building or grounds without lawful authority. Although the government has presented evidence that Mr. Wise entered or remained in a restricted building or grounds, it has not presented sufficient evidence that when he did so, he *knew* the building, or grounds were restricted.

### D.   Count Four

Count Four charges a violation of **18 U.S.C. § 1752(a)(2)**, which in this case requires the government to prove that Mr. Wise engaged in *disorderly or disruptive* conduct in or near restricted building or grounds; that he did so "*with intent to impede or disrupt* the orderly conduct of Government business or official functions"; and, separately, that "*such conduct*, in fact, impede[d] or disrupt[ed] the orderly conduct of Government business or official functions," § 1752(a)(2) (emphasis added). The government has not presented sufficient evidence that Mr. Wise engaged in disorderly or disruptive conduct. It has not presented sufficient evidence to support a reasonable

Page 6 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

inference that Mr. Wise intended to impede or disrupt Congress. And it has not presented sufficient evidence that disorderly or disruptive conduct by Mr. Wise in fact impeded or disrupted Congress. Thus, a judgment of acquittal is warranted as a matter of law because the evidence is insufficient to show that Mr. Wise knowingly or willfully engaged in disorderly or disruptive conduct.

Counts Four and Five require "disorderly" or "disruptive" conduct. *Alford*, 89 F.4th at 948 (affirming factually distinct denial of Rule 29 motion for convictions for violations of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D)). *Alford* found the evidence was not insufficient because: "Alford's unauthorized presence in the Capitol as part of large and unruly group jeopardized the safety of the Congress as well as the police on the scene. It is also clear that the rioters created a widespread public disturbance. Alford played a part in that by adding to the crowd *and by attempting to open the closed half of the door through which he entered the Capitol to allow more people inside*." *Id.* at 953. *Alford*'s summary of the key facts shows Alford's conduct was actively disorderly and disruptive compared to Mr. Wise's conduct:

> When Alford returned to the Upper *House* Door, there were no longer police present. He climbed the steps as other rioters knocked on the doors to attract the attention of rioters already inside the building, who then threw open one of the double doors that make up the Upper House Door. This triggered a shrill, continuous security alarm that sounded throughout Alford's time in the building. Alford paused outside to upload a photo of the rioters to social media that he captioned "Patriots," and then walked into the Capitol. Dozens of others streamed in before and after him.
>
> Alford remained inside the Capitol for approximately *thirteen minutes. As he entered, he turned and unsuccessfully attempted to open the other double door. He then walked further into the Capitol through a metal detector, setting off its alarm.* While inside, he mostly stood to the side and observed. *He filmed protestors chanting "stop the steal" and pounding on a door that led to the floor of the House, behind which sheltered dozens of Congress members.*

Page 7 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

> *Police arrived within about ten minutes of Alford's entry and began physically and verbally directing the crowd back out through the Upper House Door. Alford initially moved further down the hallway before turning and making for the exit.* Only one of the double doors was open and Alford stepped to the side by the closed door as others filed out past him. Alford remained there for about two minutes filming the departing crowd with his phone, watching as roughly fifty people exited through the open door next to him. He left once someone managed to open the second double door.

*Id.* at 947.

*Alford* found that "in determining whether an act is disorderly, the act cannot be divorced from the circumstances in which it takes place." *Id*. at 950. But *Alford* also required that disorderly conduct "breach the peace." *Id.* To breach the peace the conduct must cause a disturbance. Although "nonviolent conduct can be disorderly" "a breach of the peace can occur by passive conduct *likely to **cause** a public disturbance*" for example "[p]eople *blocking traffic* at a critical intersection may breach the peace as fully as those who hurl stones." *Id.* (emphasis added) (citations and internal quotation marks omitted). "[D]isorderly conduct statutes typically encompass *obstructing* a lawful assembly or meeting and congregating with others in a public place and *refusing* an official order to disperse…" *Id.* (internal quotation marks and citations omitted). In sum, … conduct is disorderly if, viewed in the circumstances in which it takes place, it is likely to endanger public safety or create a public disturbance." *Id.* Section 1752(a)(2) requires the disruptive or disorderly conduct to "*in fact*, impede[ ] or disrupt[ ] the orderly conduct of Government business." *Id.*

Mr. Wise's conduct does not rise to the level of the examples Alford provides. For example, his conduct is not like "[p]eople *blocking traffic* at a critical intersection." *Id.* He did not interfere with police or block them. Mr. Wise did not "obstruct[ ] a lawful assembly or meeting" by "congregating with others in a public place and *refusing an official order to disperse…*" *Id.* (cleaned up). He did not refuse an order to disperse. As noted, § 1752(a)(2) requires the disruptive or

Page 8 – Motion for Judgment of Acquittal Under Federal Rule of Criminal Procedure 29

disorderly conduct to "*in fact*, impede[ ] or disrupt[ ] the orderly conduct of Government business." But Mr. Wise did not in fact disrupt or impede a Government business.

### E. Count Five

Count Five charges a violation of **40 U.S.C. § 5104(e)(2)(D)**, which in this case requires the government to prove that Mr. Wise *engaged in disorderly or disruptive conduct* in the Capitol Building or on its grounds, and did so "*with the intent to impede, disrupt, or disturb* the orderly conduct of a session of Congress," § 5104(e)(2)(D). The government has not presented sufficient evidence that Mr. Wise engaged in disorderly or disruptive conduct. It also has not presented sufficient evidence to support a reasonable inference that Mr. Wise intended to impede, disrupt, or disturb Congress. Thus, a judgment of acquittal is warranted as a matter of law because the evidence is insufficient to show that Mr. Wise knowingly or willfully engaged in disorderly or disruptive conduct. (The above analysis as to Count Four applies here to Count Five.)

### F. Count Six

Count Six charges a violation of **40 U.S.C. § 5104(e)(2)(G)**, which in this case requires the government to prove that Mr. Wise paraded, demonstrated, or picketed in the Capitol Building. The government has not presented sufficient evidence that Mr. Wise paraded, demonstrated, or picketed in the Capitol Building. He entered the U.S. Capitol building through Senate Wing Doors, walked into the crypt, turned around there, and left where he entered (through a window as directed because the doors were blocked), 8 minutes and 5 seconds later.

### III. Conclusion

For the foregoing reasons, and for the reasons previously stated on the record, the government has failed to present evidence sufficient to sustain a conviction on Counts One through Six

of the Indictment. Mr. Wise therefore moves the Court under Rule 29 to enter judgment of acquittal on Counts One through Six.

Respectfully submitted on January 20, 2025.

*s/ Peyton Lee*
Peyton Lee, OSB No. 164224
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Email: Peyton_Lee@fd.org

*s/ Kurt Hermansen*
Kurt David Hermansen, CA Bar No. 166349
Supervisory Assistant Federal Public Defender
859 Willamette St. Suite 200
Eugene, OR 97401
Tel: (619) 436-8117
Email: kurt_hermansen@fd.org

**Attorneys for Defendant Jared Lane Wise**