**In the United States District Court
for the District of Columbia**

| | |
|---|---|
| United States of America, | Case No. 1:23-cr-00184-RDM |
| Plaintiff, | Theory of Defense Instructions |
| v. | |
| Jared Lane Wise, | |
| Defendant. | |

The Defendant, Jared Lane Wise, requests the following theory of defense instruction be read to the jury.

## I. THEORY OF DEFENSE

For certain counts in the Indictment, Mr. Wise's theories of defense are as follows:

### A. For Count One, Felony Civil Disorder

Mr. Wise is not guilty because the government has not proven beyond a reasonable doubt that at or around 4:21–4:24 p.m. on January 6, 2021, on the Capitol's Upper West Terrace, Mr. Wise committed any act with the intended purpose of obstructing, impeding, or interfering law enforcement. He crudely expressed his grievances about excessive force and he, in fact, moved away from law enforcement and never physically obstructed their push forward.

### B. For Count Two, Felony Forcible Assault

Mr. Wise is not guilty because:

(a) The government has not proven beyond a reasonable doubt that an alleged principal assaulter was not acting in self-defense or defense of others given the overhead strikes and fallen protestors in the scrum around 4:22:38.

Page 1 – Theory of Defense Instructions

(b) The government has not proven beyond a reasonable doubt that Mr. Wise intended to encourage acts that would not fall within self-defense or defense of others, regardless of whether the actions of a principal in fact fall within such an exception, given Mr. Wise's perception of overhead strikes and fallen protestors in the scrum around 4:22:38.

(c) In addition, the government has not proven beyond a reasonable doubt that an alleged assaulter heard Mr. Wise at 4:22:38. Thus, Mr. Wise did not, in fact, verbally encourage an assault because such encouragement must be heard to effectively encourage the listener.

(d) Finally, because the government concedes Mr. Wise is not a principal forcible assaulter, and because they have not proven he had the intent required for the felony alleged in Count One, Mr. Wise is not guilty of felony assault.

### C. For Count Three, Entering and Remaining in a Restricted Building or Grounds

Mr. Wise is not guilty because the evidence does not show beyond a reasonable doubt that he knowingly entered and remained in a restricted area.

### D. For Count Four, Disorderly or Disruptive Conduct in the Capitol or on the Grounds

Mr. Wise is not guilty because the evidence does not show beyond a reasonable doubt Mr. Wise engaged in disorderly or disruptive conduct in or near restricted building or grounds because he did not do so "with intent to impede or disrupt the orderly conduct of Government business or official functions" and because his conduct did not "in fact" impede or disrupt the orderly conduct of Government business or official functions.

### E. For Count Five, Disorderly or Disruptive Conduct in the Capitol

Mr. Wise is not guilty because the evidence does not show beyond a reasonable doubt that Mr. Wise being inside the U.S. Capitol for eight minutes and five seconds constitutes disorderly or disruptive conduct in the Capitol Building with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress. Rather, reasonable doubt exists because Mr. Wise was not disorderly or disruptive and he wanted the legal objection process by members of Congress to go forward, not for it to stop.

### F. For Count Six, Disorderly or Disruptive Conduct in the Capitol

Mr. Wise is not guilty because the evidence does not show beyond a reasonable doubt that Mr. Wise paraded, demonstrated, or picketed in the Capitol Building. Rather, he entered the U.S. Capitol building through Senate Wing Doors, raised his arm, walked into the crypt, turned around there, and left where he entered (through a window as directed because the doors were blocked), 8 minutes and 5 seconds later.

## II. The Redbook Instruction 9.100 Notes provide support for giving the defense-requested theory-of-defense instructions.

A defendant is generally entitled to an instruction on his theory of the case. *Belton v. United States*, 382 F.2d 150, 155 (D.C. Cir. 1967) (quoting *Stevenson v. United States*, 162 U.S. 313, 315, 323 (1896)). "A theory-of-defense instruction is in order if there is 'sufficient evidence from which a reasonable jury could find' for the defendant on his theory." *United States v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008); *Matthews v. United States*, 485 U.S. 58, 63 (1988)). This fundamental principle of jury instructions has been supported by extensive case law. "Where there is evidentiary support for special facts sustaining a rational defensive theory, to which the court's attention is specifically directed, the defendant is entitled to have the jury charged on that theory[;] however

weak the evidence, however implausible the theory may appear to be, the matter is for the jury's determination." *Brooke v. United States*, 385 F.2d 279, 284 (D.C. Cir. 1967); *Levine v. United Stats*, 261 F.2d 747, 748-51 (D.C. Cir. 1958) (error not to give requested instruction on criminal intent in prosecution for impersonating a police officer).

The defense is entitled to an instruction on any issue fairly raised by the evidence, regardless of whether the requested instruction is inconsistent with the defendant's testimony or with the defense theory. *See Reid v. United States*, 581 A.2d 359, 367-68 (D.C. 1990) (defendant entitled to instruction on self-defense raised by the evidence even though his witnesses stated he was just playing with a knife); *Adams v. United States*, 558 A.2d 348, 349-50 (D.C. 1989) (self-defense instruction should have been given even though the defense evidence constituted a denial that weapons were used); *Womack v. United States*, 336 F.2d 959, 959-60 (D.C. Cir. 1964) (error not to give intoxication defense raised by evidence even though it was inconsistent with the theory of the defense). *Compare Glover*, 153 F.3d at 753-55 (although defendant is entitled to raise inconsistent defenses, he still had to produce sufficient evidence to support each defense to receive an instruction on the respective defense).

Where a trial court declines to instruct on the defendant's theory of the case and the defendant has made a request for such an instruction with evidentiary support, reversible error may occur. *See, e.g., United States v. Boone*, 543 F.2d 412, 413-15 (D.C. Cir. 1976) (defendant entitled to entrapment instruction where evidence considered in light most favorable to him showed government inducement and tended to negate predisposition); *United States v. Forbes*, 515 F.2d 676, 684 (D.C. Cir. 1975) (defendant entitled to instruction on "agency" theory where he claimed he was returning a controlled substance, which had been dispensed pursuant to a prescription issued to another, to the pharmacist on behalf of the person to whom it was prescribed).

Page 4 – Theory of Defense Instructions

### III.  Conclusion

Based on the foregoing, the defense requests the defense requested theory-of-defense instructions stated above.

Respectfully submitted on January 20, 2025.

| | |
|---|---|
| *s/ Peyton Lee* | *s/ Kurt Hermansen* |
| Peyton Lee, OSB No. 164224 | Kurt David Hermansen, CA Bar No. 166349 |
| Assistant Federal Public Defender | Supervisory Assistant Federal Public Defender |
| 101 SW Main Street, Suite 1700 | 859 Willamette St. Suite 200 |
| Portland, OR 97204 | Eugene, OR 97401 |
| Tel: (503) 326-2123 | Tel: (619) 436-8117 |
| Email: Peyton_Lee@fd.org | Email: kurt_hermansen@fd.org |

**Attorneys for Defendant Jared Lane Wise**