## BURDEN OF PROOF—PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

## **REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.  This is a criminal case, however, and in criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.  However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.  The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

## CHARACTER OF DEFENDANT

Jared Lane Wise has introduced testimony that he has a good reputation in the community for honesty and non-violence. Such evidence may indicate to you that it is unlikely that an honest and non-violent person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case, including evidence that contradicts Jared Lane Wise's character evidence, and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Jared Lane Wise is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

## <u>PROOF OF STATE OF MIND</u>

Someone's intent ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by the defendant and all other facts and circumstances received in evidence which indicate his or her intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

# COUNT I

Count One of the Indictment charges the defendant with violating or attempting to violate Section 231(a)(3) of Title 18 of the United States Code.  This statute provides, in relevant part:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any . . . law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function . . .

shall be guilty of an offense against the United States.

First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant attempted to commit the offense.

# ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of Count I, the government must prove the following elements beyond a reasonable doubt.

First, at or around 4:21–4:24 p.m. on January 6, 2021, on the Upper West Terrace of Capitol Grounds, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either (1) commerce or the movement of any article or commodity in commerce, or (2) the conduct or performance of any federally protected function.

In order to find the defendant guilty of this offense, you must unanimously agree on the act or acts that constituted the offense.

## **"KNOWINGLY"**

A person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct and does not act through ignorance, mistake, or accident.

In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

## ATTEMPT

In Count One, the defendant is also charged with attempt to commit the crime of obstructing, impeding, or interfering with a law enforcement officer or officers incident to and during a civil disorder.  An attempt to obstruct officers during a civil disorder is a crime even if the defendant did not actually complete the crime.  In order to find a defendant guilty of attempt to commit the offense of obstructing officers during a civil disorder you must find that the government proved beyond a reasonable doubt each of the following elements as to that defendant:

First, that the defendant intended to commit the crime of obstructing law enforcement officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward obstructing law enforcement officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to obstruct officers during a civil disorder merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant

41

guilty of attempt to obstruct officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his or her intent to commit obstruction of officers during a civil disorder. The substantial step element does not, however, require that the government prove that the defendant did everything except the last act necessary to complete the crime.

# AIDING AND ABETTING

The government further alleges that the defendant committed the offense of obstructing law enforcement during a civil disorder, as charged in Count One, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed the offense charged in Count One.

A person may be guilty of an offense if he or she aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find a defendant guilty of obstructing law enforcement officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to that defendant:

First, that others committed the offense of obstruction of law enforcement officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the crime of obstruction of law enforcement officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing law enforcement officers during a civil disorder;

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing law enforcement officers during a civil disorder; and

Sixth, that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant that, in some way, aided, assisted, facilitated, or encouraged others to commit the offense.

The defendant's act or acts need not aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing law enforcement officers during a civil disorder as an aider and abettor.

The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

# COUNT II

Count Two of the Indictment charges the defendant with violating Section

111(a)(1) of Title 18 of the United States Code.  This statute provides, in relevant

part:

> Whoever forcibly assaults, resists, opposes, impedes, intimidates, or
> interferes with [a covered law enforcement officer] engaged in or on
> account of the performance of official duties, . . . where such acts
> involve physical contact with the victim of that assault or the intent
> to commit another felony . . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE—COUNT II

In order to find the defendant guilty of Count II, the government must prove the following elements beyond a reasonable doubt.

First, at around 4:22–4:23 p.m. on January 6, 2021, on the Upper West Terrace of the Capitol Grounds, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a police officer.

Second, the defendant did so forcibly.

Third, the defendant did so voluntarily and intentionally.

Fourth, the officer or employee of the United States was engaged in the performance of their official duties; and

Fifth, the defendant either (1) made physical contact with the officer and that physical contact constituted an assault or (2) acted with the intent to commit another felony.

For the purposes of this element "another felony" refers to the offenses charged in Count One.

In order to return a guilty verdict on this count, you must all agree—that is, you must be unanimous—with respect to at least one police officer who was the victim or target of the crime.

## **"FORCIBLY"**

A person acts "forcibly" if he or she uses force, attempts to use force, or threatens to use force against the officer.

Physical force or contact is sufficient but actual physical contact is not required.

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly.

In such case, the threat must be a present one.

# "ASSAULT"

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten to inflict injury.

You need not find that he actually caused an injury; an "assault" requires only an attempt or threat to inflict injury.

Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

## AIDING AND ABETTING

The government further alleges that the defendant assaulted, resisted, or impeded an officer, as charged in Count Two, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed the offense charged in Count Two.

A person may be guilty of an offense if he or she aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find a defendant guilty of assaulting, resisting, or impeding an officer because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements as to that defendant:

First, that others assaulted, resisted, or impeded an officer by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the officer was being assaulted, resisted, or impeded by others or that others were going to do so.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding the officer; and

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding the officer.

Sixth, that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant that, in some way, aided, assisted, facilitated, or encouraged others to commit the offense.

The defendant's act or acts need not aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct

and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting, resisting, or impeding an officer as an aider and abettor.

The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## **USE OF WORDS**

To the extent the government alleges that the defendant aided and abetted others in committing the offense alleged in Counts I or Count II by verbally encouraging others to violate the law—that is, to the extent the government alleges that the defendant used words to incite lawless action by others—the government must also prove beyond a reasonable doubt that he did so with the intent to cause imminent lawless action and that his speech was likely to incite imminent lawless action.

To the extent the government relies on the defendant's words to show that the defendant committed the offense alleged in Counts I or II as a principal—that is, to the extent the government alleges that he personally committed the offenses as a principal—you may rely on his words in considering whether or not he acted with the required state of mind.  You may not, however, hold his words against him simply because you disagree with or are offended by what he said.

# SELF-DEFENSE

Police officers are entitled to use reasonable force to protect the peace, to detain suspects, and to effectuate arrests. They may not, however, use force that is unreasonable. Unreasonable force is force that exceeds the objective need to use such force. If police officers use objectively unreasonable force to achieve their objectives, then their use of force can be unlawful.

Every person has the right to use a reasonable amount of force in self-defense if: (1) he actually believes he is in imminent danger of death or serious bodily harm resulting from the unlawful use of force and if (2) he has reasonable grounds for that belief. The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether the principal, under the circumstances as they appeared to him at the time of the incident, (1) actually believed he was in imminent danger of death or serious bodily harm resulting from the unlawful use of force and (2) could reasonably hold that belief.

If you find (1) that the principal actually and reasonably believed that he was in imminent danger of death or serious bodily harm resulting from the unlawful use of force and (2) that the principal had reasonable grounds for that belief, then the principal has a right to self-defense even if the principal also had other possible motives, such as feelings of anger toward the victim officer or a desire for revenge.

A person may use a reasonable amount of force in self-defense.  A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself from imminent bodily harm.  If the principal actually and reasonably believes it is necessary to use force to prevent imminent bodily harm to himself resulting from the unlawful use of force, he may use a reasonable amount of force even though afterwards it turns out that the appearances were false.  The law does not require a person to retreat or consider retreating from a threat of bodily harm.  If you find that the principal failed to retreat or to consider retreating from officers, that failure does not prevent you from finding that the principal acted in self-defense.  However, in deciding whether the principal actually and reasonably at the time of the incident believed that he was in imminent danger of death or serious bodily harm resulting from the unlawful use of force and that deadly force was necessary to repel that danger, you may consider, along with any other evidence, whether the principal could have safely retreated but did not.

If you find that the principal was the initial aggressor or provoked imminent danger of bodily harm upon himself, he cannot rely upon the right of self-defense to justify his use of force.  One who knowingly and unnecessarily places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense.  Mere words without more by the principal, however, do not constitute aggression or provocation.

Every person has the right to use a reasonable amount of force in defense of another person if:  (1) he actually believes that the other person is in imminent danger of bodily harm resulting from the unlawful use of force and if (2) he has reasonable grounds for that belief.  The question is not whether looking back on the incident you believe that the use of force was necessary.  The question is whether the principal, under the circumstances as they appeared to him at the time of the incident, (1) actually believed that the person he was seeking to defend was in imminent danger of bodily harm resulting from the unlawful use of force, and (2) could reasonably hold that belief.

Mr. Wise is not required to prove that the principal acted in the defense of another person.  If evidence of defense of another person is present, the government must prove beyond a reasonable doubt that the principal did not act in the defense of another person.  On the other hand, if the government has proved beyond a reasonable doubt that the principal did not act in defense of another person, along with each other element of the offense, then you must find the principal to have committed the offense of Count 2.

You must still separately make a determination about whether Mr. Wise aided and abetted the principal in committing the offense alleged in Count 2 as previously instructed.

## SELF-DEFENSE AND AIDING AND ABETTING

The jury may also independently consider the instructions regarding self-defense as it relates to Mr. Wise's intent to aid and abet a crime.  In assessing whether Mr. Wise intended that others commit the offense of assaulting, resisting, or impeding a particular officer, as required under the fifth element of aiding and abetting, the Government must prove beyond a reasonable doubt that the actions Mr. Wise intended to encourage or otherwise aid and assist would constitute an assault.  Therefore, they must prove beyond a reasonable doubt that the actions he intended to encourage would not have constituted self-defense or defense of a third person as defined above, independent of whether the actions actually taken by a principal would fall within self-defense or defense of a third person.

60

## **COUNT III**

Count Three of the Indictment charges the defendant with a violation of

Section 1752(a)(1) of Title 18 of the United States Code.  This statute provides, in

relevant part:

> Whoever knowingly enters or remains in any restricted building or
> grounds without lawful authority to do so. . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of Count Three, the government must prove the following elements beyond a reasonable doubt.

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

Second, the defendant did so knowingly.

The term "knowingly" has the same meaning described in the instructions for Count One.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

Thus, in order to find the defendant guilty, you must find that he unlawfully entered or remained in an area of a building or grounds that (1) was posted, cordoned off, or otherwise restricted and (2) was being visited or going to be visited by a person protected by the Secret Service. You must also find that he knew that the building or grounds was posted, cordoned off, or otherwise restricted and knew that it was unlawful for him to enter that area, although you need not find that he knew that a person protected by the Secret Service was visiting or was going to visit

that area.

# COUNT IV

Count Four of the Indictment charges the defendant with a violation of Section 1752(a)(2) of Title 18 of the United States Code.  This statute provides, in relevant part:

> Whoever knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions. . .

shall be guilty of an offense against the United States.

## ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of Count Four, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or ground.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "knowingly" has the same meaning described in the instructions for Count One.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

Thus, in order to find the defendant guilty, you must find that he unlawfully entered or remained in an area of a building or grounds that (1) was posted, cordoned off, or otherwise restricted and (2) was being visited or going to be

65

visited by a person protected by the Secret Service.  You must also find that he knew that the building or grounds was posted, cordoned off, or otherwise restricted and knew that it was unlawful for him to enter that area, although you need not find that he knew that a person protected by the Secret Service was visiting or was going to visit that area.  Finally, you must find that the defendant acted with the intent to impede or disrupt the orderly conduct of Government business or official functions and that he, in fact, did so.

# COUNT V

Count Five of the Indictment charges the defendant with a violation of Section 5104(e)(2)(D) of Title 40 of the United States Code.  This statute provides, in relevant part:

> An individual or group of individuals may not willfully and knowingly . . . utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress . . . .

## ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of Count Five, the government must prove the following elements beyond a reasonable doubt.

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant did so willfully and knowingly.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "House of Congress" means the United States Senate or the United States House of Representatives.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Four, that is, "disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

## **"WILLFULLY"**

A person acts "willfully" if he acts with knowledge that his conduct is unlawful.

## COUNT VI

Count Six of the Indictment charges the defendant with a violation of Section 5104(e)(2)(G) of Title 40 of the United States Code.  This statute provides, in relevant part:

> An individual or group of individuals may not willfully and knowingly . . . parade, demonstrate, or picket in any of the Capitol Buildings .

## ELEMENTS OF THE OFFENSE

In order to find the defendant guilty of Count Six, the government must prove the following elements beyond a reasonable doubt.

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant did so willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to a gathering with others to express support for or disapproval of an identified action or viewpoint.

The term "Capitol Buildings" has the same meaning described in Count Five, that is, it includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "knowingly" has the same meaning described in the instructions for Count One, that is a person acts "knowingly" if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake, or accident.

The term "willfully" has the same meanings described in the instructions for Count Five, that is a person acts "willingly" if he acts with knowledge that his conduct is unlawful.

## UNANIMITY

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.   In other words, your verdict on each count must be unanimous.

## EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence.

You may examine any or all of them as you consider your verdicts.

Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## <u>POSSIBLE PUNISHMENT NOT RELEVANT</u>

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## **PUBLICITY, COMMUNICATION, AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial and throughout the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.

In addition, you may not conduct any independent investigation of any kind during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING
## JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected two seats to be the alternate seats before any of you entered the courtroom.  Since all of you have remained healthy and attentive, I can now excuse the two alternate jurors in seats 4 and 13.

Before you leave, I am going to ask you to tear out a page from your notebook and to write down your name and daytime phone number and hand it to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on the use of the Internet still applies; do not research the case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and if you have not already done so, please turn your badge in to the Deputy Clerk.

# **CLOSING REMARKS**

I'm now going to excuse you to meet briefly with the Deputy Clerk, and then to begin your deliberations.  You may take your notebooks with you if you wish.  You will receive the instructions I have given you, the verdict form, and all the exhibits. Thank you again for your attention and service.  As soon as you receive your copy of the instructions from the Deputy Clerk, you may begin deliberating.